# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOHN AND JANE DOE NO. 1, et al.,** | CASE NO. 3:22-cv-00337 |
| Plaintiffs, | JUDGE MICHAEL J. NEWMAN |
| vs. | |
| **BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants. | |

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND FACTS .............................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I. Plaintiffs Are Likely to Succeed on the Merits .................................................................. 3

    A. The Board Violated the Ohio Open Meetings Act ................................................ 3

II. Plaintiffs Will Suffer Irreparable Harm Without a Preliminary Injunction .................... 6

III. A Preliminary Injunction Will Not Harm Defendants ...................................................... 6

IV. Public Interest Favors a Preliminary Injunction ............................................................... 7

CONCLUSION ............................................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*Nken v. Holder*,
  556 U.S. 418 (2009) .................................................................................................... 3

*State ex rel. More Bratenahl v. Vill. of Bratenahl*,
  136 N.E.3d 447 (Ohio 2019) ................................................................................. 4, 5

*Tollbrook, LLC v. City of Troy*,
  No. 17-CV-11417, 2018 WL 339900, (E.D. Mich. Jan. 9, 2018), *aff'd*, 774 F. App'x
  929 (6th Cir. 2019) ..................................................................................................... 4

*Vitolo v. Guzman*,
  999 F.3d 353 (6th Cir. 2021) ................................................................................. 3, 6

**Statues**

O.R.C. § 121.22(A) ............................................................................................................ 3, 4

O.R.C. § (B)(1)(a) ................................................................................................................. 3

O.R.C. § (C) ........................................................................................................................... 3

O.R.C. § 121.22(H) ........................................................................................................... 3, 5

O.R.C. § 121.22(I)(1) ..................................................................................................... 3, 6, 7

O.R.C. § 121.22(I)(3) ......................................................................................................... 6, 7

**Other Authorities**

Fed. R. Evid. 201(b) ............................................................................................................... 4

Pub. Records Unit, Ohio Attorney General Office, *Ohio Sunshine Laws 2022 An
  Open Government Resource Manual* 99 (2022) ......................................................... 3

# INTRODUCTION

Injunctive relief is proper in this case based on the straightforward application of the law. At the turn of the year, Defendant Bethel Local School District Board of Education (the "Board" or "Bethel") took official action on an important issue in secret without public deliberation or an open meeting. Bethel adopted a new rule that permitted biological males to use female intimate facilities and vice versa. Prior to this new rule, Bethel's rule was that biological males used intimate facilities designated for men (or boys), and biological females used intimate facilities designated for women (or girls).

In adopting this new rule, the Board violated the Ohio Open Meetings Act (the "Act") by failing to deliberate the issue in public as well as failing to take official action in an open meeting. Under the plain language of the Act, the Board's new rule is therefore invalid. The Board, and its members, are properly enjoined from enforcing this new rule and should be required to comply with the law. In addition, the Superintendent is properly enjoined from enforcing the Board's invalid rule pending resolution of the underlying dispute.

# BACKGROUND FACTS

For more than a century, Bethel has protected students from sharing intimate facilities with members of the opposite biological sex. Compl. ¶¶ 1, 40–41. This is a long-settled expectation for Bethel's constituents. But instead of holding public meetings and seeking public input regarding any potential change, the Board changed the rule in secret without involving the community or allowing Plaintiffs to

have any input. Both the letter and the spirit of Ohio law require school boards to take official actions on the record in open meetings and to deliberate on those official actions on the record in open meetings as well.

The Board's meetings are recorded and archived on the Board's official YouTube channel. Board Education, YOUTUBE, https://www.youtube.com/c/bethelboardmeetings (last visited Dec. 2, 2022).[1] At the Board meeting on September 13, 2021, a faculty proponent asked the Board to adopt a new rule for intimate facilities based on gender identity rather than biological sex. Board Education, *Bethel Schools's Personal Meeting Room*, YOUTUBE (Sept. 13, 2021), https://www.youtube.com/watch?v=9xxrRDef_G0&list=PPSV [hereinafter "BOE Meeting, September 13, 2021"], at 1:22:10–1:23:14. The proponent admitted the challenge of imposing such a rule on the local Bethel community which is a "very conservative area." *Id.* at 1:20:31. In response, then Board President Jacob King advised that the Board was considering the issue and admitted that any such rule would represent a change for Bethel. *Id.,* 1:24:56–1:25:40.

Then, approximately four months later, at the Board meeting on January 10, 2022, current Board President Lydda Mansfield announced that the Board had officially adopted a new rule at the beginning of the year. Board Education, *Regular BOE Meeting*, YOUTUBE (Jan. 10, 2022), https://www.youtube.com/watch?v=36ndGc1Ge-8&list=PPSV [hereinafter "BOE

---

[1] The Board's official YouTube channel is also accessible through the Bethel Local Schools' home page. BETHEL LOCAL SCHOOLS, https://www.bethel.k12.oh.us/ (last visited Dec. 2, 2022).

2

Meeting, January 10, 2022"], at 1:16:00–1:17:50; 1:29:17. Ms. Mansfield also admitted multiple times that the new rule was a change. *Id.*, 1:16:03; 1:17:24; 1:17:43.

During the time between those two meetings—from September 13, 2021 to January 10, 2022—the Board did not engage in any public discussion or deliberation regarding the issue. Nor did the Board take official action on the issue in any open meeting. Instead, the Board took official action in secret. And because the Board both adopted the new rule in secret and failed to properly deliberate in public, Ohio law specifically provides that (1) the rule is invalid and (2) the Board must be enjoined from enforcing the new rule and required to comply with the law. O.R.C. § 121.22(H)&(I)(1).

## ARGUMENT

In general, preliminary injunctive relief is proper under the following factors: (1) likelihood of success on the merits; (2) irreparable harm; (3) harm to other parties to the litigation; and (4) the public interest. *Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). In this case, all factors favor relief.

### I. Plaintiffs Are Likely to Succeed on the Merits.

Plaintiffs are likely to succeed on the merits of their claims based on a straightforward application of the facts to the law.

#### A. The Board Violated the Ohio Open Meetings Act.

The Ohio Open Meetings Act broadly prohibits school boards from taking official action or deliberating about official business in secret. O.R.C. § 121.22(A), (B)(1)(a), (C), & (H); s*ee also* Pub. Records Unit, Ohio Attorney General Office, *Ohio*

3

*Sunshine Laws 2022 An Open Government Resource Manual* 99 (2022) ("The [Ohio] Open Meetings Act requires public bodies . . . to take official action and conduct all deliberations upon official business only in open meetings where the public may attend and observe."). The statute declares its purpose "to require public officials to take official action and to conduct all deliberations upon official business only in open meetings" and requires that it be "liberally construed" to further that purpose. O.R.C. § 121.22(A); *see also State ex rel. More Bratenahl v. Vill. of Bratenahl*, 136 N.E.3d 447, 451 (Ohio 2019) (requiring the Ohio Open Meetings Act be construed to further its stated purpose of openness for public benefit).

The Board adopted a new rule for intimate facilities in direct violation of this statute. At the Board meeting on September 13, 2021, Board President Jacob King advised that the Board was considering the issue of intimate facilities and would continue to consider the issue. BOE Meeting, September 13, 2021, at 1:24:56–1:25:40.[2] Subsequent to that meeting, the Board did not engage in any public deliberation on the issue. Nor did the Board take official action on the issue in any open meeting. Then, at the Board meeting on January 10, 2022, the Board announced that it had adopted a new rule effective January 1, 2022. BOE Meeting, January 10, 2022, at 1:16:00–1:17:50; 1:29:17.

Bethel has prevented biological males from sharing intimate facilities with biological females (and vice versa) for more than a century. Bethel parents and

---

[2] The Court may take judicial notice of the Board's meetings under Rule 201(b) of the Federal Rules of Evidence. *Tollbrook, LLC v. City of Troy*, No. 17-CV-11417, 2018 WL 339900, at *5 (E.D. Mich. Jan. 9, 2018), *aff'd*, 774 F. App'x 929 (6th Cir. 2019) (taking judicial notice of video evidence of a city council meeting accessible by YouTube).

students have long understood this rule. Any change to that settled expectation would represent a major change to Bethel's rules. And the Ohio Open Meetings Act prevents the Board from making such a major change in secret.

In addition, the plain language of the Ohio Open Meetings Act renders the Board's new rule invalid. Section 121.22(H) of the Act specifically provides that "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." Indeed, a unanimous Ohio Supreme Court has affirmed that the statute means what it says regarding invalidation and that "the consequence for failing to adopt a formal action in an open meeting [is] invalidation of that action." *More Bratenahl*, 136 N.E.3d at 452. Here, the consequence falls on the Board for failing to take official action in an open meeting and its new rule is invalid.

In the end, whatever the Board's proffered justification, this was not a minor procedural error (although procedural errors are still fatal under the Act). Issues of sex and gender in public schools, and the use of intimate facilities, are among the most prominent and controversial issues in America today. Ohio law does not let school boards adopt rules that change citizens' long-standing settled expectations in secret. The law requires the Board to deliberate issues and only take action in open meetings where the public can participate and provide accountability. Particularly where, as here, the matter involves contentious issues of broad disagreement. The Board violated the letter of the law and it violated the purpose of the law.

Because the Board violated the Ohio Open Meetings Act by taking official action and establishing a new rule on this contentious issue in secret, its action is

5

invalid under the law. The Board's action is also properly enjoined, as is the Board itself to comply with the law. O.R.C. § 121.22(I)(1).

## II. Plaintiffs Will Suffer Irreparable Harm Without a Preliminary Injunction.

Under the Ohio Open Meetings Act, irreparable harm is conclusively established for violations of the statute. O.R.C. § 121.22(I)(3) ("Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section."). Therefore, this factor is satisfied.

But even if the Act did not conclusively establish irreparable harm, Plaintiffs would still continue to suffer the same without an injunction. Defendants committed a statutory violation against the public policy of Ohio that protects Plaintiffs as citizens. Monetary damages can never compensate Plaintiffs for, *inter alia*, having their local officials reverse their settled expectations in secret and imposing a new controversial rule on them without their knowledge or involvement. It transgresses their basic rights to participation, transparency, and accountability in our democratic processes. And there is no adequate remedy at law to redress that harm.

## III. A Preliminary Injunction Will Not Harm Defendants.

The third factor is also satisfied because preliminary injunctive relief will not "harm other parties to the litigation". *Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021). The Board cannot be harmed by being stopped from violating the Ohio Open Meetings Act. *Cf. id.* at 360 ("[N]o cognizable harm results from stopping unconstitutional conduct[.]"). And the Act conclusively establishes that prejudice is

presumed for *Plaintiffs*, not Defendants. O.R.C. § 121.22(I)(3) (presuming prejudice to plaintiffs). Accordingly, this factor favors preliminary injunctive relief as well.

## IV. Public Interest Favors a Preliminary Injunction.

Finally, in this case, the public interest favors a preliminary injunction. A straight-forward application of the Ohio Open Meetings Act establishes the substantial likelihood that Defendants will be found to have violated the statute. It is in the public interest to force the Board to comply with the statute and prevent the Board from acting in contravention of the law. It is especially important that when issues are contentious the rule of law is enforced; the people of Ohio expect their officials to abide by the law, take official action in open meetings, and deliberate issues the same way. As such, the public interest favors a preliminary injunction here.

The State determined that compliance with the Open Meetings Act is so important that the legislature conclusively established the second and third factors for injunctive relief and *required* its state trial courts to grant the same. O.R.C. § 121.22(I)(1)&(3). There can be no clearer statement from the State of Ohio that an injunction is in the public interest. In short, based on the plain reading of the Ohio Open Meetings Act, Plaintiffs are likely to establish that the Board violated the Act and the requested relief is proper.

## **CONCLUSION**

For all the foregoing reasons preliminary injunctive relief is proper in this case, including enjoining Defendants from enforcing the Board's invalid rule during the pendency of this dispute.

Dated: December 2, 2022

                                            Respectfully submitted,

                                            <u>s/ Joseph P. Ashbrook</u>
                                            Joseph P. Ashbrook (0091279)
                                            Julie E. Byrne (0085174)
                                            Ashbrook Byrne Kresge, LLC
                                            PO Box 8248
                                            Cincinnati, Ohio 45249
                                            Tel: (513) 582-7424
                                            Fax: (513) 216-9882
                                            jpashbrook@ashbrookbk.com
                                            jebyrne@ashbrookbk.com

                                            Nicholas Barry
                                            (*pro hac vice* application forthcoming)
                                            America First Legal Foundation
                                            611 Pennsylvania Ave, SE #231
                                            Washington, DC 20003
                                            Telephone: (615) 431-9303
                                            Facsimile: (513) 216-9882
                                            nicholas.barry@aflegal.org

                                            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2022, I served a copy of the foregoing via email on the Bethel attorney to whom I sent Plaintiffs' request for waiver of service of the summons and that all other filings in the action have been served on the same attorney for:

Bethel Local School District Board of Education
7490 Oh-201
Tipp City, Ohio 45371

Lydda Mansfield
7490 Oh-201
Tipp City, Ohio 45371

Lori Sebastian
7490 Oh-201
Tipp City, Ohio 45371

Natalie Donahue
7490 Oh-201
Tipp City, Ohio 45371

Danny Elam
7490 Oh-201
Tipp City, Ohio 45371

Jacob King
7490 Oh-201
Tipp City, Ohio 45371

Matthew Chrispin
7490 OH-201
Tipp City, Ohio 45371

                                                                      s/ Joseph P. Ashbrook
                                                                      Attorney for Plaintiffs