**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:22-cv-00337 |
| v. | ) | |
| | ) | |
| BETHEL LOCAL SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, *et al*., | ) | Judge: Michael J. Newman |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**PROPOSED INTERVENOR-DEFENDANT
ANNE ROE'S MOTION FOR PROTECTIVE ORDER
AND LEAVE TO PROCEED PSEUDONYMOUSLY**

---

Proposed Intervenor–Defendant Anne Roe (a minor, by and through her legal guardian Joanne Roe), through her undersigned counsel, respectfully moves this Court for an order allowing her to proceed in this action pseudonymously to protect her identity from public disclosure. Anne Roe submits the following brief in support of her motion. A proposed order granting the instant motion is attached as Exhibit A.

Pursuant to S.D. Ohio Civ. R. 7.3(b), counsel for Anne Roe has requested all existing parties' consent to the relief requested in this Motion. Defendants consent to the relief requested. Plaintiffs' counsel has stated that, should the Court grant Anne Roe's Motion to Intervene, Plaintiffs will not oppose the relief requested.

1

WHEREFORE, Anne Roe respectfully requests that this Court grant her Motion and permit her to proceed pseudonymously in this case.

Respectfully submitted,

Date: January 9, 2023

/s/ David J. Carey
David J. Carey (0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Ste. 203
Columbus, OH 43206
Phone: 614-586-1972
Fax: 614-586-1974
dcarey@acluohio.org

Freda Levenson (0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
Phone: 614-586-1972
Fax: 614-586-1974
flevenson@acluohio.org

Malita Picasso*
Aditi Fruitwala*
Rose Saxe*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY
Phone: 212-549-2500
Fax: 212-549-2650
mpicasso@aclu.org
afruitwala@aclu.org
rsaxe@aclu.org

2

Michael D. Meuti (0087233)
David M. Hopkins (0095285)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone: 216-363-4500
Fax: 216-363-4588
mmeuti@beneschlaw.com
dhopkins@beneschlaw.com

*Applications for pro hac vice admission forthcoming*

*Counsel for Proposed Defendant-Intervenors Anne Roe (a minor, by and through her legal guardian Joanne Roe)*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:22-cv-00337 |
| v. | ) | |
| | ) | |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *et al*., | ) | |
| | ) | Judge: Michael J. Newman |
| Defendants. | ) | |
| | ) | |

---

**PROPOSED INTERVENOR-DEFENDANT ANNE ROE'S BRIEF IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED
PSEUDONYMOUSLY**

---

## INTRODUCTION

Proposed Intervenor–Defendant Anne Roe is a transgender girl seeking to intervene as a party because the issues and outcome in this action directly affect her. The grounds for Anne's intervention are in her Motion to Intervene and are incorporated herein by reference. Disclosure of her identity, and the fact that she is transgender, could put her at serious risk of harm. Accordingly, Anne and her mother seek a protective order and leave to proceed pseudonymously in this case.

As a transgender person, Anne is a member of a socially stigmatized group. Transgender individuals frequently encounter discrimination, verbal abuse, and even violent physical assault— up to and including murder. Her transgender status is highly personal, private information that necessarily reveals sensitive medical information. Requiring Anne to disclose her identity in order to protect her rights risks the very harm she seeks to prevent in this litigation.

Anne does not object to providing her true name to the other parties in this case. However, she requests that such disclosure be pursuant to a protective order barring further dissemination of that information. Indeed, that appears to be the intent and effect of the current protective order signed Dec. 21, 2022, which protects the confidentiality of any minor's identity and requires the existing parties to use pseudonyms for any minors in all publicly filed documents. [Stipulated Protective Order, EFC No. 11, at PAGEID# 83-84.] Accordingly, granting the instant motion will not prejudice the parties' ability to litigate this case. In addition, Anne's substantial privacy interest outweighs any arguable public interest in knowing her identity. For those reasons, as well as those below, this Court should grant Anne Roe's motion and allow her to proceed pseudonymously.

## ARGUMENT

Although court records must usually state the names of all parties, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right

to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted); *see also* Fed. R. Civ. P. 10(a). This Court may allow Anne Roe to proceed pseudonymously if her privacy interests outweigh the need for public access. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In addition, this Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Anne's substantial privacy interests constitute good cause for the protective order she seeks. Without such an order, she risks discrimination, harassment, and physical violence.

A.    **Disclosure of Anne Roe's identity would put her at severe risk.**

Anne Roe has a credible fear that she will suffer harm if her identity becomes known to the public in connection with this litigation. This disclosure would necessarily include her transgender status and related private medical information. The Sixth Circuit has identified four factors this Court should consider in determining whether parties may proceed anonymously. *Porter*, 370 F.3d at 560. The three relevant factors here are (1) "whether [the parties] seeking anonymity are suing to challenge governmental activity," (2) "whether prosecution of the suit will compel [the parties] to disclose information 'of the utmost intimacy,'" and (4) "whether [the parties] are children." *Id.* at 560;[1] *see also Doe v. Streck*, 522 F. Supp. 3d 332, 333 (S.D. Ohio 2021) (Newman, J.) (applying *Porter* test to motion to proceed anonymously). All of these factors weigh in Anne Roe's favor.

First, Plaintiffs' suit seeks an outcome that would affect Anne's ability to function as a student in that district, by prohibiting the District from allowing her to use communal restrooms that align with her gender identity. By intervening, Anne seeks to prevent that outcome.

---

[1] The other *Porter* factor is whether revealing the party's identity would put her at risk of criminal prosecution. This is not relevant to Anne Roe.

Second, Anne's being transgender places her in a small, stigmatized, and highly threatened social group. Therefore, this information is "of the utmost intimacy." *Id.* Revealing Anne's identity, in connection with identifying her as transgender, conveys sensitive information about her body, her medical history, and the incongruity between her gender identity and her assigned sex at birth. As the Second Circuit has explained and as this Court has agreed: "the excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see also Ray v. McCloud*, 507 F. Supp. 3d 925, 932 (S.D. Ohio 2020) (citing *Powell* approvingly); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that disclosure of transgender status "creates a very real threat to Plaintiffs' personal security and bodily integrity").

Persons publicly identified as transgender in any context are at risk of hostility, harassment, and injury. Courts have recognized that being transgender "is likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell*, 175 F.3d at 111; *Ray v. Himes*, No. 2:18-CV-272, 2019 WL 11791719, at *6 (S.D. Ohio Sept. 12, 2019) ("Courts across the United States have explicitly acknowledged the general hostility and violence affecting the transgender population for at least the last decade"); *see also Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. Ct. App. 2014) ("The hostility and discrimination that transgender individuals face in our society today is well documented").

For these reasons, courts regularly allow transgender parties to proceed under pseudonyms to guard against this hostility and violence. *See, e.g., Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio, August 15, 2016) (Marbley, J.) (allowing minor transgender plaintiff to proceed as Jane Doe; recognizing that "courts have allowed non-minor transgender plaintiffs to proceed anonymously due to the social

4

stigma associated with their gender identity" and collecting cases); *Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-CV-753, 2019 WL 2392958, at *4 (S.D. Ohio Jan. 30, 2019) (allowing transgender defendant–intervenor to proceed under a pseudonym and citing *Highland Local School District* in support).

In this case, Anne Roe may experience harm ranging from discrimination to physical violence if her identity is revealed publicly. She interacts with many members of the general public as a student and member of her larger community. Accordingly, she fears that she may be harassed or physically attacked for being transgender. Unfortunately, her fear is well-founded. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their … gender identity." *See Powell*, 175 F.3d at 111; *Ray*, 2019 WL 11791719, at *6; *see also In re E.P.L.*, 891 N.Y.S.2d 619, 921 (Sup. Ct. 2009); *Evancho v. Pine-Richland Sch. Dist.*, 237 F. Supp. 3d 267, 288 (W.D. Pa. 2017) ("transgender people as a class have historically been subject to discrimination"); *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, 208 F. Supp. 3d 850, 874 (S.D. Ohio 2016) (same); *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) (same).

The risks are especially high for transgender women. In a large survey of transgender individuals, 18% of transgender women had lost a job because of their gender identity, 38% had been physically attacked, and 31% sexually assaulted in school for being transgender. Further, 48% of transgender people had been subjected to unequal treatment, verbal harassment, and/or physical attacks in the past year. *See* Sandy E. James *et al.*, The Report of the 2015 U.S. Transgender Survey, 133, 134, 150, 198 (2016), http://bit.ly/2BXZcma. These risks stretch beyond the schoolhouse walls and threaten to follow her into, and throughout, her adult life.

The disclosure that would result from denying Anne Roe's motion would place her at risk of serious harm. Her requested protective order is necessary not only to safeguard privacy, but also her safety. The Court should allow her to proceed in this case pseudonymously.

**B.**     **Allowing Anne Roe to proceed pseudonymously will not compromise any party's ability to litigate this case.**

Trial courts consider whether other parties will have sufficient information to litigate their claims with a protective order in place. Where the party's identifying information may be necessary to the full litigation of the case, the trial court may order disclosure. In such a case, disclosure of the party's personal information is limited to the party who requires it. *See Porter*, 370 F.3d at 560–61.

Here, Anne Roe seeks an order that would limit disclosure of her personal information to the public. But the order sought here would permit disclosure to the other parties as necessary. Thus, the proposed protective order would not hamper the any party's ability to present its case. As in *Porter*, "it is unclear how [the Court's grant of the protective order] would … hinder[] [the parties'] preparation" here. The parties would still be able "to obtain all the necessary information to address" all pertinent issues. *Id.* at 561. Anne simply seeks to be treated like every other minor in this action, under the existing Protective Order granting the Plaintiffs anonymity. In fact, without such an order, Anne would be the only minor in this case subject to public identification. Because such a protective order would not prejudice any party and because of the risk of harm to Anne, the Court should allow her to proceed pseudonymously.

## CONCLUSION

Anne Roe's identity as a transgender person carries a real and substantial risk of harm. The Court should not exacerbate this risk by requiring that she proceed under her true name. Anne's privacy interests significantly outweigh any public interest in knowing her identity. Further, a

protective order would not prejudice any party's ability to fully litigate this case. This Court should therefore (1) grant this motion and (2) enter the Proposed Order attached as Exhibit A.

<div style="margin-left: 40%;">

Respectfully submitted,

</div>

Date: January 9, 2023

<div style="margin-left: 40%;">

/s/ David J. Carey
David J. Carey (0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Ste. 203
Columbus, OH 43206
Phone: 614-586-1972
Fax: 614-586-1974
dcarey@acluohio.org

Freda Levenson (0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
Phone: 614-586-1972
Fax: 614-586-1974
flevenson@acluohio.org

Malita Picasso*
Aditi Fruitwala*
Rose Saxe*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY
Phone: 212-549-2500
Fax: 212-549-2650
mpicasso@aclu.org
afruitwala@aclu.org
rsaxe@aclu.org

</div>

Michael D. Meuti (0087233)
David M. Hopkins (0095285)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone: 216-363-4500
Fax: 216-363-4588
mmeuti@beneschlaw.com
dhopkins@beneschlaw.com

*Applications for pro hac vice admission forthcoming*

*Counsel for Proposed Defendant-Intervenors Anne Roe (a minor, by and through her legal guardian Joanne Roe)*

**CERTIFCATE OF SERVICE**

I, David J. Carey, hereby certify that on this 9th day of January, 2023, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio via the ECF system, which will send notification of such filing to all counsel of record.

*/s/ David J. Carey*