Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 1 of 20  PAGEID #: 181



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | MEMBER POWERS |
| Code | po0122.1 |
| Status | Active |
| Adopted | March 10, 2008 |

0122.1 - **MEMBER POWERS**

Board members as individuals do not separately possess the powers that reside in the Board of Education, except when and as expressly authorized by law or this Board, but no Board member shall be denied facts or materials required for the proper performance of his/her duties to which s/he is legally entitled.

BOE 1



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | CODE OF ETHICS/CODE OF CONDUCT |
| Code | po0123 |
| Status | Active |
| Adopted | March 10, 2008 |

0123 - **CODE OF ETHICS/CODE OF CONDUCT**

The Board of Education believes quality public education and good Board service should be conducted in an ethical manner with traditional principles such as honesty, trust, fairness, and integrity. Each Board member should conform his/her conduct to Ohio law, the code of ethics recommended by the Ohio School Boards Association and the code of conduct set forth below as adopted from the National School Boards Association publication **Becoming a Better Board Member.**

While serving as a member of the Board of Education, each member is expected to agree to abide by the following code of ethics promulgated by the Ohio School Boards Association:

A. remember that my first and greatest concern must be the educational welfare of all students attending the public schools;

B. obey the laws of Ohio and the United States;

C. respect the confidentiality of privileged information;

D. recognize that as an individual Board member I have no authority to speak or act for the Board;

E. work with other members to establish effective Board policies;

F. delegate authority for the administration of the schools to the Superintendent and staff;

G. encourage ongoing communications among Board members, the Board, students, staff, and the community;

H. render all decisions based on the available facts and my independent judgment rather than succumbing to the influence of individuals or special interest groups;

I. make every effort to attend all Board meetings;

J. become informed concerning the issues to be considered at each meeting;

K. improve my boardmanship by studying educational issues and by participating in in-service programs;

L. support the employment of staff members based on qualifications and not as a result of influence;

M. cooperate with other Board members and administrators to establish a system of regular and impartial evaluations of all staff;

N. avoid conflicts of interest or the appearance thereof;

O. refrain from using my Board position for benefit of myself, family members, or business associates;

BOE 2

P. express my personal opinions but, once the Board has acted, accept the will of the majority.

In addition, the Board of Education believes that each member should agree to work cooperatively and effectively with others and conform his/her behavior to the following code of conduct by collectively and individually agreeing to:

A. abide by the code of ethics promulgated by the Ohio School Boards Association;

B. act as an advocate for the Schools and for children;

C. set high expectations for the work of the Board;

D. keep the Board's primary focus on the best interests of students;

E. strive sincerely to build better relationships with one another and the Superintendent;

F. set clear goals for the Superintendent;

G. support the Superintendent and help him/her to be as effective as possible;

H. prepare carefully before each meeting so that when each Board member has the floor, s/he can make comments that are concise, organized, and clear;

I. vote his/her individual convictions based on the available facts and his/her independent judgment and refrain from surrendering his/her judgment to particular individuals or groups;

J. devote sufficient time, thought, and study to proposed actions;

K. become well versed in parliamentary procedure;

L. listen carefully and with courtesy when other people have the floor and are speaking during Board meetings;

M. refuse to become involved with micromanagement;

N. emphasize planning, policymaking, and public relations rather than becoming involved in management of the schools;

O. establish clear goals for the District and ensure that the community is aware of these goals;

P. keep abreast of current educational issues within the District, throughout the State, and across the nation;

Q. establish fair and equitable terms and conditions of employment and evaluation of all staff; and

R. select sound instructional strategies and materials and submit them to regular and impartial evaluations.

BOE 3



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | OATH |
| Code | po0142.1 |
| Status | Active |
| Adopted | March 10, 2008 |

0142.1 - **OATH**

Each member of the Board shall, before entering his/her duties of office, take an oath to support the Constitution of the United States and the Constitution of the State of Ohio and to perform faithfully the duties of his/her office. R.C. 3313.10T

| | |
|---|---|
| Legal | R.C. 3313.10 |

BOE 4

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 5 of 20  PAGEID #: 185



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | QUORUM |
| Code | po0162 |
| Status | Active |
| Adopted | March 10, 2008 |

0162 - **QUORUM**

Three (3) members present in person at a meeting shall constitute a quorum, and no business shall be conducted in the absence of a quorum.

© Neola 2014

| | |
|---|---|
| Legal | R.C. 3313.18 |

BOE 5



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | NOTICE OF MEETINGS |
| Code | po0164 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0164 - **NOTICE OF MEETINGS**

- A. A schedule of the time and place of all regular meeting(s) shall be posted annually on the District website, published in the official newspaper(s) and posted at the District office.

   The notice shall also contain the following statement: "Upon request to the Superintendent, the District shall make reasonable accommodation for a disabled person to be able to participate in this activity."

- B. Notice of the time, place, and purpose of each special meeting shall be given to the news media twenty-four (24) hours in advance of the meeting, except that when an emergency requires the immediate official action of the Board, the member(s) calling the meeting shall immediately notify the media requesting such notice of the time, place, and purpose of the meeting and shall post the notice on the District's website.

- C. Notice of meetings at which any specific type of public business is to be discussed shall be sent to all persons requesting such notice, provided that such persons supply the Board with stamped, addressed envelopes for the purpose.

- D. The Treasurer shall notify all Board members of each Board meeting in writing no later than two (2) days in advance of the meeting. Such notice shall include the time, place, and purpose of the meeting.

- E. Posting such meeting material to the District's website shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.

© Neola 2018

| | |
|---|---|
| Legal | R.C. 121.22 |
| | R.C. 3313.16 |

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 7 of 20  PAGEID #: 187



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | REGULAR MEETINGS |
| Code | po0165.1 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0165.1 - **REGULAR MEETINGS**

Regular meetings of the Board shall be public and held at least once every two (2) months. The time of such meeting shall be fixed at the organization meeting.
 R.C. 121.22, 3313.15

A. It shall be the responsibility of the Superintendent, in cooperation with the Board President and one other Board member (selected on a rotating basis).

B. The agenda of the regular monthly meeting or special meetings shall be accompanied by a report from the Superintendent on information relating to the District with such recommendations as s/he shall make.

   Each agenda shall contain the following statement:

   "This meeting is a meeting of the Board of Education in public for the purpose of conducting the School District's business and is not to be considered a public community meeting. There is a time for public participation during the meeting as indicated in agenda item hearing of the public."

C. The agenda for each regular meeting shall be mailed or delivered to each Board member so as to provide proper time for the member to study the agenda. Generally, the agenda should be mailed no later than two (2) business days prior to the meeting, or delivered so as to provide time for the study of the agenda by the member. The agenda for a special meeting shall be delivered at least twenty-four (24) hours before the meeting, consistent with provisions calling for special meetings.

D. The Board shall transact business according to the agenda prepared by the Superintendent and submitted to all Board members in advance of the meeting. The order of business may be altered and items added at any regular meeting by a majority vote of the members present.

E. Consent Agenda

   The Board shall use a consent agenda to keep routine matters within a reasonable time frame.

   The following routine business items may be included in a single resolution for consideration by the Board:
   1. minutes of prior meetings

   2. bills for payment

   3. hiring of personnel

   4. resolutions that require annual adoption, such as bank signatories, association membership(s), etc.

   5. resignations and leaves

   A member of the Board may request any item be removed from the consent resolution. No vote of the Board will be required to remove an item from the consent agenda. A single member's request shall cause it to be relocated as an action item eligible for discussion.

F. **Rescheduled Regular Meeting**
   The agenda for a rescheduled regular meeting shall be the agenda that had been established for that regular meeting and the agenda may be modified pursuant to "regular meeting" procedures detailed in Bylaw 0165.1 - Regular Meetings.

Revised 3/9/15

**© Neola 2018**

BOE 7



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | SPECIAL MEETINGS |
| Code | po0165.2 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0165.2 - **SPECIAL MEETINGS**

Special meetings of the Board shall be public. R.C. 121.22

- A. Special meetings which include emergency meetings, shall be called by the President or the Treasurer or by two (2) members of the Board by serving a written notice of the time and place of such meeting upon each Board member at least two (2) days in advance of the meeting. The notice shall be signed by the official or members calling the meeting. R.C. 3313.16

- B. The agenda for a special meeting, is limited to the purpose(s) set forth in the public notice that is provided at least twenty-four (24) hours in advance of the meeting. At the special meeting, the Board may only discuss those issues set forth on the agenda, whether in open session or executive session.

    Emergency meetings are a subset of special meetings of the Board, and may be called by the President, Treasurer, or by two (2) members of the Board. Notice of the time, place, and purpose(s) of an emergency meeting will be given immediately to Board members and to the news media that have requested notification. The agenda for an emergency meeting is confined to the announced purpose(s) of the meeting.

Revised 12/8/08
Revised 3/9/15

**© Neola 2018**

BOE 8

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 9 of 20  PAGEID #: 189



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | RECESS/ADJOURNMENT |
| Code | po0165.3 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0165.3 - **RECESS/ADJOURNMENT**

The Board may adjourn or recess at any time. The recessed or adjourned meeting, when reconvened, shall take up its agenda at the point where the motion to adjourn or recess was acted upon. Due to State public meeting notice requirements, notice of a new meeting is required where a meeting is ended by adjournment. Meetings may not be recessed from day to day but may be recessed for a period of time on a day scheduled for a regular or special meeting.

**© Neola 2018**

BOE 9



| Book | Policy Manual |
|---|---|
| Section | 0000 Bylaws |
| Title | EXECUTIVE SESSION |
| Code | po0166 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0166 - **EXECUTIVE SESSION**

The Board and its committees and subcommittees reserve the right to enter into executive session solely to discuss one (1) or more of the following issues that are exempted from public sessions:

- A. consideration of the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee, or official

- B. investigation of charges or complaints against a public employee, official, licensee, or student unless such employee, official, licensee or student requests a public meeting; except that consideration of the discipline of a Board member for conduct related to the performance of his/her duties or his/her removal from office shall not be held in executive session

- C. consideration of the purchase of property or sale or other disposition of unneeded, obsolete, unfit-for-use property for public purposes, at competitive bidding, if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest

- D. discussion, with the Board's legal counsel, of disputes involving the Board that are the subject of pending or imminent court action

- E. preparing for, conducting, or reviewing negotiations or bargaining sessions with public employees concerning their compensation or other terms and conditions of employment

- F. matters required to be confidential by Federal law or regulations or State statutes

- G. specialized details of security arrangements and emergency response protocols where disclosure might reveal information that could jeopardize the District's security

- H. consideration of confidential information related to the marketing plans, specific business strategy, production techniques, trade secrets, or personal financial statements of an applicant for economic development assistance, or to negotiations with other political subdivisions respecting requests for economic development assistance, provided that both of the following conditions apply:
  1. the information is directly related to a request for economic development assistance that is to be provided or administered under one of the statutes referenced in R.C. 121.22(G)(8)(1), or that involves public infrastructure improvements or the extension of utility services that are directly related to an economic development project, and

  2. an unanimous quorum of the Board or its subcommittee determines, by a roll call vote, that the executive session is necessary to protect the interests of the applicant or the possible investment or expenditure of public funds to be made in connection with the economic development project

No official action may be taken in executive session. R.C. 121.22

Collective bargaining meetings between employers and employee organizations are private and not subject to R.C. 121.22, R.C. 4117.21.

Audit conferences conducted by the Auditor of State or independent certified public accountants with District officials concerning the District's audit are exempt from R.C.121.22.

An executive session will be held only at a regular or special meeting. After the meeting is convened, any member may make a motion for an executive session, and must state the purpose or purposes of the session by citing one (1) or more of the reasons set forth above. If the session is to discuss a personnel matter listed in paragraph A above, the particular subject for which the session has been called must be identified in the motion. The motion does not need to name the person. Upon receiving a second to the motion and a majority roll-call vote of those present and voting, the chairperson shall declare the Board in executive session.

In keeping with the confidential nature of executive sessions, no member of the Board, committee or subcommittee shall disclose the content of discussions that take place during such sessions.

All members of the Board, committee(s) or subcommittee(s) are entitled to attend executive sessions. The Board, committee or subcommittee may invite any other person to attend an executive session.

Revised 3/9/15

BOE 10

© Neola 2018

BOE 11

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 12 of 20  PAGEID #: 192



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | VOTING |
| Code | po0167 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | June 30, 2011 |

0167 - **VOTING**

All motions shall require for adoption a majority vote of those present and voting, except as provided by statute, these bylaws, or parliamentary authority. (See listing of exceptions below.) Upon the demand of any member of the Board, the vote shall be recorded by roll call.

Pursuant to R.C. 121.22, a motion to go into executive session requires a majority vote of a quorum and must be adopted by roll call vote.

In situations in which a specific number of affirmative votes are required and abstentions have been recorded, the motion shall fail if the specified number of affirmative votes have not been cast. In situations in which a tie vote occurs and abstentions have been recorded, the motion shall fail for lack of a majority.

All actions requiring a vote can be conducted by voice vote or show of hands, unless a roll-call vote is requested or required. A Board member must be physically present at the meeting to vote. Each vote and abstention shall be recorded. Proxy voting is prohibited. R.C. 3313.18

| Item | Number Needed | R.C. Reference |
|---|---|---|
| **Statutory Exceptions**: | | |
| Administrator; employment when Superintendent nominates | Majority of Full Board | 3313.18 3319.02 |
| Administrator; reemployment when Superintendent refuses to appoint | 3/4 of Full Board | 3319.02 |
| Board Member; declaration that reasons for a Member's absence for ninety (90) days are insufficient to continue membership | 2/3 of remaining Board members | 3313.11 |
| Board Member; filling a vacant Board seat | Majority of remaining Board Members | 3313.11 |
| Bonds; declaring necessity to issue | Majority of Full Board | 133.01(U) 133.18 |
| Item | Number Needed | R.C. Reference |
| Competitive Bid; waive due to item being available only from a single source | 2/3 of Full Board | 3313.46(B)(2) |

BOE 12

| | | |
|---|---|---|
| Competitive Bid; waive due to project involving an energy conservation measure | 2/3 of Full Board | 3313.46(B)(3) |
| Employee; employment of any employee | Majority of Full Board | 3313.18 |
| Expulsion of Student; affirm, reverse, vacate or modify (or reinstate student) | Majority of Full Board | 3313.66(E) |
| Fact-Finding; Rejection of findings and recommendation of fact-finder under statutory impasse procedure | 3/5 of Full Board | 4117.14(c)(6) |
| Officer; election or Appointment of | Majority of Full Board | 3313.18 |
| Payment of debt or claim | Majority of Full Board | 3313.18 |
| Purchase of real or personal property | Majority of Full Board | 3313.18 |
| Sale of real or personal property | Majority of Full Board | 3313.18 |

| **Item** | Number **Needed** | R.C. **Reference** |
|---|---|---|
| Superintendent Pro Tempore; appointment when Superintendent is incapacitated in such a manner that s/he is unable to perform duties | Majority of Full Board | 3319.011 |
| Superintendent Pro Tempore; determination that incapacity of Superintendent is removed | Majority of Full Board | 3319.011 |
| Superintendent Pro Tempore; removal for cause | 2/3 of Full Board | 3319.011 |
| Suspension of Student; affirm, reverse, vacate or modify (or reinstate a student) | Majority of Full Board | 3313.66(E) |
| Tax; Levying tax in excess of 10-mill limitation (not an emergency) | 2/3 of Full Board | 5705.21 |
| Teachers, Continuing Contract; rejection of Superintendent's recommendation for reemployment of teacher eligible for continuing Contract | 3/4 of Full Board | 3319.11(B)(1) |

BOE 13

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 14 of 20  PAGEID #: 194

| | Number Needed | R.C. Reference |
|---|---|---|
| Teacher, Extended Limited Contract; Rejection of Superintendent's recommendation for Extended Limited Contract when Board rejected continuing contract | 3/4 of Full Board | 3319.11(C)(3) |

| Item | Number Needed | R.C. Reference |
|---|---|---|
| Teacher; Employment when Superintendent appoints | Majority of Full Board | 3313.18 |
| Teacher; Reemployment when Superintendent refuses to appoint | 3/4 of Full Board | 3319.07 |
| Textbook; Adoption of | Majority of Full Board | 3313.18 and 3329.08 |
| Transfer of Funds; (authorized by 5705.15); Resolution declaring necessity of | Majority of Full Board | 5705.16 |
| Transfer of Funds (as specified in 5705.14) | 2/3 of Full Board | 5705.14 |
| Treasurer Pro Tempore; appointment when Treasurer is incapacitated in such a manner that s/he is unable to perform duties | Majority of Full Board | 3313.23 |
| Treasurer Pro Tempore; determination that incapacity of Treasurer is removed | Majority of Full Board | 3313.23 |
| Treasurer Pro Tempore; removal for cause | 2/3 of Full Board | 3313.23 |

2/3 = 4 MEMBERS OF A FIVE – PERSON BOARD
2/3 = 5 MEMBERS OF A SEVEN – PERSON BOARD

3/4 = 4 MEMBERS OF A FIVE – PERSON BOARD
3/4 = 6 MEMBERS OF A SEVEN – PERSON BOARD

3/5 = 3 MEMBERS OF A FIVE – PERSON BOARD
3/5 = 5 MEMBERS OF A SEVEN – PERSON BOARD

Revised 7/12/10

© Neola 2014

| Legal | |
|---|---|
| | R.C. 121.22 |
| | R.C. 3313.18 |

BOE 14

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 15 of 20  PAGEID #: 195



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | USE OF ELECTRONIC MAIL/TEXT MESSAGES |
| Code | po0167.1 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | October 10, 2016 |

0167.1 - **USE OF ELECTRONIC MAIL/TEXT MESSAGES**

Since E-mail and Text Messages are forms of communication that could conflict with the Sunshine Law, they will be used only for the purposes of communicating:

- A. messages between Board members or between a Board member and employee(s) which do not involve deliberating or rendering a decision on matters pending before the Board;
- B. possible agenda items between the Superintendent and the Board President;
- C. times, dates, and places of regular or special Board meetings;
- D. a Board meeting agenda or public record information concerning items on the agenda;
- E. requests for public record information from a member of the administration, school staff, or community pertaining to District operations;
- F. responses to questions posed by members of the public, administrators, or school staff.

Under no circumstances shall Board members use E-mail or Text Message to discuss among themselves Board business that is only to be discussed in an open meeting of the Board, is part of an executive session, or could be considered an invasion of privacy if the message were to be monitored by another party.

There should be no expectation of privacy for any messages sent by E-mail. Messages that have been deleted may still be accessible on the hard drive, if the space has not been occupied by other messages. Messages, deleted or otherwise, may be subject to disclosure under the Public Records Act, unless an exemption would apply.

© Neola 2016

BOE 15



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | USE OF PERSONAL COMMUNICATION DEVICES |
| Code | po0167.2 |
| Status | Active |
| Adopted | February 9, 2015 |

0167.2 - **USE OF PERSONAL COMMUNICATION DEVICES**

When performing their duties as a Board member, regardless of whether they are using personally-owned or Board-owned personal communication devices (PCDs), Board members use of PCDs shall be in accordance with the following policies and administrative guideline:

A. Policy 7530.02 - Staff Use of Personal Communication Devices

B. Policy **7542** - Access to District Technology Resources from Personally-Owned Personal Communication Devices

C. Policy 7540.04 - Staff Network and Internet Acceptable Use and Safety

D. AG 7540.04 - Staff Network and Internet Acceptable Use and Safety

For purposes of this Bylaw, PCDs shall be defined as set forth in the above-identified policies.

**© Neola 2014**

BOE 16

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 17 of 20  PAGEID #: 197



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | MINUTES |
| Code | po0168 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |

0168 - **MINUTES**

The Treasurer shall keep reasonably comprehensive minutes of all its meetings showing the time and place, the members present, the subjects considered, a summary of the deliberations sufficient enough for the public to understand the basis for the Board's actions, the actions taken, the vote of each member on roll-call votes, and any other information required to be shown in the minutes by law, which shall be promptly prepared, filed, and available to the public. Minutes of executive sessions shall reflect the general subject matter of discussions. R.C. 121.22

The Treasurer shall provide each Board member with a copy of the minutes of the last meeting no later than two (2) days before the next regular meeting.

Recordings may be made of each regular meeting of the Board as an administrative aid and shall be preserved as public documents of the Board. The tape recordings may also be referred to in the written minutes.

The minutes of Board meetings shall be considered at the next succeeding meeting where they shall be read (unless waived, corrected (if necessary), and approved. The approved minutes shall be signed by the Treasurer and the President.

The approved minutes shall be filed in the Treasurer's office in a prescribed minute book as a permanent record of official Board proceedings.

**© Neola 2018**

| | |
|---|---|
| Legal | R.C. 149.43, 3313.26 |

BOE 17



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | PUBLIC PARTICIPATION AT BOARD MEETINGS |
| Code | po0169.1 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | December 13, 2021 |

0169.1 - **PUBLIC PARTICIPATION AT BOARD MEETINGS**

The Board of Education recognizes the value to school governance of public comment on educational issues and the importance of allowing members of the public to express themselves on school matters of community interest. The Board offers public participation to members of the public in accordance with the procedures below. The Board applies these procedures to all speakers, and does not discriminate based on the identity of the speaker, content of the speech, or viewpoint of the speaker.

The Board is also committed to conducting its meetings in a productive and efficient manner that assures that the regular agenda of the Board is completed in a reasonable period of time, honors the voluntary nature of the Board's time and using that time efficiently, and allows for a fair and adequate opportunity for input to be considered. Consequently, public participation at Board meetings will be governed by the following principles:

In order to permit the fair and orderly expression of such comment, the Board shall provide a period for public participation at all regular and special public meetings of the Board.

The presiding officer of each Board meeting at which public participation is permitted shall administer the rules of the Board for its conduct.

The presiding officer shall be guided by the following rules:

A. Public participation shall be permitted as indicated on the order of business.

B. Anyone having a legitimate interest in the actions of the Board may participate during the designated public participation portion(s) of a meeting.

C. Attendees must register their intention to participate in the public participation portion of the meeting upon their arrival at the meeting.

D. Individuals may not register others to speak during public participation.

E. Participants must first be recognized by the presiding officer

F. Each statement made by a participant shall be limited to five (5) minutes duration, unless extended by the presiding officer.

G. During the portion of the meeting designated for public participation, no participant may speak more than once on the same topic unless all others who wish to speak on that topic have been heard.

H. All statements shall be directed to the presiding officer; no person may address or question Board members individually.

I. Audio or video recordings are permitted. The person operating the recorder should contact the Superintendent prior to the Board meeting to review possible placement of the equipment, and must agree to abide by the following conditions:

1. No obstructions are created between the Board and the audience.

2. No interviews are conducted in the meeting room while the Board is in session.

3. No commentary, adjustment of equipment, or positioning of operators is made that would distract either the Board or members of the audience while the Board is in session and not disrupt the meeting.

J. The presiding officer may:

1. interrupt, warn, or terminate a participant's session when they make comments that are repetitive, obscene, and/or comments that constitute a true threat (i.e., statements meant to frighten or intimidate one (1) or more specified persons into believing that they will be seriously harmed by the speaker or someone acting at the speaker's behest).

2. request any individual to stop speaking and/or leave the meeting when that person does not observe reasonable decorum or is disruptive to the conduct and/or orderly progress of the meeting;

3. request the assistance of law enforcement officers in the removal of a disorderly person when that person's conduct interferes with the conduct and/or orderly progress of the meeting;

BOE 18

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 19 of 20  PAGEID #: 199

4. call for a recess or an adjournment to another time when the lack of public decorum so interferes with the orderly conduct of the meeting as to warrant such action;

5. waive these rules with the approval of the Board when necessary for the protection of privacy or the administration of the Board's business.

The portion of the meeting during which the participation of the public is invited shall be limited to one (1) hour, unless extended by a vote of the Board.

Revised 7/12/10
Revised 12/10/18

© Neola 2021

| Legal | R.C. 3313.20 |

BOE 19

Case: 3:22-cv-00337-MJN-PBS Doc #: 16-1 Filed: 01/09/23 Page: 20 of 20  PAGEID #: 200



| | |
|---|---|
| Book | Policy Manual |
| Section | 0000 Bylaws |
| Title | OPEN MEETINGS/SUNSHINE LAW |
| Code | po0169.2 |
| Status | Active |
| Adopted | October 10, 2016 |

0169.2 - **OPEN MEETINGS/SUNSHINE LAW**

The Sunshine Law applied to the Board, and to any committee or subcommittee created by the Board of required by law or rule.

A "meeting" to which the Sunshine Law applies to the Board, and to any committee or subcommittee by a majority of its members, including, but not limited to, regular and special meetings, work sessions, retreats, planning meetings, and study groups. A series of prearranged meetings attended by a minority of the Board to discuss the public business, without giving proper notice, is a violation of the Sunshine Law. A majority of members may gather at social or other events, but may not discuss public business. The Sunshine Law prohibits any private prearranged discussion of public business by a majority of Board members regardless of whether the discussion occurs face to face, telephonically, by video conference, or electronically by e-mail, text messages, tweet, or other forms of communication.

© Neola 2016

BOE 20