UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOE NO. 1, *et al.*,

    Plaintiffs,

vs.

BETHEL LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, *et al.*,

    Defendants.

Case No. 3:22-cv-337

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING INTERVENOR'S UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT (Doc. No. 13); (2) GRANTING INTERVENOR'S UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY (Doc. No. 14); (3) DIRECTING INTERVENOR TO FILE HER MEMORANDUM OPPOSING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AS A SEPARATE ENTRY ON THE DOCKET; AND (4) SETTING PLAINTIFFS' REPLY DEADLINE TO INTERVENOR'S MEMORANDUM IN OPPOSITION FOR FEBRUARY 3, 2023**

---

    This civil case is before the Court on two motions filed by Intervenor Anne Roe: (1) her unopposed motion to intervene as a defendant (Doc. No. 13); and (2) her unopposed motion to proceed pseudonymously (Doc. No. 14). Plaintiffs and Defendants have responded, indicating that they do not oppose Intervenor's requests. *See* Doc. Nos. 28, 29.

    Intervenor is a fourteen-year-old transgender girl who attends Bethel High School. *See* Doc. No. 13-1 at PageID 120. She was assigned a male sex at birth, yet later transitioned to her identified gender through medical treatment. *Id.* at PageID 121. She moves to intervene in the present suit, under Fed. R. Civ. P. 24, to defend Defendants' policy allowing transgender students to use the bathroom that corresponds with their identified gender. *See* Doc. No. 13 at PageID 107–08. Meanwhile, she seeks to proceed in this case under a pseudonym to protect herself from harm and harassment. *See* Doc. No. 14 at PageID 158–59.

The Court shall consider her unopposed pseudonym request first and grant it. Considering the sensitive nature of these proceedings—coupled with this Court's recent order permitting Plaintiffs to file under pseudonyms, Doc. No. 11—this measure is warranted. *See, e.g.*, *Doe v. Mechanicsburg Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) (granting pseudonym request where "[p]ublic revelation of Plaintiffs' identities may invite further bullying and harassment and disrupt [their] education" (citations omitted)); *Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 340–41 (E.D. Pa. 2021) (permitting transgender employee to proceed under pseudonym to avoid harassment and violence from being outed).

As to her motion for intervention, Fed. R. Civ. P. 24 governs when a district court may permit intervention. Fed. R. Civ. P. 24(a)(2) permits intervention as a matter of right if an individual "(1) in a timely motion, shows that (2) they have a substantial legal interest in the case, (3) their absence from the case would impair that interest, and (4) their interest is inadequately represented by the parties." *Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula*, 41 F.4th 767, 771 (6th Cir. 2022) (citing *Providence Baptist Church v. Hillandale Comm'n, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005)).

On balance, Intervenor satisfies this standard. First, her application is timely. To determine whether intervention is timely, courts consider: (1) how far along "the suit has progressed"; (2) why the intervenor seeks to intervene; (3) how long before applying to intervene did "the proposed intervenors kn[o]w or should have known of their interest in the case"; (4) "prejudice to the original parties" from "the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case"; and (5) any "unusual circumstances militating against or in favor of intervention." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.

1990)) (citing *Clean Up Co., LLC v. ADA Assistance Corp.*, 229 F.3d 1151 (6th Cir. 2000) (table)). This litigation has not yet reached the hearing on Plaintiffs' motion for preliminary injunction, nor is that motion ripe. *See* Minute Entry for Telephone Conference Held on December 21, 2022 (confirming oral argument for February 7, 2023 at 9:30 a.m.); Doc. No. 9 (setting until January 23, 2023 for Plaintiffs to file their reply brief to Defendants' opposition memorandum). The Court cannot detect any prejudice to any party from having Intervenor participate here, and nothing indicates that she knew about this litigation before seeking to join a little over one month after Plaintiffs filed their complaint. *See, e.g.*, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (noting intervention was "timely as a matter of law" where motion was filed a few weeks after the complaint "and the case was obviously in its initial stage").

Second, Intervenor's interest is substantial. The Sixth Circuit subscribes to "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church*, 425 F.3d at 315 (quoting *Michigan State AFL-CIO*, 103 F.3d at 1245). That notion must be balanced against practical considerations, such as the need for "focused litigation" in a "complex[]" lawsuit. *Jansen*, 904 F.2d at 340. Intervenor alleges that she is entitled to intervention based on her interest because she has a personal stake in defending Defendants' bathroom policy—citing her personal embarrassment and humiliation if the policy were declared legally invalid. *See* Doc. No. 13-1 at PageID 125–26. That interest is substantial enough to satisfy the second factor. *See, e.g.*, *Bradley v. Miliken*, 828 F.2d 1187, 1192 (6th Cir. 1987) (affirming determination that students who sought to eliminate desegregation could intervene in a school segregation case because they had "a sufficient interest in eliminating segregation in the schools" (citations omitted)).

Third, Intervenor's interest would be impaired by not having her in this lawsuit. "To satisfy

3

this element of the intervention test, a would-be intervenor must show only that impairment of [her] substantial legal interest is possible if intervention is denied." *Wineries*, 41 F.4th at 774 (quoting *Grutter v. Bollinger*, 188 F.3d 397, 399 (6th Cir. 1999)). Thus, if she can show that "disposition of the present action would put [her] at a practical disadvantage in protecting [her] interest[,]" then she meets this standard. *Id.* (citation omitted). She can. At this stage, she plausibly alleges that she would suffer humiliation and harassment if Plaintiffs succeeded in enjoining the bathroom policy. *See* Doc. No. 13-1 at PageID 125–26, 127–28.

Fourth, Defendants would not adequately represent Intervenor's interests. To succeed here, she must show more than a "slight difference in interests between the proposed intervenors and the supposed representative[,]" but those interests need not be "wholly adverse." *Jansen*, 904 F.2d at 343 (quotation omitted). She does. Her personal interest in defending the policy goes beyond Defendants' desire to follow its internal interpretation of the law. She seeks to prevent purported harassment, humiliation, and embarrassment if the bathroom policy was undone. *See* Doc. No. 13-1 at PageID 125–26, 127–28. That is enough to satisfy this final prong. *See, e.g.*, *Grutter*, 188 F.3d at 400–01; *Jansen*, 904 F.2d at 342–44.

Therefore, the Court: (1) **GRANTS** Intervenor's unopposed motion for intervention (Doc. No. 13); (2) **GRANTS** her unopposed motion to proceed under a pseudonym; (3) **DIRECTS** her to file her memorandum in opposition to Plaintiffs' motion for a preliminary injunction as a separate entry on the docket; and (4) **SETS** Plaintiffs' reply deadline to Intervenor's memorandum in opposition for **February 3, 2023**.

**IT IS SO ORDERED.**

Date: January 20, 2023  /s Michael J. Newman
Hon. Michael J. Newman
United States District Judge