UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN AND JANE DOE NO. 1, *et al.*, | ) |
| | ) |
|     Plaintiffs, | )   Case No. 3:22-cv-00337 |
| | ) |
| v. | )   Judge Michael J. Newman |
| | ) |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT–INTERVENOR ANNE ROE'S ANSWER TO COMPLAINT**

Proposed Defendant–Intervenor Anne Roe, by and through her guardian Joanne Roe, answers the Complaint as follows:

1. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1, and therefore they are denied.

2. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2, and therefore they are denied.

3. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3, and therefore they are denied.

4. Defendant–Intervenor denies the allegations in Paragraph 4.

5. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5, and therefore they are denied.

6. Defendant–Intervenor denies the allegations in Paragraph 6.

7. In response to Paragraph 7, Defendant–Intervenor admits that Plaintiffs seek injunctive relief. Defendant–Intervenor denies the remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Defendant–Intervenor admits that Plaintiffs seek a preliminary injunction on the basis of a purported violation of Ohio's Open Meetings Act. Defendant–Intervenor denies the remaining allegations in Paragraph 8.

## RESPONSE TO ALLEGATIONS AS TO PARTIES

9. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and therefore they are denied.

10. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10, and therefore they are denied.

11. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11, and therefore they are denied.

12. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, and therefore they are denied.

13. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13, and therefore they are denied.

14. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14, and therefore they are denied.

15. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15, and therefore they are denied.

16. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16, and therefore they are denied.

17. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17, and therefore they are denied.

18. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18, and therefore they are denied.

19. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19, and therefore they are denied.

20. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20, and therefore they are denied.

21. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21, and therefore they are denied.

22. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22, and therefore they are denied.

23. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23, and therefore they are denied.

24. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24, and therefore they are denied.

25. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25, and therefore they are denied.

26. Defendant–Intervenor admits the allegations in Paragraph 26.

27. Defendant–Intervenor admits the allegations in Paragraph 27.

28. Defendant–Intervenor admits the allegations in Paragraph 28.

29. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29, and therefore they are denied.

30. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30, and therefore they are denied.

31. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31, and therefore they are denied.

32. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32, and therefore they are denied.

33. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33, and therefore they are denied.

34. Defendant–Intervenor admits the allegations in Paragraph 34.

35. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35, and therefore they are denied.

**RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

36. In response to Paragraph 36, Defendant–Intervenor admits that the Complaint purports to assert claims under the Constitution and laws of the United States and the State of Ohio. Defendant–Intervenor denies all remaining allegations in Paragraph 36.

37. Defendant–Intervenor denies the allegations in Paragraph 37. Further answering, Defendant–Intervenor denies that one or more of Plaintiffs' claims presents a case or controversy within the meaning of Article III of the United States Constitution.

38. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38, and therefore they are denied.

39. In response to Paragraph 39, Defendant–Intervenor admits that the Bethel Local School District Board of Education (the "School Board") is constituted in this district. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 39, and therefore they are denied.

## RESPONSE TO ALLEGATIONS AS TO BACKGROUND FACTS

40. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40, and therefore they are denied.

41. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41, and therefore they are denied.

42. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42, and therefore they are denied.

43. Defendant–Intervenor denies the allegations in Paragraph 43.

44. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44, and therefore they are denied.

45. In response to Paragraph 45, Defendant–Intervenor admits that Bethel has had transgender students prior to 2022. Defendant–Intervenor denies the remaining allegations in Paragraph 45.

46. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46, and therefore they are denied.

47. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47, and therefore they are denied.

48. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48, and therefore they are denied.

49. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49, and therefore they are denied.

50. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50, and therefore they are denied.

51. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51, and therefore they are denied.

52. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52, and therefore they are denied.

53. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53, and therefore they are denied.

54. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, and therefore they are denied.

55. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55, and therefore they are denied.

56. In response to Paragraph 56, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegation that the School Board violated Ohio Rev. Code § 121.22(H), and therefore that allegation is denied. Defendant–Intervenor denies the remaining allegations in Paragraph 56.

57. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57, and therefore they are denied.

58. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58, and therefore they are denied.

59. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59, and therefore they are denied.

60. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60, and therefore they are denied.

61. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61, and therefore they are denied.

62. In response to Paragraph 62, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegation that "the Board changed the rule," and therefore that allegation is denied. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegation that a "sex-neutral restroom" was "provided by the Muslim community," and therefore that allegation is denied. Further answering, Defendant–Intervenor admits that the School District and/or the School Board issued a document entitled "Frequently Asked Questions About Transgender Students," which contains, *inter alia*, an explanation of circumstances under which the School District affords accommodations to transgender students, including but not limited to access to communal restrooms matching their gender identities. Defendant–Intervenor admits that the document in question also states that "Any student who has a need or desire for increased privacy, regardless of the underlying reason, may request access to a private restroom." Defendant–Intervenor denies the remaining allegations in Paragraph 62.

63. In response to Paragraph 63, Defendant–Intervenor admits the allegation that "students from kindergarten through twelfth grade attend school in the same connected facility." Defendant–Intervenor denies the remaining allegations in Paragraph 63.

64. In response to Paragraph 64, Defendant–Intervenor admits the allegation that private restroom access is limited. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegation that "Nor has Bethel provided any private restroom access for community events like school football games," and therefore that allegation is denied. Defendant–Intervenor denies the remaining allegations in Paragraph 64.

Further answering, Defendant–Intervenor denies that the School District has provided Plaintiffs with insufficient restroom facilities.

65. In response to Paragraph 65, Defendant–Intervenor admits that an injunction was entered in the cited case. Defendant–Intervenor denies the remaining allegations in Paragraph 65.

66. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, and therefore they are denied.

67. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and therefore they are denied.

68. In response to Paragraph 68, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of that paragraph, proceeding through "of their own faith[,]" and therefore they are denied. Defendant–Intervenor denies the remaining allegations of Paragraph 68.

69. Defendant–Intervenor denies the allegations in Paragraph 69.

70. Defendant–Intervenor denies the allegations in Paragraph 70.

71. In response to Paragraph 71, Defendant–Intervenor denies the allegation that "the school respects [Plaintiffs'] beliefs less than the beliefs of the LGBTQ+ community." Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 71, and therefore they are denied.

72. Defendant–Intervenor denies that Bethel's policies or practices with regard to restroom use "assault [Plaintiffs'] modesty." Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 72, and therefore they are denied.

73. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73, and therefore they are denied.

74. Defendant–Intervenor denies the allegations in Paragraph 74.

75. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75, and therefore they are denied.

76. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, and therefore they are denied.

77. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and therefore they are denied.

78. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78, and therefore they are denied.

79. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79, and therefore they are denied.

80. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, and therefore they are denied.

81. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and therefore they are denied.

82. In response to Paragraph 82, Defendant–Intervenor denies the allegation that the School District's restroom policies or practices constitute an "affront" to any student's "modesty and dignity." Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 82, and therefore they are denied.

83. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 83, and therefore they are denied.

84. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, and therefore they are denied.

85. In response to Paragraph 85, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first three sentences of the paragraph, and therefore they are denied. Defendant–Intervenor denies the remaining allegations in Paragraph 85.

86. Defendant–Intervenor denies the allegations in Paragraph 86.

87. In response to Paragraph 87, Defendant–Intervenor admits that the School District provides Anne Roe, a transgender student, with access to communal restrooms matching her gender identity. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 87, and therefore they are denied.

88. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88, and therefore they are denied.

89. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 89, and therefore they are denied.

90. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, and therefore they are denied.

91. Defendant–Intervenor denies the allegations in Paragraph 91.

92. Defendant–Intervenor denies the allegations in Paragraph 92.

93. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and therefore they are denied.

94. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94, and therefore they are denied.

95. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and therefore they are denied.

96. In response to Paragraph 96, Defendant–Intervenor admits that all Bethel parents, whether religious or not, have a fundamental right to make decisions concerning the care, custody, and control of their children, which includes the right to decide whether to send their children to a public school. Defendant–Intervenor denies the remaining allegations in Paragraph 96.

97. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 97, and therefore they are denied.

98. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98, and therefore they are denied.

99. Defendant–Intervenor denies the allegations in Paragraph 99.

100. In response to Paragraph 100, Defendant–Intervenor admit the allegation that "[p]arents have a fundamental right to determine whether their children should attend public school and to remove them from the public school system." Defendant–Intervenor denies the remaining allegations in Paragraph 100.

## RESPONSE TO COUNT ONE

101. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

102. Defendant–Intervenor admits the allegations in Paragraph 102.

103. Defendant–Intervenor admits the allegations in Paragraph 103.

104. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 104, and therefore they are denied.

105. Defendant–Intervenor admits the allegations in Paragraph 105, insofar as those allegations specify Plaintiffs' request for relief. Further answering, Defendant–Intervenor lacks sufficient knowledge or information to form a belief as to whether Plaintiffs are entitled to the relief requested in Paragraph 105, and therefore any allegations to that effect are denied.

### RESPONSE TO COUNT TWO

106. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

107. Defendant–Intervenor denies the allegations in Paragraph 107.

108. In response to the first and third sentences of Paragraph 108, Defendant–Intervenor admits the allegations contained in those sentences, insofar as those allegations specify Plaintiffs' request for relief. Further answering, Defendant–Intervenor denies that Plaintiffs are entitled to the relief requested in the first and third sentences of Paragraph 108. In response to the second sentence of Paragraph 108, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in that sentence, and therefore they are denied.

### RESPONSE TO COUNT THREE

109. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

110. In response to Paragraph 110, Defendant–Intervenor admits that the Supreme Court of the United States has recognized a fundamental right of parents to direct the upbringing and education of children under their control. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 110, and therefore they are denied.

111. Defendant–Intervenor denies the allegations in Paragraph 111.

112. In response to Paragraph 112, Defendant–Intervenor admits that parents have a fundamental right to make decisions concerning the care, custody, and control of their children. Defendant–Intervenor denies the remaining allegations in Paragraph 112.

113. Defendant–Intervenor denies the allegations in Paragraph 113.

114. Defendant–Intervenor denies the allegations in Paragraph 114.

115. Defendant–Intervenor admits the allegations in Paragraph 115, insofar as those allegations specify Plaintiffs' request for relief. Further answering, Defendant–Intervenor denies that Plaintiffs are entitled to the relief requested in Paragraph 115.

## **RESPONSE TO COUNT FOUR**

116. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

117. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 117, and therefore they are denied.

118. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118, and therefore they are denied.

119. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 119, and therefore they are denied.

120. Defendant–Intervenor denies the allegations in Paragraph 120.

121. Defendant–Intervenor denies the allegations in Paragraph 121.

122. Defendant–Intervenor denies the allegations in Paragraph 122.

123. Defendant–Intervenor denies the allegations in Paragraph 123.

124. Defendant–Intervenor denies the allegations in Paragraph 124.

125. Defendant–Intervenor denies the allegations in Paragraph 125.

126. Defendant–Intervenor admits the allegations in Paragraph 126, insofar as those allegations specify Plaintiffs' request for relief. Further answering, Defendant–Intervenor denies that Plaintiffs are entitled to the relief requested in Paragraph 126.

### RESPONSE TO COUNT FIVE

127. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

128. Defendant–Intervenor denies the allegations in Paragraph 128.

129. Defendant–Intervenor denies the allegations in Paragraph 129.

130. Defendant–Intervenor denies the allegations in Paragraph 130.

131. Defendant–Intervenor denies the allegations in Paragraph 131.

132. Defendant–Intervenor admits the allegations in Paragraph 132, insofar as those allegations specify Plaintiffs' request for relief. Further answering, Defendant–Intervenor denies that Plaintiffs are entitled to the relief requested in Paragraph 132.

### RESPONSE TO COUNT SIX

133. Defendant–Intervenor incorporates her responses to all previous paragraphs of the Complaint as if fully rewritten herein.

134. Defendant–Intervenor admits the allegations in Paragraph 134, insofar as those allegations specify the purported nature of Plaintiffs' claim. Further answering, Defendant–Intervenor lacks sufficient knowledge or information to form a belief as to whether Plaintiffs are entitled to the relief requested in Paragraph 134, and therefore any allegations to that effect are denied.

135. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 135, and therefore they are denied.

136. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 136, and therefore they are denied.

137. In response to the allegations in the first sentence of Paragraph 137, Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in that sentence, and therefore they are denied. Defendant–Intervenor admits the remaining allegations in Paragraph 137 insofar as they quote or summarize part of the statutory language. Further answering, Defendant–Intervenor lacks sufficient knowledge or information to form a belief as to whether the cited statute applies to any alleged conduct in the Complaint, and therefore any allegations to that effect are denied.

138. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 138, and therefore they are denied.

139. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 139, and therefore they are denied.

140. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 140, and therefore they are denied.

141. Defendant–Intervenor lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 141, and therefore they are denied.

142. Defendant–Intervenor denies all allegations in the Complaint that are not specifically admitted herein as true.

## **AFFIRMATIVE DEFENSES**

143. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

144. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

145. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, and/or laches.

146. Defendant–Intervenor reserves the right to add defenses, including affirmative defenses, as may be discovered during the course of this action.

Respectfully submitted,

/s/ David J. Carey
David J. Carey (0088787)
ACLU OF OHIO FOUNDATION
1108 City Park Avenue, Ste. 203
Columbus, OH 43206
Phone: 614-586-1972
Fax: 614-586-1974
dcarey@acluohio.org

Freda Levenson (0045916)
ACLU OF OHIO FOUNDATION
4506 Chester Ave.
Cleveland, OH 44103
Phone: 614-586-1972
Fax: 614-586-1974
flevenson@acluohio.org

Malita Picasso*
Aditi Fruitwala**
Rose Saxe*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY
Phone: 212-549-2500
Fax: 212-549-2650
mpicasso@aclu.org
afruitwala@aclu.org
rsaxe@aclu.org

Michael D. Meuti (0087233)
David M. Hopkins (0095285)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone: 216-363-4500
Fax: 216-363-4588
mmeuti@beneschlaw.com
dhopkins@beneschlaw.com

*Admitted pro hac vice
**Pro hac vice forthcoming

Counsel for Defendant–Intervenor Anne Roe (a minor, by and through her legal guardian Joanne Roe)

**CERTIFCATE OF SERVICE**

      I, David J. Carey, hereby certify that on this 27th day of January, 2023, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Southern District of Ohio via the ECF system, which will send notification of such filing to all counsel of record.

                                                                  */s/ David J. Carey*