## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | | |
|---|---|---|
| **JOHN AND JANE DOE NO. 1, et al** | **:** | **CASE NO: 3:22-cv-00337** |
| | **:** | |
| **PLAINTIFFS** | **:** | **JUDGE MICHAEL J. NEWMAN** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **BETHEL LOCAL SCHOOL DISTRICT** | **:** | |
| **BOARD OF EDUCATION, et al** | **:** | |
| | **:** | |
| **DEFENDANTS.** | **:** | |

_____

### DEFENDANTS' BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, AND LYDDA MANSFIELD, LORI SEBASTIAN, NATALIE DONAHUE, DANNY ELAM, JACOB KING, AND MATHEW CHRISPIN, IN THEIR OFFICIAL CAPACITIES ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES
### AND
### JURY DEMAND ENDORSED HEREON

_____

Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King and Matthew Chrispin, in their official capacities (collectively referenced as "BOE Defendants"), state the following as an answer to Plaintiffs' Complaint[1]:

### FIRST DEFENSE

### INTRODUCTION

1.  BOE Defendants deny all allegations in Paragraph 1 of Plaintiffs' Complaint.

2.  BOE Defendants deny all allegations in Paragraph 2 of Plaintiffs' Complaint.

3.  BOE Defendants deny all allegations in Paragraph 3 of Plaintiffs' Complaint.

4.  BOE Defendants deny all allegations in Paragraph 4 of Plaintiffs' Complaint.

---

[1] Attached is a Certificate of Tina K. Hageman, Treasurer / CFO for Bethel Local School District. Other referenced documents are incorporated by reference through citation to documents already filed on record.

5.      BOE Defendants deny all allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      BOE Defendants deny all allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      BOE Defendants deny all allegations in Paragraph 7 of Plaintiffs' Complaint.

8.      BOE Defendants deny all allegations in Paragraph 8 of Plaintiffs' Complaint.

## PARTIES

9.      BOE Defendants admit the Plaintiffs in this case are all Bethel students or the parents of Bethel students, with the exception of John Doe No. 9 as the name provided under the Stipulated Protective Order (Doc 11) did not populate any hits.  BOE Defendants deny all remaining allegations in Paragraph 9 of Plaintiffs' Complaint.

10.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 10 of Plaintiffs' Complaint, and deny said allegations.

11.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 11 of Plaintiffs' Complaint, and deny said allegations.

12.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 12 of Plaintiffs' Complaint, and deny said allegations.

13.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegation that John and Jane Doe No. 2 are husband and wife.  BOE Defendants admit their children are students at Bethel.

14.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 14 of Plaintiffs' Complaint, and deny said allegations.

15.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegation contained in Paragraph 15 that Child No. 3B is a biological girl but admit the birth certificate in Child No. 3B reflects sex assigned at birth to be female.  BOE Defendants admit that Child No. 3B is a ninth-grade student at Bethel.

16.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegation contained in Paragraph 16 that Child No. 3C is a biological boy but admit the birth certificate in Child No. 3C reflects sex assigned at birth to be male. BOE Defendants admit that Child No. 3C is a seventh-grade student at Bethel.

17.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    BOE Defendants are without knowledge to form a belief as to the veracity of the allegation contained in Paragraph 18 that Child No. 4D is a biological boy but admit the

birth certificate in Child No. 4D reflects sex assigned at birth to be male. BOE Defendants admit that Child No. 4D is a seventh-grade student at Bethel.

19.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 20 that Child No. 5E is a biological boy but admit the birth certificate in Child No. 5E reflects sex assigned at birth to be male. BOE Defendants admit that Child No. 5E is an eighth-grade student at Bethel.

21.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint, and deny said allegations.

22.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint, and deny said allegations.

23.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegations contained in Paragraph 23 that Child No. 7F is a biological boy but admit the birth certificate in Child No. 7F reflects sex assigned at birth to be male.  BOE Defendants admit that Child No. 7F is a ninth-grade student at Bethel.

24.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegation that John and Jane Doe No. 8 are husband and wife. BOE Defendants admit their children are students at Bethel.

25.     BOE Defendants are without knowledge to form a belief as to the veracity of the allegation contained in Paragraph 25 of Plaintiffs' Complaint, and deny said allegations.

### Defendants

26.     BOE Defendants admit the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendant BOE admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     BOE Defendants admit the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     BOE Defendants admit that Lydda Mansfield is sued in her official capacity only.
BOE Defendants admit that she always acted in her official capacity only. BOE Defendants deny all other remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.   BOE Defendants admit that Lori Sebastian is sued in her official capacity only. BOE Defendants admit that she always acted in her official capacity only. BOE Defendants deny all other remaining allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.   BOE Defendants admit that Jacob King is sued in his official capacity only. BOE Defendants admit that he always acted in his official capacity only. BOE Defendants deny all other remaining allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.   BOE Defendants admit that Natalie Donahue is sued in her official capacity only. BOE Defendants admit that she always acted in her official capacity only. BOE Defendants deny all other remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.   BOE Defendants admit that Danny Elam is sued in his official capacity only. BOE Defendants admit that he always acted in his official capacity only. BOE Defendants deny all other remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

34.   BOE Defendants admit allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.   BOE Defendants admit that Matthew Chrispin is sued in his official capacity only as Superintendent and that he always acted his official capacity only.  BOE Defendants deny all other remaining allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

36.   BOE Defendants admit the Complaint attempts to plead claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and deny all remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint as Plaintiffs' have failed to invoke the Court's jurisdiction and have otherwise filed to state an actionable, justiciable claim.

37.   BOE Defendants deny all allegations contained in Paragraph 37 of Plaintiffs' Complaint, including Plaintiffs' failure to plead claims presenting a case or controversy under Article III of the United States Code.

38.   BOE Defendants deny all allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.   BOE Defendants admit allegations contained in Paragraph 39 of Plaintiffs' Complaint.

## BACKGROUND FACTS

40.   BOE Defendants admit the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 41 of Plaintiffs' Complaint and deny said allegations.  BOE Defendants state its schools, to their personal knowledge, currently contain communal restrooms designated for males, communal restrooms designated for females, and single

user restrooms; and currently contain locker rooms designated for males and locker rooms designated for females.

42. BOE Defendants deny all allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. BOE Defendants deny all allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. BOE Defendants admit, absent accommodation granted by administration under Title IX, if a student assigned the sex of female enters the male communal restroom (and vice versa), the student may be subject to formal discipline, suspension and/or expulsion, depending upon the individual circumstances and deny the remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint as they lack time and scope.

45. BOE Defendants admit transgender students are enrolled students in the District before 2022 to the present and deny all remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 46 of Plaintiffs' Complaint and deny said allegations.

47. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 47 of Plaintiffs' Complaint and deny said allegations.

### The Board's Major Change in Secret

48. BOE Defendants deny all allegations contained in Paragraph 48 of Plaintiffs' Complaint as stated. BOE Defendants admit the certified transcript of the September 13, 2021 Board Meeting public comment is filed on record (Doc. 17-1; PageID # 582-591).

49. BOE Defendants deny all allegations contained in Paragraph 49 of Plaintiffs' Complaint as stated. BOE Defendants admit the certified transcript of the September 13, 2021 Board Meeting public comment is filed on record (Doc. 17-1; PageID # 582-591).

50. BOE Defendants deny all allegations contained in Paragraph 50 of Plaintiffs' Complaint as stated. BOE Defendants admit the certified transcript of the September 13, 2021 Board Meeting public comment is filed on record (Doc. 17-1; PageID # 582-591).

51. BOE Defendants deny all allegations contained in Paragraph 51 of Plaintiffs' Complaint as stated. BOE Defendants admit the certified transcript of the September 13, 2021 Board Meeting public comment is filed on record (Doc. 17-1; PageID # 582-591) and Defendant Jacob King's Declaration explaining his statements is also filed on record (Doc. 18-2; PageID # 632-634).

52. BOE Defendants deny all allegations contained in Paragraph 52 of Plaintiffs' Complaint as stated. BOE Defendants admit the certified transcript of the January 10, 2022 Board Meeting referenced statement is filed on record (Doc. 17-2; PageID # 592-597) and

Defendant Lydda Mansfield's Declaration explaining her statements is also filed on record (Doc. 18-3, PageID # 635-637; Doc. 35, PageID # 775-782).

53. BOE Defendants admit compliance with the Ohio Open Meetings Act, as it did not "deliberate" or engage in "voting of any kind" between September 13, 2021, and the Board meeting on January 10, 2022 "related to intimate facility use being based on gender identity instead of biological sex." The administration of the BOE Defendant administratively applies written Board of Education Policy to requests for accommodation related to transgender students and access to communal restrooms. Defendants deny the remaining allegations contained in Paragraph 53 of Plaintiffs' Complaint. Defendant BOE heard from the public during public comment at its meetings on this topic and sometimes throughout the agenda when the public would interrupt meetings with comments.

54. BOE Defendants deny all allegations contained in Paragraph 54 of Plaintiffs' Complaint. Defendant BOE took no "action."

55. BOE Defendants deny all allegations contained in Paragraph 55 of Plaintiffs' Complaint. Defendant BOE took no "action." BOE Defendants admit the certified transcript of the January 10, 2022 Board Meeting referenced statement is filed on record (Doc. 17-2; PageID # 592-597) and Defendant Lydda Mansfield's Declaration explaining her statements is also filed on record (Doc. 18-3, PageID # 635-637; Doc. 35, PageID # 775-782).

56. BOE Defendants deny all allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57. BOE Defendants deny all allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. BOE Defendants deny all allegations contained in Paragraph 58 of Plaintiffs' Complaint.

### The Bethel Community

59. BOE Defendants deny all allegations contained in Paragraph 59 of Plaintiffs' Complaint as Paragraph 59 fails to comply with Civ.R. 8 General Rules of Pleading.

60. BOE Defendants deny all allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61. BOE Defendants deny all allegations contained in Paragraph 61 of Plaintiffs' Complaint as stated. It is admitted materials were delivered to the school district and to date have not been used for the bathroom renovation project.

62. BOE Defendants deny all allegations contained in Paragraph 62 of Plaintiffs' Complaint as stated. It is admitted a document labeled "FAQ," (BOE 502-507), which was revised (two versions attached), appeared for a finite period of time on the District's website at times relevant to Complaint allegations, no longer appears, and speaks for itself.

63. BOE Defendants admit it is currently expanding the footprint of the school facility, which houses grades K through 12 under one roof but in separate wings serving elementary, middle, and high school students, and deny the remaining allegations contained in Paragraph 63 of Plaintiffs' Complaint. The entire School District is over-crowded – the restrooms, library, and cafeteria alike. Therefore, the facility is currently under renovation constructing a new building. The student population increases each year for the last six years, averaging 94 new students per year. From the end of May 2022, 197 new students enrolled in the School District, including 70 Ukraine refugees.

64. BOE Defendants admit single user restroom facilities are limited in number and, therefore, access is also limited, and otherwise deny all remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint. BOE Defendants admits it grants access to single user restroom facilities to all students requesting access.

65. BOE Defendants deny all allegations contained in Paragraph 65 of Plaintiffs' Complaint as stated. It fails to comply with Civ.R. 8 General Rules of Pleading.

**The Muslim Plaintiffs**

66. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 66 of Plaintiffs' Complaint and deny said allegations.

67. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 67 of Plaintiffs' Complaint and deny said allegations.

68. BOE Defendants deny all allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69. BOE Defendants deny all allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. BOE Defendants deny all allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71. BOE Defendants deny all allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 72 of Plaintiffs' Complaint and deny said allegations.

73. BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 73 of Plaintiffs' Complaint and deny said allegations.

74. BOE Defendants deny all allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. BOE Defendants deny all allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. BOE Defendants deny all allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. BOE Defendants deny all allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.   BOE Defendants deny all allegations contained in Paragraph 78 of Plaintiffs' Complaint.

**The Christian Plaintiffs**

79.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 79 of Plaintiffs' Complaint and deny said allegations.

80.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 80 of Plaintiffs' Complaint and deny said allegations.

81.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 81 of Plaintiffs' Complaint and deny said allegations.

82.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 82 of Plaintiffs' Complaint and deny said allegations.

83.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 83 of Plaintiffs' Complaint and deny said allegations.

84.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 84 of Plaintiffs' Complaint and deny said allegations.

85.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 85, sentences one, two, and three of Plaintiffs' Complaint, and deny said allegations.   BOE Defendants deny the allegations contained in Paragraph 85, sentence four of Plaintiffs' Complaint.

86.   BOE Defendants deny all allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.   BOE Defendants deny all allegations contained in Paragraph 87 of Plaintiffs' Complaint. BOE Defendants admit its administrative staff provides Anne Roe, a transgender student, with access to communal restrooms matching her gender identity, under Board Policy 5517 Student Anti-Harassment (Doc. 16-6; Page ID# 400-425.

88.   BOE Defendants admit allegations contained in Paragraph 88 of Plaintiffs' Complaint in that it has adopted Policy 2260 – Nondiscrimination and Access to Equal Educational Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), and denies any remaining allegations contained in Paragraph 88.

89.   BOE Defendants admit allegations contained in Paragraph 88 of Plaintiffs' Complaint in that it has adopted Policy 2260 – Nondiscrimination and Access to Equal Educational Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), and denies any remaining allegations contained in Paragraph 89.

90.   BOE Defendants admit allegations contained in Paragraph 90 of Plaintiffs' Complaint in that it has adopted Policy 2260 – Nondiscrimination and Access to Equal Educational

Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), and denies any remaining allegations contained in Paragraph 90.

91.   BOE Defendants deny all allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.   BOE Defendants deny all allegations contained in Paragraph 92 of Plaintiffs' Complaint.

**All Families**

93.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 93 of Plaintiffs' Complaint and deny said allegations.

94.   BOE Defendants are without knowledge to form a belief as to the veracity of the allegations in Paragraph 94 of Plaintiffs' Complaint and deny said allegations.

95.   BOE Defendants deny all allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.   BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 96 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

97.   BOE Defendants deny all allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.   BOE Defendants deny all allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.   BOE Defendants deny all allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.  BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 100 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

**COUNT ONE**
**(OHIO OPEN MEETINGS ACT)**

101.  BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 100 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

102.  BOE Defendants deny all allegations contained in Paragraph 102 of Plaintiffs' Complaint as stated.  It fails to comply with Civ.R. 8 General Rules of Pleading.  BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 102 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

103.   BOE Defendants admit O.R.C. 121.22 (H) states in full:

(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.

BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 103 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

104.   BOE Defendants deny all allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.   BOE Defendants deny all allegations contained in Paragraph 115 of Plaintiffs' Complaint and all allegations suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

## COUNT TWO
## (TITLE IX)

106.   BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 105 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

107.   BOE Defendants deny all allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.   BOE Defendants deny all allegations contained in Paragraph 108 of Plaintiffs' Complaint and all allegations suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action. Board Policy 5517 Student Anti-Harassment (Doc. 16-6; Page ID# 400-425 is the Board Policy administration applies, as advised by Board of Education legal counsel, to continue to grant the accommodation requested on behalf of Anne Roe. If a transgender student requests locker room access accommodation aligning with his/her sexual identity, a single use restroom will be assigned to the student for use as the locker rooms do not presently have any private changing areas.

## COUNT THREE
## (PARENTAL RIGHTS-FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION)

10

109.    BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 108 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

110.    BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 110 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

111.    BOE Defendants deny all allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 112 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

113.    BOE Defendants deny all allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    BOE Defendants deny all allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    BOE Defendants deny all allegations contained in Paragraph 115 of Plaintiffs' Complaint and all allegations suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

## COUNT FOUR
## (EQUAL PROTECTION – FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION)

116.    BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 115 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

117.    Assuming Plaintiffs are referencing Policy 2260 – Nondiscrimination and Access to Equal Educational Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), BOE Defendants admit allegations contained in Paragraph 117 of Plaintiffs' Complaint.  If not, the allegations are denied as vague.

118.    Assuming Plaintiffs are referencing Policy 2260 – Nondiscrimination and Access to Equal Educational Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), BOE Defendants admit allegations contained in Paragraph 118 of Plaintiffs' Complaint.  If not, the allegations are denied as vague.

119. Assuming Plaintiffs are referencing Policy 2260 – Nondiscrimination and Access to Equal Educational Opportunity, which speaks for itself and is filed on record (Doc. 16-3; PageID # 249-260), BOE Defendants admit allegations contained in Paragraph 119 of Plaintiffs' Complaint. If not, the allegations are denied as vague.

120. BOE Defendants deny all allegations contained in Paragraph 120 of Plaintiffs' Complaint. The School District student population is diverse. The Board of Education Policies acknowledge free exercise of religion and separation of church and state within the context of student rights, and in other contexts: 1200, 1220, 1422, 1662, 2240, 2260, 2270, 2416, 3122, 3210, 3362, 4122, 4210, 4362,4430, 5112, 5120, 5136, 5136.01, 5200, 5223, 5320, 5330, 5517, 5730, 8330, 8450.01, 8800, 9700 and 9700.01. (Doc. 16-2, PageID # 201-204, 208-246; Doc. 16-3, PageID # 247-260, 283-284; Doc. 16-3, PageID # 287-322; Doc. 16-5, PageID # 330-375; Doc. 16-6, PageID # 376-426; Doc. 16-7, PageID # 432-437, 450-456). The School District abides by the Ohio Learning Standards which require curriculum and learning on the five major religions (Doc. 16-12, PageID # 527-573). Board Policy also governs school clubs: Policy 2430 and 5730 (Doc. 16-3, PageID # 285-286; Doc. 16-6, PageID # 426). Currently in the High School, in addition to many other clubs, Fellowship of Christian Athletes and Gay-Straight Alliance are offered to students.

121. BOE Defendants deny all allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122. BOE Defendants deny all allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123. BOE Defendants deny all allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124. BOE Defendants deny all allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125. BOE Defendants deny all allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126. BOE Defendants deny all allegations contained in Paragraph 126 of Plaintiffs' Complaint and all allegations suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

### COUNT FIVE
### (FREE EXERCISE – FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION)

127. BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 126 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

12

128.  BOE Defendants deny all allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.  BOE Defendants deny all allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.  BOE Defendants deny all allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.  BOE Defendants deny all allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.  BOE Defendants deny all allegations contained in Paragraph 132 of Plaintiffs' Complaint and all allegations suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

**COUNT SIX**
**42 U.S.C. § 1983, NOTIFY PARENTS**
**AND OBTAIN WRITTEN CONSENT)**

133.  BOE Defendants admit, denies and is without knowledge as plead above to repeated and realleged Paragraphs 1 through 132 as if fully restated in response to Paragraph 101 of Plaintiffs' Complaint.

134.  BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district. BOE Defendants deny all allegations contained in Paragraph 134 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

135.  BOE Defendants admit allegations contained in Paragraph 135 of Plaintiffs' Complaint, and specifically states the federal funds the Board receives are reflected in Federal Schedule for Fiscal Year 2022 (BOE 401) which outlines all federal funds received and explained in layman's terms in the Bethel Local Schools Federal Program Update May 2022 (BOE 402-412), prepared by Board Treasurer/CFO Tina K. Hageman for the community and Board.

136.  BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district. BOE Defendants deny all allegations contained in Paragraph 136 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action. The Board of Education Policies acknowledge parental/custodial guardian rights within the context of public school education including, but not limited to: 0100, 511.03, 2261.01, 2416, 2430, 2623, 3120, 4430, 5111, 5111.01, 5130, 5136, 5200, 5223, 5517.01, 5610, 5610.03, 5611, 5630.01, 5730, 5751, 5780, 6152, 6152.01, 7450.02, 7540.04, 8330 and 9210 (BOE 413-501).

137. BOE Defendants admit the Board and its administration and staff are governed by federal and state law in their operation of an Ohio public school district.  BOE Defendants deny all allegations contained in Paragraph 137 of Plaintiffs' Complaint suggesting Plaintiffs have stated a valid claim or are entitled to relief of any kind in this action.

138. BOE Defendants deny all allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139. BOE Defendants deny all allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140. BOE Defendants deny all allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141. BOE Defendants deny all allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142. Defendant BOE denies all titles and all other unnumbered allegations appearing anywhere in Plaintiffs' Complaint.

## PRAYER

143. Defendant BOE denies all demands for judgment made by Plaintiffs, including A through J, and deny that the Federal Court possesses lawful jurisdiction to order some or all of Plaintiffs' demands for judgment.

## SECOND DEFENSE

144. Plaintiffs fail to state a claim against BOE Defendants upon which relief may be granted.

## THIRD DEFENSE

145. Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitation.

## FOURTH DEFENSE

146. Plaintiffs' claims may be barred by the doctrines of laches, waiver, estoppel, issue preclusion, res judicata, release, accord and satisfaction, unclean hands, and/or consent.

## FIFTH DEFENSE

147. Plaintiffs' claims against BOE Defendants for alleged injuries and damages, if any, directly and proximately resulted from independent, intervening and/or superseding causes.

## SIXTH DEFENSE

148.  The Court lacks subject-matter jurisdiction as to some or all the claims, including, but not limited to, those for injunctive relief and declaratory judgment.  Plaintiffs' claims are barred by lack of subject matter and/or personal jurisdiction and/or standing.

## SEVENTH DEFENSE

149.  Plaintiffs' damages, if any were in fact sustained, were caused by other persons, firms, entities, or conditions, over which BOE Defendants has no ownership, responsibility, or control.

## EIGHTH DEFENSE

150.  Plaintiffs' alleged cause of action may be barred, in whole or in part, because of Plaintiffs' failure to join necessary parties to the action.

151.  The Complaint fails to join parties and claims required to be joined by Civ.R. 19, without limitation, subrogees and subrogated claims, for which Plaintiffs are not the real parties in interest.

152.  Alternatively, insofar as any third person paid medical, hospital, pharmaceutical or like expenses on behalf of Plaintiffs at an amount less than the original sum billed, and the provider accepted such payment as satisfaction in full, the amount paid represents the reasonable value of such services.  Further in the alternative, BOE Defendants are entitled to a set-off under O.R.C. 2315.20 for any benefits paid to or on behalf of Plaintiffs which are not subject to a right of subrogation.

## NINTH DEFENSE

153.  BOE Defendants allege that Plaintiffs have failed to exhaust all administrative remedies as required by law and/or Plaintiffs' claims are barred by a failure to bring the more specific claim.

## TENTH DEFENSE

154.  BOE Defendants allege that Plaintiffs' claims are barred by other adequate remedies at law.

## ELEVENTH DEFENSE

155.  BOE Defendants allege that Plaintiffs' claims are barred and/or limited pursuant to applicable provisions of state and federal law.

## TWELFTH DEFENSE

156. BOE Defendants allege that non-deliberative actions and decisions, all of Plaintiffs' allegations of which are specifically denied, may have been undertaken and based on the advice of legal counsel.

## THIRTEENTH DEFENSE

157. Plaintiffs have failed to mitigate any of Plaintiffs' alleged damages, to the extent that there are any damages.

## FOURTEENTH DEFENSE

158. Plaintiffs' action may be barred by the doctrine of mootness.

## FIFTEENTH DEFENSE

159. BOE Defendants acted at all relevant times herein in the good faith discharge of their official and lawful duties, undertaken in official capacity only.

## SIXTEENTH DEFENSE

160. BOE Defendants acted reasonably, in good faith, and did not violate clearly established law.

## SEVENTEENTH DEFENSE

161. No action by BOE Defendants or anyone acting on behalf of any BOE Defendants rose to the level of a constitutional deprivation to the extent Plaintiffs attempt to plead any federal civil rights claims, if any.

## EIGHTEENTH DEFENSE

162. Plaintiffs' claims against the individual Defendants in their official capacities only merge as a matter of law with the Plaintiffs' claims against the Board of Education.

## NINETEENTH DEFENSE

163. Individual Defendants sued in their official capacities only always acted with lawful privilege, under color of law, and in official capacity fulfilling official duties for the Board of Education.

## TWENTIETH DEFENSE

164. The Rooker-Feldman doctrine may apply to bar jurisdiction and/or injunctive relief.

## TWENTY-FIRST DEFENSE

165.  Federal abstention applies to bar jurisdiction and/or injunctive relief.

## TWENTY-SECOND DEFENSE

166.  The public interest is not served, but harmed, by any injunctive relief. Furthermore, no irreparable harm exists, and there is no likelihood of success by Plaintiffs as to the merits of their claims.

## TWENTY-THIRD DEFENSE

167.  A qualified and/or absolute and/or attorney client and/or work product privilege exists as to any communications and/or actions of the legal counsel employed by the Board of Education.

168.  A qualified and/or absolute privilege and/or legislative and/or executive and/or executive session and/or attorney client privilege exists as to any communications and/or actions of the current and former individual board members and administrative staff.

## TWENTY-FOURTH DEFENSE

169.  The BOE Defendants always exercise reasonable care to prevent and/or promptly correct harassment and/or discrimination and/or retaliation and Plaintiffs fail to take advantage of those corrective opportunities through written policy and through practice.

## TWENTY-FIFTH DEFENSE

170.  Defendant BOE has no applicable or relevant policy that is facially discriminatory or that disproportionately impacts Plaintiffs.

## TWENTY-SIXTH DEFENSE

171.  Defendant BOE has no applicable or relevant policy that is intentionally discriminatory.

## TWENTY-SEVENTH DEFENSE

172.  BOE Defendants took all reasonable steps to prevent and deal with any discrimination or retaliation or harassment, Plaintiffs never complained, and therefore BOE Defendants had no opportunity to investigate any such allegations.

## TWENTY-EIGHTH DEFENSE

173.  There may be other affirmative defenses that will become known as this lawsuit proceeds through discovery. BOE Defendants reserve the right to raise any other affirmative

defenses and/or amend this Answer as such defenses become known. BOE Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross claims and third-party claims which become available or apparent during the course of discovery or trial, and hereby reserve the right to amend this Answer to assert such defenses. The defenses asserted on behalf of all BOE Defendants are not to be read as allowing a claim to stand against any certain Defendant. Plaintiffs' claims fail to specifically state which particular party-Defendant each is plead against.

Respectfully submitted,

s/ Lynnette Dinkler
Lynnette Dinkler (0065455)
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local Schools District Board of Education, and in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam Jacob King and Matthew Chrispin*

s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local School District Board of Education*

## JURY DEMAND

BOE Defendants hereby demand a trial by jury as to all triable issues.

Respectfully submitted,

s/ Lynnette Dinkler
Lynnette Dinkler (0065455)
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive

18

Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local
Schools District Board of Education, and in
their official capacities Lydda Mansfield,
Lori Sebastian, Natalie Donahue, Danny
Elam Jacob King and Matthew Chrispin*

s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local
School District Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2023, I served the foregoing, via the Court's CM/ECF E-filing System which will send notification to the following:

Joseph P. Ashbrook
jpashbrook@ashbrookbk.com
Julie E. Byrne
jebyrne@ashbrookbk.com
Ashbrook Byrne Kresge, LLC
P.O Box 8248
Cincinnati, OH 45249
*Attorneys for Plaintiff*

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

Nicholas Barry (pro hac vice)
Nicholas.barry@aflegal.org
America First Legal
611 Pennsylvania Ave, SE #231
Washington, DC 20003
*Attorneys for Plaintiffs*

Michael Meuti
mmeuti@beneschlaw.com
David M. Hopkins (0095285)
dhopkins@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff
LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378

*Attorneys for Intervenor Defendant Anne Roe*

David Carey
dcarey@acluohio.org
ACLU of Ohio Foundation
1108 City Park Ave., Suite 203
Columbus, OH 43206

Freda Levenson
flevenson@aclueohio.org
ACLU of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
*Attorneys for Intervenor Defendant Anne Roe*

s/ Lynnette Dinkler
Lynnette Dinkler 0065455