# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

| | | |
|---|---|---|
| **JOHN AND JANE DOE NO. 1, et al** | : | **CASE NO: 3:22-cv-00337** |
| | : | |
| **PLAINTIFFS,** | : | **JUDGE MICHAEL J. NEWMAN** |
| | : | |
| vs. | : | |
| | : | |
| **BETHEL LOCAL SCHOOL DISTRICT** | : | |
| **BOARD OF EDUCATION, et al** | : | |
| | : | |
| **Defendants.** | : | |

---

### DEFENDANTS' MOTION IN LIMINE, TO STRIKE AND TO REMOVE FROM DOCKET BY PLACING UNDER SEAL
### FORMER BOARD OF EDUCATION MEMBER JESSICA FRANZ'S DECLARATION DOC. 37-3 PAGE ID 814-817

---

Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Matthew Chrispin, in their official capacities (collectively referenced as "Defendants BOE"), move the Court in limine for an order:

1. Prohibiting the use of the Jessica Franz Declaration (Doc. 37-3 Page ID 814-817) as evidence for any reason in this proceeding;

2. Striking the Jessica Franz Declaration from the record;

3. Removing the Jessica Franz Declaration from the docket and placing it under seal to preserve the appellate record while limiting further prejudice to Defendants BOE.

This Motion is supported by the attached Declarations of Former Superintendent Justin Firks (Ex. A), Fiscal Officer/CEO Tina Hageman (Ex. B), and Alvin E. Mathews, Esq. (Ex. C), legal ethics and professional liability expert, and the following memorandum.

Respectfully submitted,

s/ Lynnette Dinkler
Lynnette Dinkler (0065455)
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local
Schools District Board of Education, and
in their official capacities Lydda Mansfield,
Lori Sebastian, Natalie Donahue, Danny
Elam, Jacob King, and Matthew Chrispin*

s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local
School District Board of Education*

## **MEMORANDUM**

### **I. INTRODUCTION**

Plaintiffs move for a preliminary injunction on the Ohio Open Meetings Act claim asserted in their unverified Complaint. Their Motion cites two facts only, and these two facts are in support of preliminary injunction factor one: statements made at the September 13, 2021 and January 10, 2022 Board of Education meetings. Plaintiffs' Motion for Preliminary Injunction, Doc. 5-1 Page ID 57-58. Plaintiffs offer no evidence regarding preliminary injunction factors two through four. *Id.,* Doc. 5-1 Page ID 61-62.

In their reply, Plaintiffs argue new facts, for the first time, which appear to be otherwise available to them in support of preliminary factors two through four, prejudicially depriving

2

Defendants BOE of meaningful opportunity to challenge this evidence in its memorandum in opposition. Included is the Declaration former Board of Education Member Jessica Franz. Doc. 37-3 Page ID 814-817. The Franz Declaration should be stricken because it violates attorney client privilege, Ohio's executive session privilege, Ohio Revised Code Chapter 102 Public Officers – Ethics, and Ohio Rules of Professional Conduct. These four grounds independently and collectively compel the requested relief, and order:

- Prohibiting the use of the Jessica Franz Declaration (Doc. 37-3 Page ID 814-817) as evidence for any reason in this proceeding;
- Striking the Jessica Franz Declaration from the record;
- Removing the Jessica Franz Declaration from the docket and placing it under seal to preserve the appellate record while limiting further prejudice to Defendants BOE.

Defendants BOE seek the exclusion of evidence and testimony relating to privileged communications in the form of a motion in limine and as well as the motion to strike. The determination whether to grant or deny a motion in limine is within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F.Supp.2d 853, 858 (W.D.Mich.2008). Courts should exclude evidence on a motion in limine only when it is clearly inadmissible, which is the case here. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004).

The undersigned do not take the filing of the instant matter lightly. Their performance of immediate due diligence is demonstrated by the retention of a highly respected expert to review the matter and offer expert opinions before making the instant filing. The violation of the Board's legal rights erodes the sanctity of common law, statutory and rule created privileges intended to breed unconditional trust and the highest of integrity into the attorney/client relationship to allow

3

the client to be best served by its legal counsel and to allow the public entity client to do its best work in the context of the executive session to serve its constituents, here, public school students.

## II. LEGAL ANALYSIS

### A. The Franz Declaration

Jessica Franz, a former Board of Education member elected in November 2021 who served from January 1, 2022 to September 12, 2022, when she resigned (Tina Hageman Dec. ¶ 4) following the August 2, 2022 Primary Election to hold her new public office, Republican State Central Committee Woman Rep (https://www.boe.ohio.gov/miami/c/elecres/20220802results.pdf (last visited Feb. 6, 2023)), executes a Declaration where she discloses attorney client and executive session privileged information belonging to the Board of Education. Ms. Franz did not attend any Ohio Open Meetings Act training during her tenure as a Board member, despite being encouraged to do so. Tina Hageman Dec. ¶ 5-9.

### B. The December 7, 2021 Board of Education Workshop Meeting Executive Session

In their preliminary injunction motion, Plaintiffs focus on the window of September 13, 2021 to January 10, 2022 in claiming a new rule is adopted in violation of the Open Meetings Act. Then, in their reply, they rely upon the Franz Declaration to state the purported new rule is adopted illegally in an executive session conducted at the December 7, 2021[1] Board workshop meeting. No discussion is offered to explain why this argument is being made for the first time in their reply.

The Board of Education adjourned into executive session for three reasons at the December 7, 2021 meeting: O.R.C. 121.22 (G)(1), (G)(3) and (G)(6). Hageman Dec ¶ 10. It is not contested that neither general legal counsel nor any other legal counsel engaged by the Board is present for

---

[1] The December 7, 2021 work session video recorded meeting will be filed manually upon leave of Court.

the executive session on December 7, 2021. See Alvin Mathews, Esq. Dec. ¶ 9. As the briefing and public meetings reflect, this matter is controversial starting at least since September 2021, and community complaints regarding transgender access, including Anne Roe, to communal restrooms with which they identify. Hageman Dec, ¶ 10; https://www.youtube.com/c/bethelboardmeetings (last viewed February 6, 2023).

Leading up to this public meeting, former Superintendent Firks receives an email from Joanne Roe, the mother of Anne Roe, Intervenor-Defendant. Firks Dec, ¶ 4, BOE 401-402[2]. It is Superintendent Firk's job as Superintendent to apply the written Board Policy when a request for accommodation is made for a student. *Id*. ¶ 10. Because this is the first request by a transgender student for accommodation to communal restroom access during his tenure as Superintendent at Bethel Local Schools, he asks for legal advice before deciding how to accommodate the request. *Id.* After receipt of legal advice, Superintendent Firks applies the Board's Board Policy 5517 Student Anti-Harassment (BOE 220-245), and grants Anne Roe's request for accommodation. Firks Dec. ¶ 10. He communicates with Joanne Roe on December 17, 2021, when she, her husband John Roe, and then Middle School Principal Mr. Triplett and he meet in person to discuss the matter. *Id.* Superintendent Firks tells Joanne Roe he is accommodating Anne Roe's request for accommodation and upon her return to school following the holiday break, she is permitted to access the communal restroom aligning with her sexual identity. *Id.* In working with the Roe family, Superintendent Firks knows Anne Roe, a transgender student, was assigned the sex of a male at birth, is transgendering, and identifies as a female.

    **C. Franz Violates the Board of Education's Attorney Client Privilege by Supplying Plaintiffs with Confidential Information and Executing the Declaration**

---

2 BOE 401-402 will be filed under seal upon leave of Court.

The violation of the attorney client privilege prejudices and harms the Board of Education for the reasons opined to a reasonable degree of professional certainty by Alvin E. Mathews, Esq., legal ethics and professional liability expert.  Mathews Dec. ¶ 1-10.

Members-elect, such as Ms. Franz, are entitled to attend executive sessions if invited. *Humphries v. Chicarelli*, 554 F.App'x 401, 401 (6th Cir.2014).  "[T]he Ohio executive session privilege[…] makes confidential any communications that occur during the executive sessions of political subdivisions. Ohio Rev. Code § 102.03(B)." *Id.*  Attorney client privileged information is shared in the context of a non-public meeting, an executive session.

The attorney client privilege elements, as defined by the Sixth Circuit, are:

1. Where legal advice of any kind is sought
2. from a professional legal adviser in his capacity as such,
3. the communications relating to that purpose,
4. made in confidence by the client,
5. are at his instance permanently protected from disclosure by himself or by the legal adviser,
6. unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-356 (6th Cir.1998).  The federal common law privilege controls here.  *Nilvar v. Mercy Health Sys.-W. Ohio*, 210 F.R.D. 597, 601 (S.D. Ohio 2002) ("[W]here there are both federal and supplemental state law claims at issue, the federal common law of privileges controls as to the entire case[.]").  The communications here were made in confidence, outside of the public and no Board vote has occurred to waive its privilege.

*Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998) holds: "The attorney client privilege is one of the oldest recognized privileges for confidential communications. *Upjohn Co.* v. *United States,* 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981); *Hunt* v. *Blackburn,* 128 U.S. 464, 470, 32 L. Ed. 488, 9 S. Ct. 125 (1888).The privilege is intended to encourage "full and frank communication between attorneys

and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn, supra,* at 389." *Swidler & Berlin* at 403.

Political subdivisions, like corporations, can assert attorney client privilege in civil matters. *Ross v. City of Memphis*, 423 F.3d 596, 603 (6th Cir. 2005); *Nix v. City of Cleveland*, 83 Ohio St. 3d 379 (Ohio 1998). Courts must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. *Clevenger v. Dillard's Department Stores*, 2007 WL 127978 (S.D. Ohio Jan 11, 2007). In this case, there clearly is no express waiver of the privilege by the Board of Education.

In *Ross v. City of Memphis*, the Sixth Circuit held that a City did not waive its attorney-client privilege when an individual City official seemingly puts that privilege at issue by raising the defense of the reliance on assistance of counsel. The Sixth Circuit noted that "generally in conversations between municipal officials and the municipality's counsel, the municipality, not any individual officers, is the client." *Id.* at 605; see also *In re Grand Jury Subpoena*, 274 F.3d 563, 571 (1st Cir.2001) ("The default assumption is that the attorney only represents the corporate entity, not the individuals within the corporate sphere ...."). Accordingly, under *Ross*, the attorney-client privilege in this case belongs to the Board of Education, and not Ms. Franz individually. The attorney client privilege prohibits the disclosure of legal advice by Ms. Franz. *Humphries v. Chicarelli*, 554 F.App'x 401, 401-402.

Just because Ms. Franz objected to the accommodation granted by the administration does not mean that she can decide on her own, as a former board member (or current board member) to waive the Board of Education's privilege.

**D. Franz Violates the Board of Education's Executive Session Privilege by Supplying Plaintiffs with Confidential Information and Executing the Declaration**

7

The violation of the executive session prejudices and harms the Board of Education for the reasons opined to a reasonable degree of professional certainty by Alvin E. Mathews, Esq., legal ethics and professional liability expert.  Mathews Dec. ¶ 1-10.

Beyond the attorney-client privilege, Ohio law also forbids Ms. Franz or any other board member from testifying as to or otherwise disclosing the discussions that occurred in the context of the December 7, 2021 executive session.  O.R.C. §121.22(G).

**E. Franz Violates Her Obligations Under Ohio Revised Code Chapter 102, Public Officers – Ethics, by Supplying Plaintiffs with Confidential Information and Executing the Declaration**

The violation of the Public Officers Ethics prejudices and harms the Board of Education for the reasons opined to a reasonable degree of professional certainty by Alvin E. Mathews, Esq., legal ethics and professional liability expert.  Mathews Dec. ¶ 1-10. With respect to the confidentiality of the attorney client privileged communication and executive session privilege, O.R.C. 102.03(B) directs as follows:

> (B) No present or former public official or employee shall disclose or use, without appropriate authorization, any information acquired by the public official or employee in the course of the public official's or employee's official duties that is confidential because of statutory provisions, or that has been clearly designated to the public official or employee as confidential when that confidential designation is warranted because of the status of the proceedings or the circumstances under which the information was received and preserving its confidentiality is necessary to the proper conduct of government business.

By sharing the information in the declaration and by allowing the declaration to be filed, Ms. Franz violates O.R.C. 102.03(B).

**F. The Procurement and Filing of the Franz Declaration Violates Ohio Rules of Professional Conduct**

8

The violation of the Ohio Prof.Cond.R. 4.2, 4.3, 1.6 and 4.4 prejudices and harms the Board of Education for the reasons opined to a reasonable degree of professional certainty by Alvin E. Mathews, Esq., legal ethics and professional liability expert. Mathews Dec. ¶ 1-10.

The Franz Declaration does not evidence Plaintiffs' counsel, before interviewing former Board Member Franz, disclose their identity, fully explain they represent clients adverse to the Board of Education, immediately inform her she is not to divulge any privileged communications the former elected office holder may have had with general counsel or other retained counsel. *Id.*; Ohio Bd. Op. 2016-5 (Aug. 15, 2016), p 4. Plaintiffs' counsel may not provide former Board Member Franz with legal advice, either, such as potential waiver of any privilege. *Id*. As such, Plaintiffs' counsel are not entitled to elicit the privileged contents of Ms. Franz's Declaration and are not permitted to cause it to be evidence in this action.

## III. CONCLUSION

The Franz Declaration should be stricken because it violates attorney client privilege, Ohio's executive session privilege, Ohio Revised Code Chapter 102 Public Officers – Ethics, and Ohio Rules of Professional Conduct. These four grounds independently and collectively compel the requested relief. Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Matthew Chrispin, in their official capacities, respectfully request this Court issue an order:

- Prohibiting the use of the Jessica Franz Declaration (Doc. 37-3 Page ID 814-817) as evidence for any cause in this proceeding;

- Striking the Jessica Franz Declaration from the record;

- Removing the Jessica Franz Declaration from the docket and placing it under seal to preserve the appellate record while limiting further prejudice to Defendants BOE.

Respectfully submitted,

s/ Lynnette Dinkler
Lynnette Dinkler (0065455)
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local Schools District Board of Education, and in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Matthew Chrispin*

s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local School District Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2023, I served the foregoing, via the Court's CM/ECF E-filing System which will send notification to the following:

Joseph P. Ashbrook
jpashbrook@ashbrookbk.com
Julie E. Byrne
jebyrne@ashbrookbk.com
Ashbrook Byrne Kresge, LLC
P.O Box 8248
Cincinnati, OH 45249
*Attorneys for Plaintiff*

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

10

| | |
|---|---|
| Nicholas Barry (pro hac vice) | Michael Meuti |
| Nicholas.barry@aflegal.org | mmeuti@beneschlaw.com |
| America First Legal | David M. Hopkins (0095285) |
| 611 Pennsylvania Ave, SE #231 | dhopkins@beneschlaw.com |
| Washington, DC 20003 | Benesch, Friedlander, Coplan & Aronoff LLP |
| *Attorneys for Plaintiffs* | 200 Public Square, Suite 2300 |
| | Cleveland, OH 44114-2378 |
| | *Attorneys for Intervenor Defendant Anne Roe* |
| David Carey | Freda Levenson |
| dcarey@acluohio.org | flevenson@aclueohio.org |
| ACLU of Ohio Foundation | ACLU of Ohio Foundation |
| 1108 City Park Ave., Suite 203 | 4506 Chester Ave. |
| Columbus, OH 43206 | Cleveland, OH 44103 |
| | *Attorneys for Intervenor Defendant Anne Roe* |

                                              s/ Lynnette Dinkler
                                              Lynnette Dinkler 0065455