## DECLARATION OF JUSTIN FIRKS

1. I, Justin Firks, pursuant to 28 U.S.C. §1746, declare the following testimony is true and correct based upon my own personal knowledge.

2. I was employed by the Bethel Local Schools Board of Education as its Superintendent from August 1, 2019 to July 31, 2022.

3. All statements made in this Declaration are made in my official capacity as the Superintendent for the Bethel Local Schools Board of Education during the time period referenced above in Paragraph 2, which educates students grades kindergarten through twelve.

4. On December 5, 2021, I receive email correspondence from Joanne Roe, the mother of Anne Roe, a true and accurate copy attached hereto as BOE 401-402.

5. The Board of Education conducted a work session board meeting on December 7, 2021.

6. As part of my superintendent duties, I am required to attend board meetings. I attend the December 7, 2021 meeting. An executive session is conducted at that meeting and I am invited to attend the executive session. I requested the Board place an executive session on the agenda to allow the Board President and me to update the Board on a matter concerning imminent litigation. The same matter involved a regulated individual, a public school student.

7. The matters discussed in the December 7, 2021 executive session are exempt under the Open Meetings Act under O.R.C. 121.22 (G)(1), and O.R.C. 121.22(G)(3). No attorney, as required under O.R.C. 121.22 (G)(3) is present for the executive session, but legal advice received from the Board's general counsel, John Podgurski, is shared under a mistaken but good faith belief that the (G)(3) exception would apply.

8. Only facts and information, including the sharing of legal advice, occurred in the executive session with reference to the regulated individual student. Questions were answered in response to the sharing of the facts and information, including legal advice from the Board's general counsel.

9. No deliberation of any board action occurred with reference to the matter discussed in the December 5, 2021 email. No board action was ever contemplated by me because my duty at all relevant times is to consider the request for accommodation under the Board of Education's 5517 Student Anti-Harassment Policy.

10. Regarding the December 5, 2021 email from Joanne Roe, it is my job as the Superintendent to apply the written Board Policy when a request for accommodation is made for a student. Because this is the first request by a transgender student for accommodation to communal restroom access during my tenure as Superintendent at Bethel Local Schools, I asked for

legal advice before deciding how to accommodate the request. After receipt of legal advice, I apply the Board's Board Policy 5517 Student Anti-Harassment (BOE 220-245), a true and accurate copy attached hereto, and grant Anne Roe's request for accommodation. I communicated with Joanne Roe on December 17, 2021, when she, her husband John Roe, and then Middle School Principal Mr. Triplett and I met in person to discuss the matter. I told her I am accommodating Anne Roe's request for accommodation and upon her return to school following the holiday break, she is permitted to access the communal restroom aligning with her sexual identity. In working with the Roe family, I know Anne Roe, a transgender student, was assigned the sex of a male at birth, is transgendering, and identifies as a female.

I declare under penalty of perjury that the foregoing is true and correct.

Justin Firks, Former Superintendent
Bethel Local Schools

2/7/2023

Date



| | |
|---|---|
| Book | Policy Manual |
| Section | 5000 Students |
| Title | ANTI-HARASSMENT |
| Code | po5517 |
| Status | Active |
| Adopted | March 10, 2008 |
| Last Revised | March 1, 2022 |

**5517 - ANTI-HARASSMENT**

**General Policy Statement**

It is the policy of the Board of Education to maintain an education and work environment that is free from all forms of unlawful harassment, including sexual harassment. This commitment applies to all School District operations, programs, and activities. All students, administrators, teachers, staff, and all other school personnel share responsibility for avoiding, discouraging, and reporting any form of unlawful harassment. This policy applies to unlawful conduct occurring on school property, or at another location if such conduct occurs during an activity sponsored by the Board.

The Board will vigorously enforce its prohibition against discriminatory harassment based on race, color, national origin, sex (including sexual orientation and gender identity), disability, age (except as authorized by law), religion, ancestry, or genetic information (collectively, "Protected Classes") that are protected by Federal civil rights laws (hereinafter referred to as unlawful harassment), and encourages those within the School District community as well as Third Parties, who feel aggrieved to seek assistance to rectify such problems. The Board will investigate all allegations of unlawful harassment and in those cases where unlawful harassment is substantiated, the Board will take immediate steps to end the harassment, prevent its reoccurrence, and remedy its effects. Individuals who are found to have engaged in unlawful harassment will be subject to appropriate disciplinary action.

**Other Violations of the Anti-Harassment Policy**

The Board will also take immediate steps to impose disciplinary action on individuals engaging in any of the following prohibited acts:

A. Retaliating against a person who has made a report or filed a complaint alleging unlawful harassment, or who has participated as a witness in a harassment investigation.

B. Filing a malicious or knowingly false report or complaint of unlawful harassment.

C. Disregarding, failing to investigate adequately, or delaying investigation of allegations of unlawful harassment, when responsibility for reporting and/or investigating harassment charges comprises part of one's supervisory duties.

**Definitions**

Words used in this policy shall have those meanings defined herein; words not defined herein shall be construed according to their plain and ordinary meanings.

**Complainant** is the individual who alleges, or is alleged, to have been subjected to unlawful harassment, regardless of whether the person files a formal complaint or is pursuing an informal resolution to the alleged harassment.

BOE 220

**Respondent** is the individual who has been alleged to have engaged in unlawful harassment, regardless of whether the Reporting Party files a formal complaint or is seeking an informal resolution to the alleged harassment.

**School District community** means students and Board employees (i.e., administrators, and professional and classified staff), as well as Board members, agents, volunteers, contractors, or other persons subject to the control and supervision of the Board.

**Third Parties** include, but are not limited to, guests and/or visitors on School District property (e.g., visiting speakers, participants on opposing athletic teams, parents), vendors doing business with, or seeking to do business with, the Board, and other individuals who come in contact with members of the School District community at school-related events/activities (whether on or off District property).

**Day(s):** Unless expressly stated otherwise, the term "day" or "days" as used in this policy means business day(s) (i.e., a day(s) that the Board office is open for normal operating hours, Monday – Friday, excluding State-recognized holidays).

### Bullying

Bullying rises to the level of unlawful harassment when one (1) or more persons systematically and chronically inflict physical hurt or psychological distress on one (1) or more students or employees and that bullying is based upon one (1) or more Protected Classes, that is, characteristics that are protected by Federal civil rights laws. It is defined as any unwanted and repeated written, verbal, or physical behavior, including any threatening, insulting, or dehumanizing gesture, by an adult or student, that is severe or pervasive enough to create an intimidating, hostile, or offensive educational or work environment; cause discomfort or humiliation; or unreasonably interfere with the individual's school or work performance or participation; and may involve:

    A. teasing;

    B. threats;

    C. intimidation;

    D. stalking;

    E. cyberstalking;

    F. cyberbullying;

    G. physical violence;

    H. theft;

    I. sexual, religious, or racial harassment;

    J. public humiliation; or

    K. destruction of property.

### Harassment

Harassment means any threatening, insulting, or dehumanizing gesture, use of technology, or written, verbal or physical conduct directed against a student or school employee that:

    A. places a student or school employee in reasonable fear of harm to his/her person or damage to his/her property;

    B. has the effect of substantially interfering with a student's educational performance, opportunities, or benefits, or an employee's work performance; or

    C. has the effect of substantially disrupting the orderly operation of a school.

### Sexual Harassment

For purposes of this policy and consistent with Title VII of the Civil Rights Act of 1964, "sexual harassment" is defined as:

Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when:

    A. Submission to such conduct is made either implicitly or explicitly a term or condition of an individual's employment, or

BOE 221

status in a class, educational program, or activity.

B. Submission or rejection of such conduct by an individual is used as the basis for employment or educational decisions affecting such individual.

C. Such conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity.

Sexual harassment may involve the behavior of a person of any gender against a person of the same or another gender.

Sexual Harassment covered by Policy 2266 - Nondiscrimination on the Basis of Sex Education Programs or Activities is not included in this policy. Allegations of such conduct shall be addressed solely by Policy 2266.

Prohibited acts that constitute sexual harassment under this policy may take a variety of forms. Examples of the kinds of conduct that may constitute sexual harassment include, but are not limited to:

A. Unwelcome sexual propositions, invitations, solicitations, and flirtations.

B. Unwanted physical and/or sexual contact.

C. Threats or insinuations that a person's employment, wages, academic grade, promotion, classroom work or assignments, academic status, participation in athletics or extra-curricular programs, activities, or events, or other conditions of employment or education may be adversely affected by not submitting to sexual advances.

D. Unwelcome verbal expressions of a sexual nature, including graphic sexual commentaries about a person's body, dress, appearance, or sexual activities; the unwelcome use of sexually degrading language, profanity, jokes or innuendoes; unwelcome suggestive or insulting sounds or whistles; obscene telephone calls.

E. Sexually suggestive objects, pictures, graffiti, videos, posters, audio recordings or literature, placed in the work or educational environment, that may reasonably embarrass or offend individuals.

F. Unwelcome and inappropriate touching, patting, or pinching; obscene gestures.

G. Asking about, or telling about, sexual fantasies, sexual preferences, or sexual activities.

H. Speculations about a person's sexual activities or sexual history, or remarks about one's own sexual activities or sexual history.

I. Giving unwelcome personal gifts such as lingerie that suggests the desire for a romantic relationship.

J. Leering or staring at someone in a sexual way, such as staring at a person's breasts, buttocks, or groin.

K. A pattern of conduct, which can be subtle in nature, that has sexual overtones and is intended to create or has the effect of creating discomfort and/or humiliation to another.

L. Inappropriate boundary invasions by a District employee or other adult member of the School District community into a student's personal space and personal life.

M. Verbal, nonverbal or physical aggression, intimidation, or hostility based on sex or sex-stereotyping that does not involve conduct of a sexual nature.

Not all behavior with sexual connotations constitutes unlawful sexual harassment. Sex-based or gender-based conduct must be sufficiently severe, pervasive, and persistent such that it adversely affects, limits, or denies an individual's employment or education, or such that it creates a hostile or abusive employment or educational environment, or such that it is intended to, or has the effect of, denying or limiting a student's ability to participate in or benefit from the educational program or activities.

**Race/Color Harassment**

Prohibited racial harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's race or color and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's race or color, such as racial slurs, nicknames implying stereotypes, epithets, and/or negative references relative to racial customs.

BOE 222

**Religious (Creed) Harassment**

Prohibited religious harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's religion or creed and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's religious tradition, clothing, or surnames, and/or involves religious slurs.

**National Origin/Ancestry Harassment**

Prohibited national origin/ancestry harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's national origin or ancestry and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's national origin or ancestry, such as negative comments regarding customs, manner of speaking, language, surnames, or ethnic slurs.

**Disability Harassment**

Prohibited disability harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's disability and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's disability, such as negative comments about speech patterns, movement, physical impairments or defects/appearances, or the like.

**Anti-Harassment Compliance Officers**

The following individual(s) shall serve as the District's Anti-Harassment Compliance Officer(s) (hereinafter, "the Compliance Officer(s)"):

High School Principal
Barrett Swope
(937) 845-9487
swopeb@blsk12.org
7490 St. Rt. 201
Tipp City, OH 45371

Elementary Principal
Carrie Jones
(937) 845-9439
jonesc@blsk12.org
7490 St. Rt. 201
Tipp City, OH 45371

The names, titles, and contact information of these individuals will be published annually on the School District's web site.

The Compliance Officer(s) are responsible for coordinating the District's efforts to comply with applicable Federal and State laws and regulations, including the District's duty to address in a prompt and equitable manner any inquiries or complaints regarding harassment.

The Compliance Officer(s) will be available during regular school/work hours to discuss concerns related to unlawful harassment, to assist students, other members of the District community, and third parties who seek support or advice when informing another individual about "unwelcome" conduct, or to intercede informally on behalf of the individual in those instances where concerns have not resulted in the filing of a formal complaint and where all parties are in agreement to participate in an informal process.

Compliance Officers shall accept reports of unlawful harassment directly from any member of the School District community or a Third Party or receive reports that are initially filed with an administrator, supervisor, or other District-level official. Upon receipt of a report of alleged harassment, the Compliance Officer(s) will contact the Complainant and begin either an informal or formal complaint process (depending on the request of the Complainant or the nature of the alleged harassment), or the Compliance Officer(s) will designate a specific individual to conduct such a process. The Compliance Officer(s) will provide a copy of this policy to the Complainant and Respondent. In the case of a formal complaint, the Compliance Officer(s) will prepare recommendations for the Superintendent or will oversee the preparation of such recommendations by a designee. All Board

BOE 223

employees must report incidents of harassment that are reported to them to the Compliance Officer within two (2) days of learning of the incident.

Any Board employee who directly observes unlawful harassment is obligated, in accordance with this policy, to report such observations to the Compliance Officer(s) within two (2) days. Additionally, any Board employee who observes an act of unlawful harassment is expected to intervene to stop the harassment, unless circumstances make such an intervention dangerous, in which case the staff member should immediately notify other Board employees and/or local law enforcement officials, as necessary, to stop the harassment. Thereafter, the Compliance Officer(s) or designee must contact the Complainant, if age eighteen (18) or older, or Complainant's parents/guardians if the Complainant is under the age eighteen (18), within two (2) days to advise of the Board's intent to investigate the alleged wrongdoing.

**Reports and Complaints of Harassing Conduct**

Students and all other members of the School District community along with Third Parties are encouraged to promptly report incidents of harassing conduct to a teacher, administrator, supervisor, or other District official so that the Board may address the conduct before it becomes severe, pervasive, or persistent. Any teacher, administrator, supervisor, or other District employee or official who receives such a report shall file it with the Compliance Officer within two (2) days of receiving the report of harassment.

Members of the School District community and Third Parties, which includes students, or third parties who believe they have been unlawfully harassed are entitled to utilize the Board's complaint process that is set forth below. Initiating a complaint, whether formally or informally, will not adversely affect the Complainant's employment or participation in educational or extra-curricular programs. While there are no time limits for initiating complaints of harassment under this policy, individuals should make every effort to file a complaint as soon as possible after the conduct occurs while the facts are known and potential witnesses are available.

If, during an investigation of alleged bullying, aggressive behavior and/or harassment in accordance with Policy 5517.01 - Bullying and Other Forms of Aggressive Behavior, the Principal believes that the reported misconduct may have created a hostile work environment and may have constituted unlawful discriminatory harassment based on a Protected Class, the Principal shall report the act of bullying, aggressive behavior and/or harassment to the Compliance Officers who shall investigate the allegation in accordance with this policy. If the alleged harassment involves Sexual Harassment as defined by Policy 2266, the matter will be handled in accordance with the grievance process and procedures outlined in Policy 2266. While the Compliance Officer investigates the allegation, or the matter is being addressed pursuant to Policy 2266, the Principal shall suspend the Policy 5517.01 investigation to await the Compliance Officer's written report or the determination of responsibility pursuant to Policy 2266. The Compliance Officer shall keep the Principal informed of the status of the Policy 5517 investigation and provide the Principal with a copy of the resulting written report. Likewise, the Title IX Coordinator will provide the Principal with the determination of responsibility that results from the Policy 2266 grievance process.

**Investigation and Complaint Procedure**

Except for Sexual Harassment that is covered by Policy 2266 - Nondiscrimination on the Basis of Sex in Education Programs or Activities, any student who believes that they have been subjected to unlawful harassment may seek resolution of the complaint through the procedures described below. The formal complaint process involves an investigation of the Complainant's claims of harassment or retaliation and a process for rendering a decision regarding whether the charges are substantiated.

Due to the sensitivity surrounding complaints of unlawful harassment or retaliation, timelines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) days after the conduct occurs while the facts are known and potential witnesses are available. Once the formal complaint process is begun, the investigation will be completed in a timely manner (ordinarily, within fifteen (15) business days of the complaint being received).

The procedures set forth below are not intended to interfere with the rights of a student to pursue a complaint of unlawful harassment or retaliation with the United States Department of Education Office for Civil Rights.

**Informal Complaint Procedure**

The goal of the informal complaint procedure is promptly to stop inappropriate behavior and to facilitate resolution through an informal means, if possible. The informal complaint procedure is provided as a less formal option for a student who believes s/he has been unlawfully harassed or retaliated against. This informal procedure is not required as a precursor to the filing of a formal complaint. The informal process is only available in those circumstances where the Complainant and the Respondent mutually agree to participate in it.

Students who believe that they have been unlawfully harassed may initiate their complaint through this informal complaint process, but are not required to do so. The informal process is only available in those circumstances where the parties (alleged target of harassment and alleged harasser(s)) agree to participate in the informal process.

BOE 224

The Complainant may proceed immediately to the formal complaint process and individuals who seek resolution through the informal procedure may request that the informal process be terminated at any time to move to the formal complaint process.

All complainants involving a District employee, any other adult member of the School District community, or a Third Party and a student will be formally investigated.

As an initial course of action, if a Complainant feels comfortable and safe in doing so, the individual should tell or otherwise inform the Respondent that the alleged harassing conduct is unwelcome and must stop. The Complainant should address the allegedly harassing conduct as soon after it occurs as possible. The Compliance Officers are available to support and counsel individuals when taking this initial step or to intervene on behalf of the Complainant if requested to do so. A Complainant who is uncomfortable or unwilling to directly approach the Respondent about the alleged inappropriate conduct may file an informal or a formal complaint. In addition, with regard to certain types of unlawful harassment, such as sexual harassment, the Compliance Officer may advise against the use of the informal complaint process.

A Complainant may make an informal complaint, either orally or in writing: 1) to a teacher, other employee, or building administrator in the school the student attends; 2) to the Superintendent or other District-level employee; and/or 3) directly to one of the Compliance Officers.

All informal complaints must be reported to one of the Compliance Officers who will either facilitate an informal resolution as described below, or appoint another individual to facilitate an informal resolution.

The Board's informal complaint procedure is designed to provide students who believe they are being unlawfully harassed with a range of options designed to bring about a resolution of their concerns. Depending upon the nature of the complaint and the wishes of the Complainant, informal resolution may involve, but not be limited to, one or more of the following:

A. Advising the Complainant about how to communicate the unwelcome nature of the behavior to the Respondent.

B. Distributing a copy of this anti-harassment policy as a reminder to the individuals in the school building or office where the Respondent works or attends.

C. If both parties agree, the Compliance Officer may arrange and facilitate a meeting or mediation between the Complainant and the Respondent to work out a mutual resolution.

While there are no set time limits within which an informal complaint must be resolved, the Compliance Officer/designee is directed to attempt to resolve all informal complaints within fifteen (15) business days of receiving the informal complaint. If the Complainant is dissatisfied with the informal complaint process, the Complainant may proceed to file a formal complaint. And, as stated above, either party may request that the informal process be terminated at any time to move to the formal complaint process.

**Formal Complaint Procedure**

If a complaint is not resolved through the informal complaint process, if one of the parties has requested that the informal complaint process be terminated to move to the formal complaint process, or the Complainant, from the outset, elects to file a formal complaint, or the CO determines the allegations are not appropriate for resolution through the informal process, the formal complaint process shall be implemented.

The Complainant may file a formal complaint, either orally or in writing, with a teacher, principal, or other District employee at the student's school, the Compliance Officer, Superintendent, or another District official who works at another school or at the district level. Due to the sensitivity surrounding complaints of unlawful harassment, timelines are flexible for initiating the complaint process; however, individuals should make every effort to file a formal complaint within thirty (30) days after the conduct occurs while the facts are known and potential witnesses are available. If a Complainant informs a teacher, principal, or other District employee at the student's school, Superintendent, or other District official, either orally or in writing, about any complaint of harassment, that employee must report such information to the Compliance Officer within two (2) business days.

Throughout the course of the process, the Compliance Officer should keep the parties reasonably informed of the status of the investigation and the decision-making process.

All formal complaints must include the following information to the extent known: the identity of the Respondent; a detailed description of the facts upon which the complaint is based (i.e., when, where, and what occurred); a list of potential witnesses; and the resolution sought by the Complainant.

If the Complainant is unwilling or unable to provide a written statement including the information set forth above, the Compliance Officer shall ask for such details in an oral interview. Thereafter, the Compliance Officer will prepare a written summary of the oral interview, and the Complainant will be asked to verify the accuracy of the reported charge by signing the document.

BOE 225

Upon receiving a formal complaint, the Compliance Officer will consider whether any action should be taken in the investigatory phase to protect the Complainant from further harassment or retaliation, including, but not limited to, a change of work assignment or schedule for the Complainant and/or the Respondent. In making such a determination, the Compliance Officer should consult the Complainant to assess whether the individual agrees with the proposed action. If the Complainant is unwilling to consent to the proposed change, the Compliance Officer may still take whatever actions deemed appropriate in consultation with the Superintendent.

Within two (2) business days of receiving the complaint, the Compliance Officer/designee will initiate a formal investigation to determine whether the Complainant has been subjected to offensive conduct/harassment/retaliation. The Principal will not conduct an investigation unless directed to do so by the Compliance Officer.

Simultaneously, the Compliance Officer will inform the Respondent that a formal complaint has been received. The Respondent will be informed about the nature of the allegations and provided with a copy of any relevant policies and/or administrative guidelines, including the Board's Anti-Harassment policy. The Respondent must also be informed of the opportunity to submit a written response to the complaint within five (5) business days.

Although certain cases may require additional time, the Compliance Officer/designee will attempt to complete an investigation into the allegations of harassment/retaliation within fifteen (15) business days of receiving the formal complaint. The investigation will include:

    A. interviews with the Complainant;

    B. interviews with the Respondent;

    C. interviews with any other witnesses who may reasonably be expected to have any information relevant to the allegations;

    D. consideration of any documentation or other information presented by the Complainant, Respondent, or any other witness that is reasonably believed to be relevant to the allegations.

At the conclusion of the investigation, the Compliance Officer or the designee shall prepare and deliver a written report to the Superintendent that summarizes the evidence gathered during the investigation and provides recommendations based on the evidence and the definition of unlawful harassment as provided in Board policy and State and Federal law as to whether the Complainant has been subjected to unlawful harassment. The Compliance Officer's recommendations must be based upon the totality of the circumstances, including the ages and maturity levels of those involved. In determining if discriminatory harassment or retaliation occurred, a preponderance of evidence standard will be used. The Compliance Officer may consult with the Board's legal counsel before finalizing the report to the Superintendent.

Absent extenuating circumstances, within ten (10) school days of receiving the report of the Compliance Officer/designee, the Superintendent must either issue a written decision regarding whether the complaint of harassment has been substantiated or request further investigation. A copy of the Superintendent's final decision will be delivered to both the Complainant and the Respondent.

If the Superintendent requests additional investigation, the Superintendent must specify the additional information that is to be gathered, and such additional investigation must be completed within ten (10) school days. At the conclusion of the additional investigation, the Superintendent shall issue a written decision as described above.

The decision of the Superintendent shall be final.

The Board reserves the right to investigate and resolve a complaint or report of unlawful harassment/retaliation regardless of whether the student alleging the unlawful harassment/retaliation pursues the complaint. The Board also reserves the right to have the formal complaint investigation conducted by an external person in accordance with this policy or in such other manner as deemed appropriate by the Board or its designee.

The parties may be represented, at their own cost, at any of the above-described meetings/hearings.

The right of a person to a prompt and equitable resolution of the complaint shall not be impaired by the person's pursuit of other remedies such as the filing of a complaint with the Office for Civil Rights, the filing of charges with local law enforcement, or the filing of a civil action in court. Use of this internal complaint process is not a prerequisite to the pursuit of other remedies.

**Privacy/Confidentiality**

The District will employ all reasonable efforts to protect the rights of the Complainant, the Respondent, and the witnesses as much as possible, consistent with the Board's legal obligations to investigate, to take appropriate action, and to conform with any discovery or disclosure obligations. All records generated under the terms of this policy and related administrative guidelines

BOE 226

shall be maintained as confidential to the extent permitted by law. Confidentiality, however, cannot be guaranteed. Additionally, the Respondent must be provided the Complainant's identity.

During the course of a formal investigation, the Compliance Officer/designee will instruct all members of the School District community and third parties who are interviewed about the importance of maintaining confidentiality. Any individual who is interviewed as part of a harassment investigation is expected not to disclose any information that is learned or provided during the course of the investigation.

**Sanctions and Monitoring**

The Board shall vigorously enforce its prohibitions against unlawful harassment/retaliation by taking appropriate action reasonably calculated to stop the harassment and prevent further such harassment. While observing the principles of due process, a violation of this policy may result in disciplinary action up to and including the discharge of an employee or the suspension/expulsion of a student. All disciplinary action will be taken in accordance with applicable State law and the terms of the relevant collective bargaining agreement(s). When imposing discipline, the Superintendent shall consider the totality of the circumstances involved in the matter, including the ages and maturity levels of those involved. In those cases where unlawful harassment is not substantiated, the Board may consider whether the alleged conduct nevertheless warrants discipline in accordance with other Board policies, consistent with the terms of the relevant collective bargaining agreement(s).

Where the Board becomes aware that a prior remedial action has been taken against a member of the School District community, all subsequent sanctions imposed by the Board and/or Superintendent shall be reasonably calculated to end such conduct, prevent its reoccurrence, and remedy its effects.

**Retaliation**

Retaliation against a person who makes a report or files a complaint alleging unlawful harassment/retaliation or participates as a witness in an investigation is prohibited. Neither the Board nor any other person may intimidate, threaten, coerce or interfere with any individual because the person opposed any act or practice made unlawful by any Federal or State civil rights law, or because that individual made a report, formal complaint testified, assisted or participated or refused to participate in any manner in an investigation, proceeding, or hearing under those laws and/or this policy, or because that individual exercised, enjoyed, aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by those laws and/or this policy.

Retaliation against a person from making a report of discrimination, filing a formal complaint, or participating in an investigation or meeting is a serious violation of this policy that can result in imposition of disciplinary sanction/consequences and/or other appropriate remedies.

Formal complaints alleging retaliation may be filed according to the internal complaint process set forth above.

The exercise of rights protected under the First Amendment of the United States Constitution does not constitute retaliation prohibited under this policy.

**Allegations Constituting Criminal Conduct: Child Abuse/Sexual Misconduct**

State law requires any school teacher or school employee who knows or suspects that a child with a disability under the age of twenty-one (21) or that a child under the age of eighteen (18) has suffered or faces a threat of suffering a physical or mental wound, disability or condition of a nature that reasonably indicates abuse or neglect of a child to immediately report that knowledge or suspicion to the county children's services agency. If, during the course of a harassment investigation, the Compliance Officer or a designee has reason to believe or suspect that the alleged conduct reasonably indicates abuse or neglect of the Complainant, a report of such knowledge must be made in accordance with State law and Board Policy.

State law defines certain contact between a teacher and a student as "sexual battery." If the Compliance Officer or a designee has reason to believe that the Complainant has been the victim of criminal conduct as defined in Ohio's Criminal Code, such knowledge should be immediately reported to local law enforcement.

Any reports made to a county children's services agency or to local law enforcement shall not terminate the Compliance Officer or a designee's obligation and responsibility to continue to investigate a complaint of harassment. While the Compliance Officer or a designee may work cooperatively with outside agencies to conduct concurrent investigations, in no event shall the harassment investigation be inhibited by the involvement of outside agencies without good cause after consultation with the Superintendent.

**Allegations Involving Conduct Unbecoming the Teaching Profession/Suspension**

The Superintendent will report to the Ohio Department of Education, on forms provided for that purpose, matters of misconduct on the part of licensed professional staff members convicted of sexual battery, and will, in accordance with Policy 8141, suspend

BOE 227

such employee from all duties that concern or involve the care, custody, or control of a child during the pendency of any criminal action for which that person has been arrested, summoned and/or indicted in that regard.

**Education and Training**

In support of this Anti-Harassment Policy, the Board promotes preventative educational measures to create greater awareness of unlawful discriminatory practices. The Superintendent shall provide appropriate information to all members of the School District community related to the implementation of this policy and shall provide training for District students and staff where appropriate. All training, as well as all information, provided regarding the Board's policy and harassment in general, will be age and content appropriate.

**Retention of Investigatory Records and Materials**

The Compliance Officer(s) is responsible for overseeing retention of all records that must be maintained pursuant to this policy. All individuals charged with conducting investigations under this policy shall retain all documents, electronically stored information ("ESI"), and electronic media (as defined in Policy 8315) created and/or received as part of an investigation, which may include but not be limited to:

    A. all written reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

    B. any narratives that memorialize oral reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

    C. any documentation that memorializes the actions taken by District personnel or individuals contracted or appointed by the Board to fulfill its responsibilities related to the investigation and/or the District's response to the alleged violation of this policy;

    D. written witness statements;

    E. narratives, notes from, or audio, video, or digital recordings of witness interviews/statements;

    F. e-mails, texts, or social media posts that directly relate to or constitute evidence pertaining to an alleged violation of this policy (i.e., not after-the-fact commentary about or media coverage of the incident);

    G. notes or summaries prepared contemporaneously by the investigator in whatever form made (e.g., handwritten, keyed into a computer or tablet, etc.), but not including transitory notes whose content is otherwise memorialized in other documents;

    H. written disciplinary sanctions issued to students or employees and other documentation that memorializes oral disciplinary sanctions issued to students or employees for violations of this policy;

    I. dated written determinations/reports (including summaries of relevant exculpatory and inculpatory evidence) and other documentation that memorializes oral notifications to the parties concerning the outcome of the investigation, including any consequences imposed as a result of a violation of this policy;

    J. documentation of any supportive measures offered and/or provided to the Complainant and/or the Respondent, including no contact orders issued to both parties, the dates the no contact orders were issued, and the dates the parties acknowledged receipt of the no contact orders;

    K. documentation of all actions taken, both individual and systemic, to stop the discrimination or harassment, prevent its recurrence, eliminate any hostile environment, and remedy its discriminatory effects;

    L. copies of the Board policy and/or procedures/guidelines used by the District to conduct the investigation, and any documents used by the District at the time of the alleged violation to communicate the Board's expectations to students and staff with respect to the subject of this policy (e.g., Student Code of Conduct and/or Employee Handbooks);

    M. copies of any documentation that memorializes any formal or informal resolutions to the alleged discrimination or harassment.

The documents, ESI, and electronic media (as defined in Policy 8315) retained may include public records and records exempt from disclosure under Federal (e.g., FERPA, ADA) and/or State law (e.g., R.C. 3319.321) – e.g., student records and confidential medical records.

The documents, ESI, and electronic media (as defined in Policy 8315) created or received as part of an investigation shall be

BOE 228

retained in accordance with Policy 8310, Policy 8315, Policy 8320, and Policy 8330 for not less than three (3) years, but longer if required by the District's records retention schedule.

Revised 4/12/10
Revised 2/9/15
Revised 12/10/18
T.C. 8/10/20
Revised 5/10/21
T.C. 3/1/22

**© Neola 2021**

Legal            R.C. 4112.02

                 20 U.S.C. 1400 et seq., The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)

                 20 U.S.C. 1681 et seq.

                 29 U.S.C. 621 et seq., Age Discrimination in Employment Act of 1967

                 29 U.S.C. 794, Rehabilitation Act of 1973, as amended

                 29 U.S.C. 6101, The Age Discrimination Act of 1975

                 42 U.S.C. 2000d et seq.

                 42 U.S.C. 2000e et seq.

                 42 U.S.C. 12101 et seq., Americans with Disabilities Act of 1990, as amended

                 42 U.S.C. 1983

                 National School Boards Association Inquiry and Analysis - May, 2008

BOE 229



| Book | Policy Manual |
|---|---|
| Section | 5000 Students |
| Title | ANTI-HARASSMENT |
| Code | po5517 |
| Status | Retired |
| Adopted | March 10, 2008 |
| Last Revised | August 10, 2020 |
| Retired | May 10, 2021 |

### 5517 - **ANTI-HARASSMENT**

#### General Policy Statement

It is the policy of the Board of Education to maintain an education and work environment that is free from all forms of unlawful harassment, including sexual harassment. This commitment applies to all School District operations, programs, and activities. All students, administrators, teachers, staff, and all other school personnel share responsibility for avoiding, discouraging, and reporting any form of unlawful harassment. This policy applies to unlawful conduct occurring on school property, or at another location if such conduct occurs during an activity sponsored by the Board.

The Board will vigorously enforce its prohibition against discriminatory harassment based on race, color, national origin, sex (including sexual orientation and transgender identity), disability, age (except as authorized by law), religion, ancestry, or genetic information (collectively, "Protected Classes") that are protected by Federal civil rights laws (hereinafter referred to as unlawful harassment), and encourages those within the School District community as well as third parties, who feel aggrieved to seek assistance to rectify such problems. The Board will investigate all allegations of unlawful harassment and in those cases where unlawful harassment is substantiated, the Board will take immediate steps to end the harassment, prevent its reoccurrence, and remedy its effects. Individuals who are found to have engaged in unlawful harassment will be subject to appropriate disciplinary action.

For purposes of this policy, "School District community" means students, administrators, and professional and classified staff, as well as Board members, agents, volunteers, contractors, or other persons subject to the control and supervision of the Board.

For purposes of this policy, "third parties" include, but are not limited to, guests and/or visitors on School District property (e.g., visiting speakers, participants on opposing athletic teams, parents), vendors doing business with, or seeking to do business with, the Board, and other individuals who come in contact with members of the School District community at school-related events/activities (whether on or off School District property).

#### Other Violations of the Anti-Harassment Policy

The Board will also take immediate steps to impose disciplinary action on individuals engaging in any of the following prohibited acts:

    A. Retaliating against a person who has made a report or filed a complaint alleging unlawful harassment, or who has participated as a witness in a harassment investigation.

    B. Filing a malicious or knowingly false report or complaint of unlawful harassment.

    C. Disregarding, failing to investigate adequately, or delaying investigation of allegations of unlawful harassment, when responsibility for reporting and/or investigating harassment charges comprises part of one's supervisory duties.

#### Definitions

#### Bullying

Bullying rises to the level of unlawful harassment when one or more persons systematically and chronically inflict physical hurt or psychological distress on one (1) or more students or employees and that bullying is based upon one (1) or more Protected Classes, that is, characteristics that are protected by Federal civil rights laws. It is defined as any unwanted and repeated written, verbal, or physical behavior, including any threatening, insulting, or dehumanizing gesture, by an adult or student, that is severe or pervasive enough to create an intimidating, hostile, or offensive educational or work environment; cause discomfort or humiliation; or unreasonably interfere with the individual's school or work performance or participation; and may involve:

    A. teasing;

    B. threats;

    C. intimidation;

BOE 230

D. stalking;

E. cyberstalking;

F. cyberbullying;

G. physical violence;

H. theft;

I. sexual, religious, or racial harassment;

J. public humiliation; or

K. destruction of property.

## Harassment

Harassment means any threatening, insulting, or dehumanizing gesture, use of technology, or written, verbal or physical conduct directed against a student or school employee that:

A. places a student or school employee in reasonable fear of harm to his/her person or damage to his/her property;

B. has the effect of substantially interfering with a student's educational performance, opportunities, or benefits, or an employee's work performance; or

C. has the effect of substantially disrupting the orderly operation of a school.

## Sexual Harassment

Pursuant to Title VII of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972, "sexual harassment" is defined as:

Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when:

A. Submission to such conduct is made either implicitly or explicitly a term or condition of an individual's employment, or status in a class, educational program, or activity.

B. Submission or rejection of such conduct by an individual is used as the basis for employment or educational decisions affecting such individual.

C. Such conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity.

Sexual harassment may involve the behavior of a person of either gender against a person of the same or opposite gender.

Prohibited acts that constitute sexual harassment may take a variety of forms. Examples of the kinds of conduct that may constitute sexual harassment include, but are not limited to:

A. Unwelcome sexual propositions, invitations, solicitations, and flirtations.

B. Unwanted physical and/or sexual contact.

C. Threats or insinuations that a person's employment, wages, academic grade, promotion, classroom work or assignments, academic status, participation in athletics or extra-curricular programs or events, or other conditions of employment or education may be adversely affected by not submitting to sexual advances.

D. Unwelcome verbal expressions of a sexual nature, including graphic sexual commentaries about a person's body, dress, appearance, or sexual activities; the unwelcome use of sexually degrading language, jokes or innuendoes; unwelcome suggestive or insulting sounds or whistles; obscene telephone calls.

E. Sexually suggestive objects, pictures, videotapes, audio recordings or literature, placed in the work or educational environment, which may embarrass or offend individuals.

F. Unwelcome and inappropriate touching, patting, or pinching; obscene gestures.

G. A pattern of conduct, which can be subtle in nature, that has sexual overtones and is intended to create or has the effect of creating discomfort and/or humiliation to another.

H. Remarks speculating about a person's sexual activities or sexual history, or remarks about one's own sexual activities or sexual history.

I. Inappropriate boundary invasions by a District employee or other adult member of the School District community into a student's personal space and personal life.

J. Verbal, nonverbal or physical aggression, intimidation, or hostility based on sex or sex-stereotyping that does not involve conduct of a sexual nature.

BOE 231

Not all behavior with sexual connotations constitutes unlawful sexual harassment. Sex-based or gender-based conduct must be sufficiently severe, pervasive, and persistent such that it adversely affects, limits, or denies an individual's employment or education, or such that it creates a hostile or abusive employment or educational environment, or such that it is intended to, or has the effect of, denying or limiting a student's ability to participate in or benefit from the educational program or activities.

**NOTE: Sexual conduct/relationships with students by District employees or any other adult member of the School District community is prohibited, and any teacher, administrator, coach, or other school authority who engages in sexual conduct with a student may also be guilty of the criminal charge of "sexual battery" as set forth in R.C. 2907.03. The issue of consent is irrelevant in regard to such criminal charges and/or with respect to the application of this policy to District employees or other adult members of the School District community.**

### Race/Color Harassment

Prohibited racial harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's race or color and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's race or color, such as racial slurs, nicknames implying stereotypes, epithets, and/or negative references relative to racial customs.

### Religious (Creed) Harassment

Prohibited religious harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's religion or creed and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's religious tradition, clothing, or surnames, and/or involves religious slurs.

### National Origin/Ancestry Harassment

Prohibited national origin/ancestry harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's national origin or ancestry and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's national origin or ancestry, such as negative comments regarding customs, manner of speaking, language, surnames, or ethnic slurs.

### Disability Harassment

Prohibited disability harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's disability and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's disabling condition, such as negative comments about speech patterns, movement, physical impairments or defects/appearances, or the like.

### Reports and Complaints of Harassing Conduct

Students and all other members of the School District community and third parties are encouraged to promptly report incidents of harassing conduct to a teacher, administrator, supervisor, or other District official so that the Board may address the conduct before it becomes severe, pervasive, or persistent. Any teacher, administrator, supervisor, or other District employee or official who receives such a complaint shall file it with the District's Anti-Harassment Compliance Officer at his/her first convenience.

Members of the School District community, which includes students, or third parties who believe they have been unlawfully harassed are entitled to utilize the Board's complaint process that is set forth below. Initiating a complaint, whether formally or informally, will not adversely affect the complaining individual's employment or participation in educational or extra-curricular programs. While there are no time limits for initiating complaints of harassment under this policy, individuals should make every effort to file a complaint as soon as possible after the conduct occurs while the facts are known and potential witnesses are available.

If, during an investigation of alleged bullying, aggressive behavior and/or harassment in accordance with Policy 5517.01 – Bullying and Other Forms of Aggressive Behavior, the Principal believes that the reported misconduct may have created a hostile work environment and may have constituted unlawful discriminatory harassment based on a Protected Class, the Principal shall report the act of bullying, aggressive behavior and/or harassment to one of the Anti-Harassment Compliance Officers who shall investigate the allegation in accordance with this policy. While the Compliance Officer investigates the allegation, the Principal shall suspend his/her Policy 5517.01 investigation to await the Compliance Officer's written report. The Compliance Officer shall keep the Principal informed of the status of the Policy 5517 investigation and provide him/her with a copy of the resulting written report.

### Anti-Harassment Compliance Officers

The Board designates the following individuals to serve as "Anti-Harassment Compliance Officers" for the District. They are hereinafter referred to as the "Compliance Officers".

High School Principal
Barrett Swope
(937) 845-9487
swopeb@bethlk12.org
7490 St. Rt. 201
Tipp City, OH 45371

Elementary Principal
Jodi Petty

BOE 232

(937)845-9439
pettyj@bethelk12.org
7490 St. Rt. 201
Tipp City, OH 45371

The names, titles, and contact information of these individuals will be published annually in the parent and staff handbooks.

The Compliance Officers will be available during regular school/work hours to discuss concerns related to unlawful harassment, to assist students, other members of the District community, and third parties who seek support or advice when informing another individual about "unwelcome" conduct, or to intercede informally on behalf of the student, other member of the School District community or third party in those instances where concerns have not resulted in the filing of a formal complaint and where all parties are in agreement to participate in an informal process.

Compliance Officers shall accept complaints of unlawful harassment directly from any member of the School District community or a visitor to the District, or receive complaints that are initially filed within a school building administrator. Upon receipt of a complaint either directly or through a school building administrator, a Compliance Officer will begin either an informal or formal process (depending on the request of the person alleging the harassment or the nature of the alleged harassment), or the Compliance Officer will designate a specific individual to conduct such a process. In the case of a formal complaint, the Compliance Officer will prepare recommendations for the Superintendent or will oversee the preparation of such recommendations by a designee. All members of the School District community must report incidents of harassment that are reported to them to the Compliance Officer within two (2) business days of learning of the incident.

Any Board employee who directly observes unlawful harassment of a student is obligated, in accordance with this policy, to report such observations to one of the Compliance Officers within two (2) business days. Additionally, any Board employee who observes an act of unlawful harassment is expected to intervene to stop the harassment, unless circumstances make such an intervention dangerous, in which case the staff member should immediately notify other Board employees and/or local law enforcement officials, as necessary, to stop the harassment. Thereafter, the Compliance Officer or designee must contact the student, if age eighteen (18) or older, or the student's parents if under the age eighteen (18), within two (2) school days to advise s/he/them of the Board's intent to investigate the alleged misconduct, including the obligation of the Compliance Officer or designee to conduct an investigation following all the procedures outlined for a formal complaint.

### Investigation and Complaint Procedure

Any student who believes that s/he has been subjected to unlawful harassment may seek resolution of his/her complaint through either the informal or formal procedures as described below. Further, a process for investigating claims of harassment or retaliation and a process for rendering a decision regarding whether the claim of legally prohibited harassment or retaliation was substantiated are set forth below.

Due to the sensitivity surrounding complaints of unlawful harassment or retaliation, time lines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) calendar days after the conduct occurs while the facts are known and potential witnesses are available. Once the formal complaint process is begun, the investigation will be completed in a timely manner (ordinarily, within fifteen (15) business days of the complaint being received).

The informal and formal procedures set forth below are not intended to interfere with the rights of a student to pursue a complaint of unlawful harassment or retaliation with the United States Department of Education Office for Civil Rights.

### Informal Complaint Procedure

The goal of the informal complaint procedure is to stop inappropriate behavior and to investigate and facilitate resolution through an informal means, if possible. The informal complaint procedure is provided as a less formal option for a student who believes s/he has been unlawfully harassed or retaliated against. This informal procedure is not required as a precursor to the filing of a formal complaint.

Students who believe that they have been unlawfully harassed may initiate their complaint through this informal complaint process, but are not required to do so. The informal process is only available in those circumstances where the parties (alleged target of harassment and alleged harasser(s)) agree to participate in the informal process.

Students who believe that they have been unlawfully harassed may proceed immediately to the formal complaint process and individuals who seek resolution through the informal procedure may request that the informal process be terminated at any time to move to the formal complaint process.

However, all complaints of harassment involving a District employee or any other adult member of the School District community against a student will be formally investigated. Similarly, any allegations of sexual violence will be formally investigated.

As an initial course of action, if a student feels that s/he is being unlawfully harassed and s/he is able and feels safe doing so, the individual should tell or otherwise inform the harasser that the conduct is unwelcome and must stop. Such direct communication should not be utilized in circumstances involving sexual violence. The complaining individual should address the allegedly harassing conduct as soon after it occurs as possible. The Compliance Officers are available to support and counsel individuals when taking this initial step or to intervene on behalf of the individual if requested to do so. An individual who is uncomfortable or unwilling to inform the harasser of his/her complaint is not prohibited from otherwise filing an informal or a formal complaint. In addition, with regard to certain types of unlawful harassment, such as sexual harassment, the Compliance Officer may advise against the use of the informal complaint process.

A student who believes s/he has been unlawfully harassed may make an informal complaint, either orally or in writing: 1) to a teacher, other employee, or building administrator in the school the student attends; 2) to the Superintendent or other District-level employee; and/or 3) directly to one of the Compliance Officers.

All informal complaints must be reported to one of the Compliance Officers who will either facilitate an informal resolution as described below on his/her own, or appoint another individual to facilitate an informal resolution.

The School District's informal complaint procedure is designed to provide students who believe they are being unlawfully harassed with a range of options designed to bring about a resolution of their concerns. Depending upon the nature of the complaint and the wishes of the student claiming unlawful harassment, informal resolution may involve, but not be limited to, one or more of the following:

BOE 233

A. Advising the student about how to communicate the unwelcome nature of the behavior to the alleged harasser.

B. Distributing a copy of the anti-harassment policy as a reminder to the individuals in the school building or office where the individual whose behavior is being questioned works or attends.

C. If both parties agree, the Compliance Officer may arrange and facilitate a meeting between the student claiming harassment and the individual accused of harassment to work out a mutual resolution. Such a meeting is not appropriate in circumstances involving sexual violence.

While there are no set time limits within which an informal complaint must be resolved, the Compliance Officer or designee will exercise his/her authority to attempt to resolve all informal complaints within fifteen (15) business days of receiving the informal complaint. Parties who are dissatisfied with the results of the informal complaint process may proceed to file a formal complaint. And, as stated above, parties may request that the informal process be terminated at any time to move to the formal complaint process.

**Formal Complaint Procedure**

If a complaint is not resolved through the informal complaint process, if one of the parties has requested that the informal complaint process be terminated to move to the formal complaint process, or if the student elects to file a formal complaint initially, the formal complaint process shall be implemented.

A student who believes s/he has been subjected to offensive conduct/harassment/retaliation hereinafter referred to as the "Complainant", may file a formal complaint, either orally or in writing, with a teacher, principal, or other District employee at the student's school, the Compliance Officer, Superintendent, or another District employee who works at another school or at the district level. Due to the sensitivity surrounding complaints of unlawful harassment, timelines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) calendar days after the conduct occurs while the facts are known and potential witnesses are available. If a Complainant informs a teacher, principal, or other District employee at the student's school, Superintendent, or other District employee, either orally or in writing, about any complaint of harassment, that employee must report such information to the Compliance Officer or designee within two (2) business days.

Throughout the course of the process, the Compliance Officer should keep the parties informed of the status of the investigation and the decision-making process.

All formal complaints must include the following information to the extent it is available: the identity of the individual believed to have engaged in, or be engaging in, offensive conduct/harassment/retaliation; a detailed description of the facts upon which the complaint is based; a list of potential witnesses; and the resolution sought by the Complainant.

If the Complainant is unwilling or unable to provide a written statement including the information set forth above, the Compliance Officer shall ask for such details in an oral interview. Thereafter, the Compliance Officer will prepare a written summary of the oral interview, and the Complainant will be asked to verify the accuracy of the reported charge by signing the document.

Upon receiving a formal complaint, the Compliance Officer will consider whether any action should be taken in the investigatory phase to protect the Complainant from further harassment or retaliation, including, but not limited to, a change of work assignment or schedule for the Complainant and/or the alleged harasser. In making such a determination, the Compliance Officer should consult the Complainant to assess his/her agreement to the proposed action. If the Complainant is unwilling to consent to the proposed change, the Compliance Officer may still take whatever actions s/he deem appropriate in consultation with the Superintendent.

Within two (2) business days of receiving the complaint, the Compliance Officer or a designee will initiate a formal investigation to determine whether the Complainant has been subjected to offensive conduct/harassment/retaliation.

Simultaneously, the Compliance Officer will inform the individual alleged to have engaged in the harassing or retaliatory conduct, hereinafter referred to as the "Respondent", that a complaint has been received. The Respondent will be informed about the nature of the allegations and provided with a copy of any relevant administrative guidelines, including the Board's Anti-Harassment policy. The Respondent must also be informed of the opportunity to submit a written response to the complaint within five (5) business days.

Although certain cases may require additional time, the Compliance Officer or a designee will attempt to complete an investigation into the allegations of harassment/retaliation within fifteen (15) business days of receiving the formal complaint. The investigation will include:

A. interviews with the Complainant;

B. interviews with the Respondent;

C. interviews with any other witnesses who may reasonably be expected to have any information relevant to the allegations;

D. consideration of any documentation or other information presented by the Complainant, Respondent, or any other witness that is reasonably believed to be relevant to the allegations.

At the conclusion of the investigation, the Compliance Officer or the designee shall prepare and deliver a written report to the Superintendent that summarizes the evidence gathered during the investigation and provides recommendations based on the evidence and the definition of unlawful harassment as provided in Board policy and State and Federal law as to whether the Complainant has been subjected to unlawful harassment. The Compliance Officer's recommendations must be based upon the totality of the circumstances, including the ages and maturity levels of those involved. In determining if discriminatory harassment or retaliation occurred, a preponderance of evidence standard will be used. The Compliance Officer may consult with the Board's legal counsel before finalizing the report to the Superintendent.

Absent extenuating circumstances, within ten (10) school days of receiving the report of the Compliance Officer or the designee, the Superintendent must either issue a final decision regarding whether the complaint of harassment has been substantiated or request further investigation. A copy of the Superintendent's final decision will be delivered to both the Complainant and the Respondent.

BOE 234

If the Superintendent requests additional investigation, the Superintendent must specify the additional information that is to be gathered, and such additional investigation must be completed within ten (10) school days. At the conclusion of the additional investigation, the Superintendent shall issue a final written decision as described above.

The decision of the Superintendent shall be final.

The Board reserves the right to investigate and resolve a complaint or report of unlawful harassment/retaliation regardless of whether the student alleging the unlawful harassment/retaliation pursues the complaint. The Board also reserves the right to have the formal complaint investigation conducted by an external person in accordance with this policy or in such other manner as deemed appropriate by the Board or its designee.

**Privacy/Confidentiality**

The School District will employ all reasonable efforts to protect the rights of the Complainant, the individual(s) against whom the complaint is filed, and the witnesses as much as possible, consistent with the Board's legal obligations to investigate, to take appropriate action, and to conform with any discovery or disclosure obligations. All records generated under the terms of this policy and related administrative guidelines shall be maintained as confidential to the extent permitted by law. Confidentiality, however, cannot be guaranteed. All Complainants proceeding through the formal investigation process will be advised that their identities may be disclosed to the Respondent.

During the course of a formal investigation, the Compliance Officer or his/her designee will instruct all members of the School District community and third parties who are interviewed about the importance of maintaining confidentiality. Any individual who is interviewed as part of a harassment investigation is expected not to disclose any information that s/he learns or that s/he provides during the course of the investigation.

**Sanctions and Monitoring**

The Board shall vigorously enforce its prohibitions against unlawful harassment by taking appropriate action reasonably calculated to stop the harassment and prevent further such harassment. While observing the principles of due process, a violation of this policy may result in disciplinary action up to and including the discharge of an employee or the suspension/expulsion of a student. All disciplinary action will be taken in accordance with applicable State law and the terms of the relevant collective bargaining agreement(s). When imposing discipline, the Superintendent shall consider the totality of the circumstances involved in the matter, including the ages and maturity levels of those involved. In those cases where unlawful harassment is not substantiated, the Board may consider whether the alleged conduct nevertheless warrants discipline in accordance with other Board policies, consistent with the terms of the relevant collective bargaining agreement(s).

Where the Board becomes aware that a prior remedial action has been taken against a member of the School District community, all subsequent sanctions imposed by the Board and/or Superintendent shall be reasonably calculated to end such conduct, prevent its reoccurrence, and remedy its effects.

**Retaliation**

Any act of retaliation against a person who has made a report or filed a complaint alleging unlawful harassment, or who has participated as a witness in a harassment investigation is prohibited.

**Allegations Constituting Criminal Conduct: Child Abuse/Sexual Misconduct**

State law requires any school teacher or school employee who knows or suspects that a child with a disability under the age of twenty-one (21) or that a child under the age of eighteen (18) has suffered or faces a threat of suffering a physical or mental wound, disability or condition of a nature that reasonably indicates abuse or neglect of a child to immediately report that knowledge or suspicion to the county children's services agency. If, during the course of a harassment investigation, the Compliance Officer or a designee has reason to believe or suspect that the alleged conduct reasonably indicates abuse or neglect of the Complainant, a report of such knowledge must be made in accordance with State law and Board Policy.

State law defines certain contact between a teacher and a student as "sexual battery." If the Compliance Officer or a designee has reason to believe that the Complainant has been the victim of criminal conduct as defined in Ohio's Criminal Code, such knowledge should be immediately reported to local law enforcement.

Any reports made to a county children's services agency or to local law enforcement shall not terminate the Compliance Officer or a designee's obligation and responsibility to continue to investigate a complaint of harassment. While the Compliance Officer or a designee may work cooperatively with outside agencies to conduct concurrent investigations, in no event shall the harassment investigation be inhibited by the involvement of outside agencies without good cause after consultation with the Superintendent.

**Allegations Involving Conduct Unbecoming the Teaching Profession/Suspension**

The Superintendent will report to the Ohio Department of Education, on forms provided for that purpose, matters of misconduct on the part of licensed professional staff members convicted of sexual battery, and will, in accordance with Policy 8141, suspend such employee from all duties that concern or involve the care, custody, or control of a child during the pendency of any criminal action for which that person has been arrested, summoned and/or indicted in that regard.

**Education and Training**

In support of this Anti-Harassment Policy, the Board promotes preventative educational measures to create greater awareness of unlawful discriminatory practices. The Superintendent or designee shall provide appropriate information to all members of the School District community related to the implementation of this policy and shall provide training for District students and staff where appropriate. All training, as well as all information, provided regarding the Board's policy and harassment in general, will be age and content appropriate.

**Retention of Investigatory Records and Materials**

All individuals charged with conducting investigations under this policy shall retain all documents, electronically stored information ("ESI"), and electronic media (as defined in Policy 8315) created and/or received as part of an investigation, which may include but not be limited to:

BOE 235

A. all written reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

B. any narratives that memorialize oral reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

C. any documentation that memorializes the actions taken by District personnel related to the investigation and/or the District's response to the alleged violation of this policy;

D. written witness statements;

E. narratives, notes from, or audio, video, or digital recordings of witness interviews/statements;

F. e-mails, texts, or social media posts that directly relate to or constitute evidence pertaining to an alleged violation of this policy (i.e., not after-the-fact commentary about or media coverage of the incident);

G. notes or summaries prepared contemporaneously by the investigator in whatever form made (e.g., handwritten, keyed into a computer or tablet, etc.), but not including transitory notes whose content is otherwise memorialized in other documents;

H. written disciplinary sanctions issued to students or employees and other documentation that memorializes oral disciplinary sanctions issued to students or employees for violations of this policy;

I. dated written determinations/reports (including summaries of relevant exculpatory and inculpatory evidence) and other documentation that memorializes oral notifications to the parties concerning the outcome of the investigation, including any consequences imposed as a result of a violation of this policy;

J. documentation of any interim measures offered and/or provided to complainants and/or the alleged perpetrators, including no contact orders issued to both parties, the dates the no contact orders were issued, and the dates the parties acknowledged receipt of the no contact orders;

K. documentation of all actions taken, both individual and systemic, to stop the discrimination or harassment, prevent its recurrence, eliminate any hostile environment, and remedy its discriminatory effects;

L. copies of the Board policy and/or procedures/guidelines used by the District to conduct the investigation, and any documents used by the District at the time of the alleged violation to communicate the Board's expectations to students and staff with respect to the subject of this policy (e.g., Student and/or Employee Handbooks or Codes of Conduct);

M. copies of any documentation that memorializes any formal or informal resolutions to the alleged discrimination or harassment;

N. documentation of any training provided to District personnel related to this policy, including but not limited to, notification of the prohibitions and expectations of staff set forth in this policy and the role and responsibility of all District personnel involved in enforcing this policy, including their duty to report alleged violations of this policy and/or conducting an investigation of an alleged violation of this policy;

O. documentation that any rights or opportunities that the District made available to one party during the investigation were made available to the other party on equal terms;

P. copies of any notices sent to the alleged perpetrator/responding party of the allegations constituting a potential violation of this policy;

Q. copies of any notices sent to the complainant and alleged perpetrator in advance of any interview or hearing;

R. copies of any documentation or evidence used during informal and formal disciplinary meetings and hearings, including the investigation report, and any written responses submitted by the complainant or the alleged perpetrator.

The documents, ESI, and electronic media (as defined in Policy 8315) retained may include public records and records exempt from disclosure under Federal (e.g., FERPA, ADA) and/or State law (e.g., R.C. 3319.321) – e.g., student records and confidential medical records.

The documents, ESI, and electronic media (as defined in Policy 8315) created or received as part of an investigation shall be retained in accordance with Policy 8310, Policy 8315, Policy 8320, and Policy 8330 for not less than three (3) years, but longer if required by the District's records retention schedule.

Revised 4/12/10
Revised 2/9/15
Revised 12/10/18
TC 8/10/20

© Neola 2018

BOE 236

Legal

R.C. 4112.02

20 U.S.C. 1400 et seq., The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)

20 U.S.C. 1681 et seq.

29 U.S.C. 621 et seq., Age Discrimination in Employment Act of 1967

29 U.S.C. 794, Rehabilitation Act of 1973, as amended

29 U.S.C. 6101, The Age Discrimination Act of 1975

42 U.S.C. 2000d et seq.

42 U.S.C. 2000e et seq.

42 U.S.C. 12101 et seq., Americans with Disabilities Act of 1990, as amended

42 U.S.C. 1983

National School Boards Association Inquiry and Analysis – May, 2008

**Last Modified by Brittany Wiggins on May 20, 2021**

BOE 237



| Book | Policy Manual |
|---|---|
| Section | 5000 Students |
| Title | ANTI-HARASSMENT |
| Code | po5517 |
| Status | Retired |
| Adopted | March 10, 2008 |
| Last Revised | December 10, 2018 |
| Retired | August 10, 2020 |

### 5517 - **ANTI-HARASSMENT**

#### General Policy Statement

It is the policy of the Board of Education to maintain an education and work environment that is free from all forms of unlawful harassment, including sexual harassment. This commitment applies to all School District operations, programs, and activities. All students, administrators, teachers, staff, and all other school personnel share responsibility for avoiding, discouraging, and reporting any form of unlawful harassment. This policy applies to unlawful conduct occurring on school property, or at another location if such conduct occurs during an activity sponsored by the Board.

The Board will vigorously enforce its prohibition against discriminatory harassment based on race, color, national origin, sex (including sexual orientation and transgender identity), disability, age (except as authorized by law), religion, ancestry, or genetic information (collectively, "Protected Classes") that are protected by Federal civil rights laws (hereinafter referred to as unlawful harassment), and encourages those within the School District community as well as third parties, who feel aggrieved to seek assistance to rectify such problems. The Board will investigate all allegations of unlawful harassment and in those cases where unlawful harassment is substantiated, the Board will take immediate steps to end the harassment, prevent its reoccurrence, and remedy its effects. Individuals who are found to have engaged in unlawful harassment will be subject to appropriate disciplinary action.

For purposes of this policy, "School District community" means students, administrators, and professional and classified staff, as well as Board members, agents, volunteers, contractors, or other persons subject to the control and supervision of the Board.

For purposes of this policy, "third parties" include, but are not limited to, guests and/or visitors on School District property (e.g., visiting speakers, participants on opposing athletic teams, parents), vendors doing business with, or seeking to do business with, the Board, and other individuals who come in contact with members of the School District community at school-related events/activities (whether on or off School District property).

#### Other Violations of the Anti-Harassment Policy

The Board will also take immediate steps to impose disciplinary action on individuals engaging in any of the following prohibited acts:

    A. Retaliating against a person who has made a report or filed a complaint alleging unlawful harassment, or who has participated as a witness in a harassment investigation.

    B. Filing a malicious or knowingly false report or complaint of unlawful harassment.

    C. Disregarding, failing to investigate adequately, or delaying investigation of allegations of unlawful harassment, when responsibility for reporting and/or investigating harassment charges comprises part of one's supervisory duties.

#### Definitions

#### Bullying

Bullying rises to the level of unlawful harassment when one or more persons systematically and chronically inflict physical hurt or psychological distress on one (1) or more students or employees and that bullying is based upon one (1) or more Protected Classes, that is, characteristics that are protected by Federal civil rights laws. It is defined as any unwanted and repeated written, verbal, or physical behavior, including any threatening, insulting, or dehumanizing gesture, by an adult or student, that is severe or pervasive enough to create an intimidating, hostile, or offensive educational or work environment; cause discomfort or humiliation; or unreasonably interfere with the individual's school or work performance or participation; and may involve:

    A. teasing;

    B. threats;

    C. intimidation;

BOE 238

D. stalking;

E. cyberstalking;

F. cyberbullying;

G. physical violence;

H. theft;

I. sexual, religious, or racial harassment;

J. public humiliation; or

K. destruction of property.

## Harassment

Harassment means any threatening, insulting, or dehumanizing gesture, use of technology, or written, verbal or physical conduct directed against a student or school employee that:

A. places a student or school employee in reasonable fear of harm to his/her person or damage to his/her property;

B. has the effect of substantially interfering with a student's educational performance, opportunities, or benefits, or an employee's work performance; or

C. has the effect of substantially disrupting the orderly operation of a school.

## Sexual Harassment

Pursuant to Title VII of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972, "sexual harassment" is defined as:

Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when:

A. Submission to such conduct is made either implicitly or explicitly a term or condition of an individual's employment, or status in a class, educational program, or activity.

B. Submission or rejection of such conduct by an individual is used as the basis for employment or educational decisions affecting such individual.

C. Such conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity.

Sexual harassment may involve the behavior of a person of either gender against a person of the same or opposite gender.

Prohibited acts that constitute sexual harassment may take a variety of forms. Examples of the kinds of conduct that may constitute sexual harassment include, but are not limited to:

A. Unwelcome sexual propositions, invitations, solicitations, and flirtations.

B. Unwanted physical and/or sexual contact.

C. Threats or insinuations that a person's employment, wages, academic grade, promotion, classroom work or assignments, academic status, participation in athletics or extra-curricular programs or events, or other conditions of employment or education may be adversely affected by not submitting to sexual advances.

D. Unwelcome verbal expressions of a sexual nature, including graphic sexual commentaries about a person's body, dress, appearance, or sexual activities; the unwelcome use of sexually degrading language, jokes or innuendoes; unwelcome suggestive or insulting sounds or whistles; obscene telephone calls.

E. Sexually suggestive objects, pictures, videotapes, audio recordings or literature, placed in the work or educational environment, which may embarrass or offend individuals.

F. Unwelcome and inappropriate touching, patting, or pinching; obscene gestures.

G. A pattern of conduct, which can be subtle in nature, that has sexual overtones and is intended to create or has the effect of creating discomfort and/or humiliation to another.

H. Remarks speculating about a person's sexual activities or sexual history, or remarks about one's own sexual activities or sexual history.

I. Inappropriate boundary invasions by a District employee or other adult member of the School District community into a student's personal space and personal life.

J. Verbal, nonverbal or physical aggression, intimidation, or hostility based on sex or sex-stereotyping that does not involve conduct of a sexual nature.

BOE 239

Not all behavior with sexual connotations constitutes unlawful sexual harassment. Sex-based or gender-based conduct must be sufficiently severe, pervasive, and persistent such that it adversely affects, limits, or denies an individual's employment or education, or such that it creates a hostile or abusive employment or educational environment, or such that it is intended to, or has the effect of, denying or limiting a student's ability to participate in or benefit from the educational program or activities.

**NOTE: Sexual conduct/relationships with students by District employees or any other adult member of the School District community is prohibited, and any teacher, administrator, coach, or other school authority who engages in sexual conduct with a student may also be guilty of the criminal charge of "sexual battery" as set forth in R.C. 2907.03. The issue of consent is irrelevant in regard to such criminal charge and/or with respect to the application of this policy to District employees or other adult members of the School District community.**

### Race/Color Harassment

Prohibited racial harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's race or color and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's race or color, such as racial slurs, nicknames implying stereotypes, epithets, and/or negative references relative to racial customs.

### Religious (Creed) Harassment

Prohibited religious harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's religion or creed and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's religious tradition, clothing, or surnames, and/or involves religious slurs.

### National Origin/Ancestry Harassment

Prohibited national origin/ancestry harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's national origin or ancestry and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's national origin or ancestry, such as negative comments regarding customs, manner of speaking, language, surnames, or ethnic slurs.

### Disability Harassment

Prohibited disability harassment occurs when unwelcome physical, verbal, or nonverbal conduct is based upon an individual's disability and when the conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity. Such harassment may occur where conduct is directed at the characteristics of a person's disabling condition, such as negative comments about speech patterns, movement, physical impairments or defects/appearances, or the like.

### Reports and Complaints of Harassing Conduct

Students and all other members of the School District community and third parties are encouraged to promptly report incidents of harassing conduct to a teacher, administrator, supervisor, or other District official so that the Board may address the conduct before it becomes severe, pervasive, or persistent. Any teacher, administrator, supervisor, or other District employee or official who receives such a complaint shall file it with the District's Anti-Harassment Compliance Officer at his/her first convenience.

Members of the School District community, which includes students, or third parties who believe they have been unlawfully harassed are entitled to utilize the Board's complaint process that is set forth below. Initiating a complaint, whether formally or informally, will not adversely affect the complaining individual's employment or participation in educational or extra-curricular programs. While there are no time limits for initiating complaints of harassment under this policy, individuals should make every effort to file a complaint as soon as possible after the conduct occurs while the facts are known and potential witnesses are available.

If, during an investigation of alleged bullying, aggressive behavior and/or harassment in accordance with Policy 5517.01 – Bullying and Other Forms of Aggressive Behavior, the Principal believes that the reported misconduct may have created a hostile work environment and may have constituted unlawful discriminatory harassment based on a Protected Class, the Principal shall report the act of bullying, aggressive behavior and/or harassment to one of the Anti-Harassment Compliance Officers who shall investigate the allegation in accordance with this policy. While the Compliance Officer investigates the allegation, the Principal shall suspend his/her Policy 5517.01 investigation to await the Compliance Officer's written report. The Compliance Officer shall keep the Principal informed of the status of the Policy 5517 investigation and provide him/her with a copy of the resulting written report.

### Anti-Harassment Compliance Officers

The Board designates the following individuals to serve as "Anti-Harassment Compliance Officers" for the District. They are hereinafter referred to as the "Compliance Officers".

High School Principal
Barrett Swope
(937) 845-9487
swopeb@bethlk12.org
7490 St. Rt. 201
Tipp City, OH 45371

Assistant Treasurer
Lynn Serra

BOE 240

(937) 845-9414
serral@bethelk12.com
7490 St. Rt. 201
Tipp City, OH 45371

The names, titles, and contact information of these individuals will be published annually in the parent and staff handbooks.

The Compliance Officers will be available during regular school/work hours to discuss concerns related to unlawful harassment, to assist students, other members of the District community, and third parties who seek support or advice when informing another individual about "unwelcome" conduct, or to intercede informally on behalf of the student, other member of the School District community or third party in those instances where concerns have not resulted in the filing of a formal complaint and where all parties are in agreement to participation in an informal process.

Compliance Officers shall accept complaints of unlawful harassment directly from any member of the School District community or a visitor to the District, or receive complaints that are initially filed within a school building administrator. Upon receipt of a complaint either directly or through a school building administrator, a Compliance Officer will begin either an informal or formal process (depending on the request of the person alleging the harassment or the nature of the alleged harassment), or the Compliance Officer will designate a specific individual to conduct such a process. In the case of a formal complaint, the Compliance Officer will prepare recommendations for the Superintendent or will oversee the preparation of such recommendations by a designee. All members of the School District community must report incidents of harassment that are reported to them to the Compliance Officer within two (2) business days of learning of the incident.

Any Board employee who directly observes unlawful harassment of a student is obligated, in accordance with this policy, to report such observations to one of the Compliance Officers within two (2) business days. Additionally, any Board employee who observes an act of unlawful harassment is expected to intervene to stop the harassment, unless circumstances make such an intervention dangerous, in which case the staff member should immediately notify other Board employees and/or local law enforcement officials, as necessary, to stop the harassment. Thereafter, the Compliance Officer or designee must contact the student, if age eighteen (18) or older, or the student's parents if under the age eighteen (18), within two (2) school days to advise s/he/them of the Board's intent to investigate the alleged misconduct, including the obligation of the Compliance Officer or designee to conduct an investigation following all the procedures outlined for a formal complaint.

**Investigation and Complaint Procedure**

Any student who believes that s/he has been subjected to unlawful harassment may seek resolution of his/her complaint through either the informal or formal procedures as described below. Further, a process for investigating claims of harassment or retaliation and a process for rendering a decision regarding whether the claim of legally prohibited harassment or retaliation was substantiated are set forth below.

Due to the sensitivity surrounding complaints of unlawful harassment or retaliation, time lines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) calendar days after the conduct occurs while the facts are known and potential witnesses are available. Once the formal complaint process is begun, the investigation will be completed in a timely manner (ordinarily, within fifteen (15) business days of the complaint being received).

The informal and formal procedures set forth below are not intended to interfere with the rights of a student to pursue a complaint of unlawful harassment or retaliation with the United States Department of Education Office for Civil Rights.

**Informal Complaint Procedure**

The goal of the informal complaint procedure is to stop inappropriate behavior and to investigate and facilitate resolution through an informal means, if possible. The informal complaint procedure is provided as a less formal option for a student who believes s/he has been unlawfully harassed or retaliated against. This informal procedure is not required as a precursor to the filing of a formal complaint.

Students who believe that they have been unlawfully harassed may initiate their complaint through this informal complaint process, but are not required to do so. The informal process is only available in those circumstances where the parties (alleged target of harassment and alleged harasser(s)) agree to participate in the informal process.

Students who believe that they have been unlawfully harassed may proceed immediately to the formal complaint process and individuals who seek resolution through the informal procedure may request that the informal process be terminated at any time to move to the formal complaint process.

However, all complaints of harassment involving a District employee or any other adult member of the School District community against a student will be formally investigated. Similarly, any allegations of sexual violence will be formally investigated.

As an initial course of action, if a student feels that s/he is being unlawfully harassed and s/he is able and feels safe doing so, the individual should tell or otherwise inform the harasser that the conduct is unwelcome and must stop. Such direct communication should not be utilized in circumstances involving sexual violence. The complaining individual should address the allegedly harassing conduct as soon after it occurs as possible. The Compliance Officers are available to support and counsel individuals when taking this initial step or to intervene on behalf of the individual if requested to do so. An individual who is uncomfortable or unwilling to inform the harasser of his/her complaint is not prohibited from otherwise filing an informal or a formal complaint. In addition, with regard to certain types of unlawful harassment, such as sexual harassment, the Compliance Officer may advise against the use of the informal complaint process.

A student who believes s/he has been unlawfully harassed may make an informal complaint, either orally or in writing: 1) to a teacher, other employee, or building administrator in the school the student attends; 2) to the Superintendent or other District-level employee; and/or 3) directly to one of the Compliance Officers.

All informal complaints must be reported to one of the Compliance Officers who will either facilitate an informal resolution as described below on his/her own, or appoint another individual to facilitate an informal resolution.

The School District's informal complaint procedure is designed to provide students who believe they are being unlawfully harassed with a range of options designed to bring about a resolution of their concerns. Depending on the nature of the complaint and the wishes of the student claiming unlawful harassment, informal resolution may involve, but not be limited to, one or more of the following:

BOE 241

A. Advising the student about how to communicate the unwelcome nature of the behavior to the alleged harasser.

B. Distributing a copy of the anti-harassment policy as a reminder to the individuals in the school building or office where the individual whose behavior is being questioned works or attends.

C. If both parties agree, the Compliance Officer may arrange and facilitate a meeting between the student claiming harassment and the individual accused of harassment to work out a mutual resolution. Such a meeting is not appropriate in circumstances involving sexual violence.

While there are no set time limits within which an informal complaint must be resolved, the Compliance Officer or designee will exercise his/her authority to attempt to resolve all informal complaints within fifteen (15) business days of receiving the informal complaint. Parties who are dissatisfied with the results of the informal complaint process may proceed to file a formal complaint. And, as stated above, parties may request that the informal process be terminated at any time to move to the formal complaint process.

**Formal Complaint Procedure**

If a complaint is not resolved through the informal complaint process, if one of the parties has requested that the informal complaint process be terminated to move to the formal complaint process, or if the student elects to file a formal complaint initially, the formal complaint process shall be implemented.

A student who believes s/he has been subjected to offensive conduct/harassment/retaliation hereinafter referred to as the "Complainant", may file a formal complaint, either orally or in writing, with a teacher, principal, or other District employee at the student's school, the Compliance Officer, Superintendent, or another District employee who works at another school or at the district level. Due to the sensitivity surrounding complaints of unlawful harassment, timelines are flexible for initiating the complaint process; however, individuals should make every effort to file a complaint within thirty (30) calendar days after the conduct occurs while the facts are known and potential witnesses are available. If a Complainant informs a teacher, principal, or other District employee at the student's school, Superintendent, or other District employee, either orally or in writing, about any complaint of harassment, that employee must report such information to the Compliance Officer or designee within two (2) business days.

Throughout the course of the process, the Compliance Officer should keep the parties informed of the status of the investigation and the decision-making process.

All formal complaints must include the following information to the extent it is available: the identity of the individual believed to have engaged in, or be engaging in, offensive conduct/harassment/retaliation; a detailed description of the facts upon which the complaint is based; a list of potential witnesses; and the resolution sought by the Complainant.

If the Complainant is unwilling or unable to provide a written statement including the information set forth above, the Compliance Officer shall ask for such details in an oral interview. Thereafter, the Compliance Officer will prepare a written summary of the oral interview, and the Complainant will be asked to verify the accuracy of the reported charge by signing the document.

Upon receiving a formal complaint, the Compliance Officer will consider whether any action should be taken in the investigatory phase to protect the Complainant from further harassment or retaliation, including, but not limited to, a change of work assignment or schedule for the Complainant and/or the alleged harasser. In making such a determination, the Compliance Officer should consult the Complainant to assess his/her agreement to the proposed action. If the Complainant is unwilling to consent to the proposed change, the Compliance Officer may still take whatever actions s/he deem appropriate in consultation with the Superintendent.

Within two (2) business days of receiving the complaint, the Compliance Officer or a designee will initiate a formal investigation to determine whether the Complainant has been subjected to offensive conduct/harassment/retaliation.

Simultaneously, the Compliance Officer will inform the individual alleged to have engaged in the harassing or retaliatory conduct, hereinafter referred to as the "Respondent", that a complaint has been received. The Respondent will be informed about the nature of the allegations and provided with a copy of any relevant administrative guidelines, including the Board's Anti-Harassment policy. The Respondent must also be informed of the opportunity to submit a written response to the complaint within five (5) business days.

Although certain cases may require additional time, the Compliance Officer or a designee will attempt to complete an investigation into the allegations of harassment/retaliation within fifteen (15) business days of receiving the formal complaint. The investigation will include:

A. interviews with the Complainant;

B. interviews with the Respondent;

C. interviews with any other witnesses who may reasonably be expected to have any information relevant to the allegations;

D. consideration of any documentation or other information presented by the Complainant, Respondent, or any other witness that is reasonably believed to be relevant to the allegations.

At the conclusion of the investigation, the Compliance Officer or the designee shall prepare and deliver a written report to the Superintendent that summarizes the evidence gathered during the investigation and provides recommendations based on the evidence and the definition of unlawful harassment as provided in Board policy and State and Federal law as to whether the Complainant has been subjected to unlawful harassment. The Compliance Officer's recommendations must be based upon the totality of the circumstances, including the ages and maturity levels of those involved. In determining if discriminatory harassment or retaliation occurred, a preponderance of evidence standard will be used. The Compliance Officer may consult with the Board's legal counsel before finalizing the report to the Superintendent.

Absent extenuating circumstances, within ten (10) school days of receiving the report of the Compliance Officer or the designee, the Superintendent must either issue a final decision regarding whether the complaint of harassment has been substantiated or request further investigation. A copy of the Superintendent's final decision will be delivered to both the Complainant and the Respondent.

BOE 242

If the Superintendent requests additional investigation, the Superintendent must specify the additional information that is to be gathered, and such additional investigation must be completed within ten (10) school days. At the conclusion of the additional investigation, the Superintendent shall issue a final written decision as described above.

The decision of the Superintendent shall be final.

The Board reserves the right to investigate and resolve a complaint or report of unlawful harassment/retaliation regardless of whether the student alleging the unlawful harassment/retaliation pursues the complaint. The Board also reserves the right to have the formal complaint investigation conducted by an external person in accordance with this policy or in such other manner as deemed appropriate by the Board or its designee.

**Privacy/Confidentiality**

The School District will employ all reasonable efforts to protect the rights of the Complainant, the individual(s) against whom the complaint is filed, and the witnesses as much as possible, consistent with the Board's legal obligations to investigate, to take appropriate action, and to conform with any discovery or disclosure obligations. All records generated under the terms of this policy and related administrative guidelines shall be maintained as confidential to the extent permitted by law. Confidentiality, however, cannot be guaranteed. All Complainants proceeding through the formal investigation process will be advised that their identities may be disclosed to the Respondent.

During the course of a formal investigation, the Compliance Officer or his/her designee will instruct all members of the School District community and third parties who are interviewed about the importance of maintaining confidentiality. Any individual who is interviewed as part of a harassment investigation is expected not to disclose any information that s/he learns or that s/he provides during the course of the investigation.

**Sanctions and Monitoring**

The Board shall vigorously enforce its prohibitions against unlawful harassment by taking appropriate action reasonably calculated to stop the harassment and prevent further such harassment. While observing the principles of due process, a violation of this policy may result in disciplinary action up to and including the discharge of an employee or the suspension/expulsion of a student. All disciplinary action will be taken in accordance with applicable State law and the terms of the relevant collective bargaining agreement(s). When imposing discipline, the Superintendent shall consider the totality of the circumstances involved in the matter, including the ages and maturity levels of those involved. In those cases where unlawful harassment is not substantiated, the Board may consider whether the alleged conduct nevertheless warrants discipline in accordance with other Board policies, consistent with the terms of the relevant collective bargaining agreement(s).

Where the Board becomes aware that a prior remedial action has been taken against a member of the School District community, all subsequent sanctions imposed by the Board and/or Superintendent shall be reasonably calculated to end such conduct, prevent its reoccurrence, and remedy its effects.

**Retaliation**

Any act of retaliation against a person who has made a report or filed a complaint alleging unlawful harassment, or who has participated as a witness in a harassment investigation is prohibited.

**Allegations Constituting Criminal Conduct: Child Abuse/Sexual Misconduct**

State law requires any school teacher or school employee who knows or suspects that a child with a disability under the age of twenty-one (21) or that a child under the age of eighteen (18) has suffered or faces a threat of suffering a physical or mental wound, disability or condition of a nature that reasonably indicates abuse or neglect of a child to immediately report that knowledge or suspicion to the county children's services agency. If, during the course of a harassment investigation, the Compliance Officer or a designee has reason to believe or suspect that the alleged conduct reasonably indicates abuse or neglect of the Complainant, a report of such knowledge must be made in accordance with State law and Board Policy.

State law defines certain contact between a teacher and a student as "sexual battery." If the Compliance Officer or a designee has reason to believe that the Complainant has been the victim of criminal conduct as defined in Ohio's Criminal Code, such knowledge should be immediately reported to local law enforcement.

Any reports made to a county children's services agency or to local law enforcement shall not terminate the Compliance Officer or a designee's obligation and responsibility to continue to investigate a complaint of harassment. While the Compliance Officer or a designee may work cooperatively with outside agencies to conduct concurrent investigations, in no event shall the harassment investigation be inhibited by the involvement of outside agencies without good cause after consultation with the Superintendent.

**Allegations Involving Conduct Unbecoming the Teaching Profession/Suspension**

The Superintendent will report to the Ohio Department of Education, on forms provided for that purpose, matters of misconduct on the part of licensed professional staff members convicted of sexual battery, and will, in accordance with Policy 8141, suspend such employee from all duties that concern or involve the care, custody, or control of a child during the pendency of any criminal action for which that person has been arrested, summoned and/or indicted in that regard.

**Education and Training**

In support of this Anti-Harassment Policy, the Board promotes preventative educational measures to create greater awareness of unlawful discriminatory practices. The Superintendent or designee shall provide appropriate information to all members of the School District community related to the implementation of this policy and shall provide training for District students and staff where appropriate. All training, as well as all information, provided regarding the Board's policy and harassment in general, will be age and content appropriate.

**Retention of Investigatory Records and Materials**

All individuals charged with conducting investigations under this policy shall retain all documents, electronically stored information ("ESI"), and electronic media (as defined in Policy 8315) created and/or received as part of an investigation, which may include but not be limited to:

BOE 243

A. all written reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

B. any narratives that memorialize oral reports/allegations/complaints/grievances/statements/responses pertaining to an alleged violation of this policy;

C. any documentation that memorializes the actions taken by District personnel related to the investigation and/or the District's response to the alleged violation of this policy;

D. written witness statements;

E. narratives, notes from, or audio, video, or digital recordings of witness interviews/statements;

F. e-mails, texts, or social media posts that directly relate to or constitute evidence pertaining to an alleged violation of this policy (i.e., not after-the-fact commentary about or media coverage of the incident);

G. notes or summaries prepared contemporaneously by the investigator in whatever form made (e.g., handwritten, keyed into a computer or tablet, etc.), but not including transitory notes whose content is otherwise memorialized in other documents;

H. written disciplinary sanctions issued to students or employees and other documentation that memorializes oral disciplinary sanctions issued to students or employees for violations of this policy;

I. dated written determinations/reports (including summaries of relevant exculpatory and inculpatory evidence) and other documentation that memorializes oral notifications to the parties concerning the outcome of the investigation, including any consequences imposed as a result of a violation of this policy;

J. documentation of any interim measures offered and/or provided to complainants and/or the alleged perpetrators, including no contact orders issued to both parties, the dates the no contact orders were issued, and the dates the parties acknowledged receipt of the no contact orders;

K. documentation of all actions taken, both individual and systemic, to stop the discrimination or harassment, prevent its recurrence, eliminate any hostile environment, and remedy its discriminatory effects;

L. copies of the Board policy and/or procedures/guidelines used by the District to conduct the investigation, and any documents used by the District at the time of the alleged violation to communicate the Board's expectations to students and staff with respect to the subject of this policy (e.g., Student and/or Employee Handbooks or Codes of Conduct);

M. copies of any documentation that memorializes any formal or informal resolutions to the alleged discrimination or harassment;

N. documentation of any training provided to District personnel related to this policy, including but not limited to, notification of the prohibitions and expectations of staff set forth in this policy and the role and responsibility of all District personnel involved in enforcing this policy, including their duty to report alleged violations of this policy and/or conducting an investigation of an alleged violation of this policy;

O. documentation that any rights or opportunities that the District made available to one party during the investigation were made available to the other party on equal terms;

P. copies of any notices sent to the alleged perpetrator/responding party of the allegations constituting a potential violation of this policy;

Q. copies of any notices sent to the complainant and alleged perpetrator in advance of any interview or hearing;

R. copies of any documentation or evidence used during informal and formal disciplinary meetings and hearings, including the investigation report, and any written responses submitted by the complainant or the alleged perpetrator.

The documents, ESI, and electronic media (as defined in Policy 8315) retained may include public records and records exempt from disclosure under Federal (e.g., FERPA, ADA) and/or State law (e.g., R.C. 3319.321) – e.g., student records and confidential medical records.

The documents, ESI, and electronic media (as defined in Policy 8315) created or received as part of an investigation shall be retained in accordance with Policy 8310, Policy 8315, Policy 8320, and Policy 8330 for not less than three (3) years, but longer if required by the District's records retention schedule.

Revised 4/12/10
Revised 2/9/15

**© Neola 2018**

BOE 244

Legal

R.C. 4112.02

20 U.S.C. 1400 et seq., The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA)

20 U.S.C. 1681 et seq.

29 U.S.C. 621 et seq., Age Discrimination in Employment Act of 1967

29 U.S.C. 794, Rehabilitation Act of 1973, as amended

29 U.S.C. 6101, The Age Discrimination Act of 1975

42 U.S.C. 2000d et seq.

42 U.S.C. 2000e et seq.

42 U.S.C. 12101 et seq., Americans with Disabilities Act of 1990, as amended

42 U.S.C. 1983

National School Boards Association Inquiry and Analysis – May, 2008

**Last Modified by Kayla Reichley on October 21, 2019**

BOE 245