UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN AND JANE DOE NO. 1, et al., | CASE NO. 3:22-cv-00337 |
| Plaintiffs, | JUDGE MICHAEL J. NEWMAN |
| vs. | |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | |
| Defendants. | |

## DECLARATION OF ALVIN E. MATHEWS, ESQ.

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name is Alvin E. Mathews. I am over twenty-one years of age and am fully qualified and competent in all respects to make this Declaration. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I can testify competently thereto.

2. I submit this declaration in response to Jessica Franz's Declaration Filed by Plaintiffs in the Preliminary Injunction proceedings in the above-captioned litigation.

3. I am a partner at Ulmer & Berne LLP in the litigation group. I focus my practice on legal ethics and professional liability. I have been licensed to practice law in Ohio since 1987.

4. I am a former assistant disciplinary counsel, employed with the Office of Disciplinary Counsel from 1991 through 1997. As an assistant disciplinary counsel, I investigated and prosecuted lawyers and judges for violations of the Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct. After leaving my employment with the Office of Disciplinary Counsel, I began advising and representing lawyers and judges regarding their professional obligations.

5. I have been engaged by the Board of Education Defendants in this litigation and asked to opine on whether the lawyers representing the Plaintiffs violated the School Board's rights during its ex parte contact with former Board member, Ms. Franz, during which she provided attorney-client information to them.

6. In order to provide my opinions, I reviewed numerous documents including court filings and exhibits in this litigation. My opinions are based on my experience and the following facts, which I learned through my review of the documents as described in the preceding paragraph, including the following:

   a. In her declaration, former Board member, Jessica Franz indicates she attended a December 7, 2021 Board meeting, which included an executive session discussion outside of public observation with Board members Jacob King, Lydda Mansfield, Lori Sebastian, Danny Elam, and Julie Reese. Superintendent Justin Firks and Natalie Donahue were also present. Both Ms. Franz and Ms. Donahue were newly elected to be sworn and take office January 1, 2022(and were required to comply with their ethical obligations as public officials).

    b. During the executive session discussion, Board Member King and Superintendent Firks explained that the school had a situation where a transgender student made a request to use a different restroom than they had been using.

    c. Board Member King and Superintendent Firks indicated they had received advice from the School Board's attorney John Podgurski, regarding the matter.

    d. Ms. Franz was not cautioned by Plaintiffs' counsel herein and improperly shared this attorney-client and executive session privileged information in this litigation.

7. The Ohio Rules of Professional Conduct ("Ohio Rules") create the standards of conduct with which lawyers and law firms in Ohio are to comport themselves. Based on my qualifications, experience, and review of materials in this case, as well as my knowledge and understanding of the Ohio Rules, I have reached the following opinion in this case to a reasonable degree of professional certainty.

8. Counsel for Plaintiffs did not follow professional standards of conduct applicable to Ohio lawyers, including Ohio Prof.Cond.R. 4.2, 4.3, 1.6, and 4.4 in that Plaintiffs' counsel, before interviewing Ms. Franz, were required to disclose their identity, and fully explain that they represent clients adverse to School Board. Moreover, counsel for Plaintiffs should have immediately informed the former organizational constituent, Ms. Franz, not to divulge any privileged communications that Ms. Franz may have had with or otherwise received from School Board's counsel (or is otherwise privileged). Ohio Prof.Cond.R. 1.6, 4.4 (lawyers may not use methods to obtain evidence that violate the legal rights of third parties.) Counsel for Plaintiffs was required not to solicit information from Ms. Franz that Plaintiffs' counsel knows or reasonably knows to be protected by the attorney-client or executive session privilege. *See* Ohio Bd. Op.

2016-5 (Aug. 15, 2016); *see also Humphries v. Chicarelli*, U.S. Dist. Court, S.D. Ohio No. 1:10-cv-749, 2012 WL 5930437 (S.D. Ohio 2012).

9. The fact that the School Board's counsel was not present during the executive session discussion and the critical attorney-client privileged information was conveyed to Ms. Franz by Board Member King and Superintendent Firks does not diminish the applicability of the Ohio Rules. Ohio Prof.Cond.R. 4.3 required Plaintiffs' counsel not to give advice to Ms. Franz other than advice to seek counsel in the matter. If Ms. Franz had the advice of competent independent counsel, she likely would have been counseled not to share this privileged information.

10. In essence, Ohio Prof.Cond.R. 4.3 requires an adverse lawyer contacting a former constituent of an opposing organizational party for an interview to (a) identify the lawyer's role in the matter, (b) provide the identity of the lawyer's client and (c) advise the former organizational constituent of the fact that the witness's former employer is an adverse party to the litigation (and that privileged information must not be shared).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. EXECUTED this 3rd day of February, 2023.

_____
Signature