# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOHN AND JANE DOE NO. 1, et al.,** : | **CASE NO. 3:22-cv-00337** |
| **Plaintiffs,** : | **JUDGE MICHAEL J. NEWMAN** |
| vs. : | |
| **BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** : | |
| **Defendants.** : | |

## SECOND DECLARATION OF JESSICA FRANZ

I, Jessica Franz, declare:

1. My name is Jessica Franz. I am over the age of 21 and fully competent to make this declaration.

2. I have personal knowledge of all of the facts stated in this declaration.

3. I provided the prior Declaration dated January 23, 2023 (Doc. 37-3).

4. I have read the memorandum in support of the motion in limine filed by the Bethel Local School District Board of Education (the "Board") in the above captioned matter on February 7, 2023 (the "Memorandum") (Doc. 48).

5. No attorney for the Board, nor any representative of the Board, nor any expert witness for the Board has ever contacted me regarding the allegations contained in the Memorandum.

6. I did not speak with Plaintiffs' counsel in the above-captioned lawsuit until after January 9, 2023.

7. Prior to our discussions, Plaintiffs' counsel identified who they were.

8. I was already aware of the above captioned lawsuit and knew that Plaintiffs' counsel had filed the lawsuit against the Board.

9. At all times during our discussions, I knew that Plaintiffs' counsel was actively litigating against the Board.

10. At no point during our discussions did I believe that Plaintiffs' counsel was representing me personally. And at no point during our discussions did Plaintiffs' counsel lead me to believe that they were representing me personally.

11. At no point during our discussions did I believe that Plaintiffs' counsel was giving me legal advice. And at no point during our discussions did Plaintiffs' counsel give me legal advice.

12. At no point during our discussions did I feel or believe that Plaintiffs' counsel was trying to elicit inappropriate confidential information from me.

13. At no point during our discussions did I divulge any attorney client privileged communications to Plaintiffs' counsel.

14. At no point during our discussions did Plaintiffs' counsel ask me to divulge any attorney client privileged communications to Plaintiffs' counsel.

15. To the best of my recollection, I also believe that Plaintiffs' counsel instructed me not to share attorney client privileged information.

16. My discussion with Plaintiffs' counsel regarding the December 7, 2021 executive session was focused on the facts of what I observed during the meeting.

17. With respect to the advice of the Board's counsel contained in Paragraph 12 of my Declaration (Doc. 37-3), it is public knowledge in the Bethel community that the Board's counsel advised the school that it had to allow restroom use in accordance with gender identity.

18. The Board openly promoted this advice as the reason for the decision.

19. Prior to my discussions with Plaintiffs' counsel, I had spoken with multiple attorneys regarding the Board's actions and timeline of events.

20. I had read the Open Meetings Act and the Ohio Sunshine Manual and believed that the December 7, 2021 executive session was not a proper executive session under the statute. I contacted an attorney who is a subject matter expert on school board and sunshine law issues, and the attorney confirmed that my understanding was correct.

21. Plaintiff's counsel has informed me of my right to consult with an attorney of my choice prior to executing this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

_2/16/2023_
Date

_Jessica Franz_
Jessica Franz