## <u>DECLARATION OF LYNNETTE DINKLER</u>

1. I, Lynnette Dinkler, pursuant to 28 U.S.C. §1746, declare the following testimony is true and correct based upon my own personal knowledge.

2. I am an attorney in good standing in the State of Ohio and am legal counsel for BOE Defendants.

3. I am over the age of 18, of sound mind, and provide this Declaration based upon my first-hand personal knowledge.

4. On February 17, 2023, John Podgurski and I are served via email with a Rule 11 safe harbor letter and motion, a true and accurate copy of which is attached to this Declaration as BOE 541-566.

5. On February 20, 2023, Mr. Podgurski and I received email correspondence from Plaintiff's counsel, Julie Byrne, following up on the above-mentioned February 17, 2023 email correspondence. Ms. Byrne noted she would be contacting the Court on February 21, 2023 requesting a conference. True and accurate copies of the email correspondence is attached to this Declaration as BOE 567-568.

6. On February 21, 2023, David Carey and I separately respond to Ms. Byrne's February 20, 2023 email advising of availability and Ms. Byrne replies back.  True and accurate copies of these email correspondences are attached to this Declaration as BOE 567-568.

7. On February 21, 2023, I received an email correspondence from Plaintiff's counsel, Julie Byrne, directed to the Court, requesting a teleconference with Judge Newman. True and accurate copies of the email correspondence is attached to this Declaration as BOE 569-570.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Lynnette Dinkler
Attorney for BOE Defendants

_____
February 22, 2023
Date

EXHIBIT A

**From:** Julie Byrne <jebyrne@ashbrookbk.com>
**Sent:** Friday, February 17, 2023 11:57:17 PM
**To:** Lynnette Dinkler <Lynnette@dinkler-law.com>; JP@johnpodgurski.com <JP@johnpodgurski.com>
**Cc:** Joseph Ashbrook <jpashbrook@ashbrookbk.com>; Nicholas Barry <nicholas.barry@aflegal.org>; dcarey@acluohio.org <dcarey@acluohio.org>; mpicasso@aclu.org <mpicasso@aclu.org>; rsaxe@aclu.org <rsaxe@aclu.org>; afruitwala@aclu.org <afruitwala@aclu.org>; mmeuti@beneschlaw.com <mmeuti@beneschlaw.com>; dhopkins@beneschlaw.com <dhopkins@beneschlaw.com>; flevenson@aclueohio.org <flevenson@aclueohio.org>
**Subject:** Rule 11 Motion for Sanctions

Counsel:
Please see the attached.

Julie

--



**Julie E. Byrne**
Attorney-at-Law
jebyrne@ashbrookbk.com
513.827.1776

This transmission is intended for the sole use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited.  If your receipt of this transmission is in error, please notify the law firm of Ashbrook Byrne Kresge LLC immediately (513) 827-1776 or by reply to this transmission.



Ashbrook Byrne Kresge LLC
PO Box 8248
Cincinnati, Ohio 45249
AshbrookByrneKresge.com

Julie E. Byrne
513 827 1776
jebyrne@ashbrookbk.com

February 17, 2023

Lynnette Dinkler
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419

John A. Podgurski
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094

**Sent Via Email (February 17, 2023) and Regular Mail (February 18, 2023)**

**Re: *Rule 11 Motion for Sanctions***

Lynnette and John:

Enclosed please find our motion and memorandum in support of Rule 11 sanctions against each of you individually and your law firms. This constitutes service pursuant to the requirements of Rule 11 and Rule 5 of the Federal Rules of Civil Procedure.

Ultimately, we seek that you amend/withdraw your motion in limine such that there is no reference to any allegations of misconduct against Plaintiffs' counsel and that you withdraw the Declaration of Alvin E. Mathews, Esq. We are disappointed you did not call us directly on this issue before making these allegations. If you believe that our understanding of the facts described in the motion is incorrect, please let us know so we can discuss the issue before we file it with the court.

Rule 11 generally provides that you have 21 days to act in response to our motion, but notes that a judge can shorten the time. Obviously, Judge Newman has ordered expedited briefing on your pending motion in limine. We have no control over the briefing schedule, and must operate within that reality. Accordingly, next week we plan on asking the court for an expedited schedule for this motion consistent with

BOE 542

the deadline of the briefing for standing.  We think it is only fair to provide you with this notice, so you can use your best judgment regarding the timing of your withdrawals in order to comply with your ethical obligations to the Court.

Sincerely,

**Ashbrook Byrne Kresge LLC**

Julie E. Byrne

Enclosures

CC: Joseph P. Ashbrook, Nicholas Barry, David Carey, Michael Meuti, David M. Hopkins, Freda Levenson, Malita Picasso, Rose Saxe, Aditi Fruitwala

BOE 543

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN AND JANE DOE NO. 1, et al.,** | : | **CASE NO. 3:22-cv-00337** |
| | : | |
| **Plaintiffs,** | : | **JUDGE MICHAEL J. NEWMAN** |
| | : | |
| **vs.** | : | |
| | : | |
| **BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFFS' MOTION FOR SANCTIONS REGARDING SUBMISSION OF A FALSE OR MISLEADING DECLARATION BY DEFENDANTS' ATTORNEYS LYNNETTE DINKLER AND JOHN A. PODGURSKI

Plaintiffs John and Jane Doe No. 1; Child No. 1A, a minor, by and through her legal guardians John and Jane Doe No. 1; John and Jane Doe No. 2; John Doe No. 3; Child No. 3B, a minor, by and through her legal guardian John Doe No. 3; Child No. 3C, a minor, by and through his legal guardian John Doe No. 3; Jane Doe No. 4; Child No. 4D, a minor, by and through his legal guardian Jane Doe No. 4; Jane Doe No. 5; Child No. 5E, a minor, by and through his legal guardian Jane Doe No. 5; Jane Doe No. 6; Jane Doe No. 7; Child No. 7F, a minor, by and through his legal guardian Jane Doe No. 7; John and Jane Doe No. 8; and John Doe No. 9 ("Plaintiffs"), pursuant to Fed. R. Civ. P. ("Rule") 11, hereby move this Court to impose sanctions and for other and further relief as the Court deems just and proper upon counsel for Bethel Local School District Board of Education, Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Michael Crispin (the "Defendants"), Lynnette Dinkler ("Dinkler") and

1

John A. Podgurski ("Podgurski,") and their respective law firms, Dinkler Law Office LLC and Law Offices of John A. Podgurski, for their submission of a false or misleading declaration in connection with a pending motion in limine (Doc. 48).

In support of this motion, Plaintiffs state:

Pursuant to Rule 11(c)(2), Plaintiffs served this motion upon Defendants via email on February 17, 2023, but, by the time of this filing, Defendants have not appropriately corrected their improper actions.

On February 7, 2023, Dinkler and Podgurski caused to be filed a declaration of attorney Alvin E. Mathews ("Mathews Declaration") (Doc. 48-3) in support of Defendants' motion in limine, in which Defendants sought to strike a declaration filed by Plaintiffs. As shown in Plaintiffs' memorandum in support of this motion, the Mathews Declaration contained false or misleading statements of material fact regarding matters within Dinkler and Podgurski's personal knowledge, and Dinkler and Podgurski have violated Rule 11(b) Alternatively, this Court has the inherent authority to sanction Dinkler and Podgurski because the false or misleading statements were made in bad faith.

For the reasons discussed in Plaintiffs' memorandum in support of this motion, Plaintiffs request that the Court enter an order: specifically finding that Defendants' Counsel filed a declaration in which they knowingly and in bad faith made false or misleading statements of material fact; (2) requiring Defendants' Counsel to submit a copy of such finding to each of the named Defendants, and to distribute it to Alvin E. Mathews; (3) directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation; (4) striking the Mathews Declaration and any portion of

BOE 545

the Defendant's MIL that references allegations of misconduct by Plaintiffs' counsel from the record; and (5) imposing such other sanctions as this Court deems appropriate.

Dated: February 17, 2023

Respectfully submitted,

s/ Joseph P. Ashbrook
Joseph P. Ashbrook (0091279)
Julie E. Byrne (0085174)
Ashbrook Byrne Kresge, LLC
PO Box 8248
Cincinnati, Ohio 45249
Tel: (513) 582-7424
Fax: (513) 216-9882
jpashbrook@ashbrookbk.com
jebyrne@ashbrookbk.com

Nicholas Barry
(*pro hac vice*)
America First Legal Foundation
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (615) 431-9303
Facsimile: (513) 216-9882
nicholas.barry@aflegal.org

*Attorneys for Plaintiffs*

BOE 546

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on the 17th day of February, 2023, I served a copy of the foregoing by

e-mail and on the 18th day of February, 2023 by regular mail to the following:

Lynnette Dinkler
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local*
*Schools District Board of Education, and*
*in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam,*
*Jacob King, and Matthew Chrispin*

John A. Podgurski
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local*
*School District Board of Education*

David Carey
dcarey@acluohio.org
ACLU of Ohio Foundation
1108 City Park Ave., Suite 203
Columbus, OH 43206

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

BOE 547

Michael Meuti
mmeuti@beneschlaw.com
David M. Hopkins (0095285)
dhopkins@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
*Attorneys for Intervenor Defendant Anne Roe*

Freda Levenson
flevenson@aclueohio.org
ACLU of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
*Attorneys for Intervenor Defendant Anne Roe*

s/ Julie E. Byrne
Julie E. Byrne

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, et al., | : | CASE NO. 3:22-cv-00337 |
| | : | |
| Plaintiffs, | : | JUDGE MICHAEL J. NEWMAN |
| | : | |
| vs. | : | |
| | : | PLAINTIFFS' MEMORANDUM IN |
| BETHEL LOCAL SCHOOL | : | SUPPORT OF PLAINTIFFS' |
| DISTRICT BOARD OF | : | MOTION FOR SANCTIONS |
| EDUCATION, et al., | : | |
| | : | |
| Defendants. | : | |

## INTRODUCTION

Litigation is not a joke, and allegations made in court are not to be made without some legitimate basis in law and/or fact. The federal courts are not a forum for parties to harass others by filing unfounded allegations which lack support under the existing law or facts. And attorneys are expected and required to conduct themselves before the Court with candor, and to conduct reasonable due diligence regarding the veracity of their filings to ensure that the Court may ascertain the truth. Such basic principles are foundational to the operation of the judicial branch.

Yet Defendants' counsel filed a motion and a declaration with this Court that does not meet this basic understanding. Defendants made allegations of professional misconduct against Plaintiffs' counsel without conducting reasonable due diligence

BOE 549

1

into their claims, and without citing to any applicable law to support the purported purpose for the allegations—thus, making allegations of impropriety against opposing counsel either while knowing the allegations to be false or with reckless disregard of their truth or falsity. A simple phone call to the declarant or to Plaintiffs' counsel would have resolved the issue, but Defendants' Counsel did not undertake such a simple task. When Defendants' Counsel made these allegations, they did not have a *reasonable* belief that they were true.

Such behavior indicates a purposeful attempt to mislead the Court and suggests an improper motive for filing. Zealous advocacy does not justify filing and representing speculation as fact before a court. Accordingly, Rule 11 sanctions in this matter are appropriate to deter future abusive filings in this litigation that may be contemplated by Defendants and their counsel, and to compensate Plaintiffs for the amounts they have incurred in responding to the instant matter.

## **BACKGROUND**

Defendants[1] filed a motion in limine (the "MIL") just prior to the parties' oral argument on Plaintiffs' motion for a preliminary injunction (the "PI Motion"). The timing of the filing was such that Plaintiffs' counsel did not have a meaningful opportunity to review the MIL prior to oral argument. The MIL sought to exclude the Declaration of Jessica Franz—filed by the Plaintiffs—in part because of allegations of ethical misconduct by Jessica Franz and Plaintiffs' counsel. The MIL ignored basic

---

[1] Bethel Local School District Board of Education, Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Matthew Chrispin

BOE 550

facts of the dispute and did not cite any law justifying the exclusion of evidence on the basis of alleged professional misconduct.

In connection with the MIL, Defendants' attorneys Lynnette Dinkler ("Dinkler") and John A. Podgurski ("Podgurski") (collectively "Defendants' Counsel") recklessly—without regard of its truth or falsity—filed a Declaration of Alvin E. Mathews, Esq., which contained false or misleading statements as to material facts, which a simple, reasonable inquiry and a review of earlier and other submissions to the Court reveal that they must have known were false or misleading at the time they were made.

## ARGUMENT

## I. The Court Has Authority to Impose Sanctions Under Rule 11 or the Court's Inherent Power

Rule 11 states, in substantial part:

> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. […]

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous

argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 11 applies to all written, signed pleadings, motions, and *other papers* filed in court. *See Bus. Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 549-51 (1991) (finding that Rule 11 reaches a signed affidavit); *Eisenberg v. Univ. of N. M.*, 936 F.2d 1131, 1133-34 (10th Cir. 1991) (affirming impositions of sanctions for unsupported allegations contained in signed affidavit attached to signed filing). It follows that an attorney's filing of a declaration (whether his own or another person's) that he knows to be false violates Rule 11.

Alternatively, even if Rule 11 did not apply, Defendants' Counsel's submission of false or misleading statements appears to have been in bad faith and, therefore, is punishable under the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41-43 (1991) (affirming the imposition of nearly $1 million in sanctions pursuant to the district court's inherent power, despite the fact that other, narrower sanctions provisions also regulated the conduct); *see also Roadway Express. Inc. v. Piper*, 447

U.S. 752, 764, 766-67 (1980) (affirming the award of sanctions, consisting of attorney fees, under the district court's inherent authority, after finding counsel acted in bad faith).

## II. Defendants' Counsel Did Not Conduct a Reasonable Inquiry.

Rule 11 was adopted to "require litigants to 'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment. The focus of the rule is narrow, concerned only with whether at the time that the paper is signed the attorney believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose." *Jackson v. L. Firm of O'Hara, Ruberg, Osborne and Taylor,* 875 F.2d 1224, 1229 (6th Cir. 1989).

In other words, Rule 11 imposes an affirmative duty on an attorney to certify that before filing, submitting, or later advocating to the court a signed document, the attorney has both:

- Conducted a reasonable inquiry.

- Determined that the document is:

  - well-grounded in fact;

  - legally tenable; and

  - not presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase litigation costs).

FRCP 11(b); *Bus. Guides, Inc.*, 498 U.S. at 551; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).

The standard for determining whether to impose sanctions is one of objective reasonableness. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 517 (6th Cir. 2002) (recognizing that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct'") (quoting *United States v. Kouri–Perez,* 187 F.3d 1, 8 (1st Cir. 1999)); *Union Planters Bank v. L & J Dev. Co., Inc.,* 115 F.3d 378, 384 (6th Cir. 1997) (finding that the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances") (citation omitted); *see also Waste Mgmt. Inc. v. Danis Indus. Corp.,* No. 3:00–CV–256, 2014 WL 4559228, at *4 (S.D. Ohio Sept.12, 2014) (noting that to determine if a Rule 11 violation warrants sanctions the Court must determine "whether the attorney's conduct was reasonable under the circumstances") (citation omitted).

Relevant factors for determining whether an attorney acted reasonably include: " 'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.' " *Zell v. Klingelhafer*, No. 2:13-CV-00458, 2015 WL 1299542, at *5 (S.D. Ohio Mar. 23, 2015) (quoting *Davis v. Crush,* 862 F.2d 84, 88 (6th Cir. 1988) (quoting *Century Products, Inc. v. Sutter,* 837 F.2d 247, 250–51 (6th Cir. 1988)).

BOE 554

## A.     Defendants' Counsel Used Unfounded Speculation as "Fact."

Presumably, Defendants' Counsel provided information to Mathews to prepare a declaration.  Mathews testified that in order to provide his opinion, he "reviewed numerous documents including court filings and exhibits in this litigation."  Decl. of Alvin E. Matthews, Esq., Doc. 48-3 [hereinafter "Matthews Decl."] at 1095[2], ¶6.  He further testified that his opinions are based on his "experience and the following facts, . . . Ms. Franz was not cautioned by Plaintiffs' counsel herein and improperly shared this attorney-client and executive session privileged information in this litigation." *Id.* at 1095-96, ¶6. Yet nothing in any of the court filings and exhibits in this litigation addressed what specific conversations had taken place between Ms. Franz and Plaintiffs' counsel, and nothing established as "fact" that Ms. Franz was not cautioned by Plaintiff's counsel. Despite this glaring lack of evidence, Mr. Mathews testified to his legal opinion that Plaintiffs' counsel

> …did not follow professional standard of conduct applicable to Ohio lawyers, including Ohio Prof. Cond.R. 4.2, 4.3, 1.6, and 4.4 in that Plaintiff's counsel, before interviewing Ms. Franz, were required to disclose their identity, and fully explain that they represent clients adverse to School Board.  Moreover, counsel for Plaintiffs should have immediately informed the former organizational constituent, Ms. Franz, not to divulge any privileged communications that Ms. Franz may have had with or otherwise received from School Board's counsel.

*Id.* at 1096, ¶8.

---

[2] All page citations to ECF documents ("Doc.") herein denote the "PageID" page number.

BOE 555

### i) Mathews Declaration Was Not Grounded In Fact.

Defendants' alleged "expert" opinion[3] on its face lacks sufficient facts and data about the specific interaction on which it speculates. But it also lacks consideration of central facts, already known to Defendants, that fundamentally impact the analysis of the supposedly protected advice in Paragraph 6 of the alleged expert's declaration. Doc. 48-3, Matthews Decl., at 1095–96, ¶6. The expert states as a fact that "Ms. Franz was not cautioned by Plaintiffs' counsel herein and improperly shared this attorney-client and executive session privileged information in this litigation." *Id.* at 1096, ¶6(d). This "fact" has no basis from which it is made. It is wholly speculative as neither Defendants' counsel nor the alleged expert attempted to speak to either Franz or Plaintiffs' counsel, the only people with knowledge on the matter. It also assumes that the information in the Franz Declaration was privileged. However, the fact that counsel's advice is public knowledge and that Defendants announced counsel's advice to the community as the reason for its decision was not considered. Second Decl. of Jessica Franz, Doc. 58-2 [hereinafter "Franz Decl. 2"] at 1294, ¶¶17-18; Defs.' Mem. in Opp'n to Pls.' Mot. for Prelim. Inj., Doc. 20 at 669. Nor was the fact that Defendants provided public records responses to Plaintiffs reflecting

---

[3] Notably, the Defendants' alleged "expert" testified that he is "a former assistant disciplinary counsel, employed with the Office of Disciplinary Counsel from 1991 through 1997. As an assistant disciplinary counsel, [he] investigated and prosecuted lawyers and judges for violations of the Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct." Doc. 48-3, Matthews Decl., at 1095, ¶4. This cannot be completely accurate because the Ohio Rules of Professional Conduct did not become effective until February 1, 2007. The Code of Professional Responsibility was in effect from July 15, 1974-January 31, 2007. Perhaps the Defendants' alleged expert glossed over this difference to avoid confusion, but it is a relevant consideration that he identified the incorrect code and that Defendants' Counsel submitted false information to the Court.

BOE 556

the same information. Second Decl. of Julie E. Byrne, Doc. 58-1 at 1287-1291, ¶¶5-7 & Exh. A to Byrne Decl. 2. The public disclosure and promotion of the alleged attorney-client privileged information is such an obvious explanation for its inclusion in the Franz Declaration that it indicates the expert (or Defendants' Counsel) failed to conduct appropriate due diligence and were unaware of these facts. Or worse. *See infra* II.C.

### B. Defendants' Counsel Did Not Talk to Franz.

Neither Defendants, nor their attorneys, nor their alleged "expert" spoke to Ms. Franz. Doc. 58-2, Franz Decl. 2, at 1293, ¶5. Instead, they simply assumed wrongdoing and presented their assumptions as if they were facts—which they are not. By virtue of a simple phone call, Defendants could have easily discovered that Plaintiffs' counsel identified themselves to Franz, that at all times Franz knew and understood that Plaintiffs' counsel represented clients adverse to the Bethel School Board, and that Plaintiffs' counsel did not endeavor to elicit information from Franz that the lawyers knew or reasonably knew to be protected by attorney-client privilege. Doc. 58-2, Franz Decl. 2, at 1293-94, ¶¶7-15.

As discussed in Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine, Doc. 58, (all of which is expressly incorporated herein as if restated without the need for repeating), the alleged attorney-client information had already been publicly disclosed and the executive session was improper. As a result, the information discussed at the December 7, 2021 "executive session" was not considered legally confidential pursuant to O.R.C. § 102.03(B) or the common law attorney-client

privilege doctrine. In order to claim otherwise, Defendants and their "expert" speculated about conversations with Ms. Franz of which they had no knowledge nor made any effort to learn about.

## C. Defendants' Counsels' Action Were Unreasonable and in Bad Faith.

The blatant failure to conduct even minimal due diligence to determine any of the relevant facts is indicative of bad faith. Moreover, Defendants' Counsel then used this speculative, unfounded opinion to try to exclude relevant evidence in the instant litigation by mischaracterizing the testimony of Mr. Mathews. In the MIL, Defendants argue that the alleged professional misconduct "prejudices and harms the Board of Education for the reasons opined to a reasonable degree of professional certainty by Alvin E. Mathews, Esq." Doc. 48 at 1046. Yet Mathews does not opine about how the alleged misconduct prejudices and harms the Defendants; he testifies that it's his opinion that Plaintiffs' counsel violated professional conduct rules. He does not opine at all about how it affects Defendants. Defendants' Counsel attempts to justify their arguments by saying that Franz did not explicitly state in her first declaration that Plaintiff's counsel identified themselves, explained they were adverse to the Board, or told her she shouldn't disclose privileged information. *Id.* at 1049. But there are a lot of things not explicitly stated in Franz's first declaration. Making assumptions about what actually occurred without taking reasonably objective steps to ascertain the truth and presenting it as though it is truth is sanctionable conduct.

BOE 558

Even if Defendants' Counsel's statements were technically true, they would still violate Rule 11 because they created the "misleading illusion" that Plaintiffs' Counsel acted unprofessionally and omitted the facts that would correct that illusion. *See Grove Fresh Distrib., Inc. v. John Labatt Ltd.,* 888 F. Supp. 1427, 1451 (N.D. Ill. 1995) (attorney's statement that he was "attorney or [counsel] of record," while literally true, created a "misleading illusion" because his client had discharged him, and the attorney failed to disclose that fact to the court, thus violating Rule 11), *aff'd,* 134 F.3d 374 (7th Cir. 1998). Here, Defendants' Counsel's argument creates the misleading illusion that Plaintiffs' counsel acted improperly and that such alleged improper conduct justifies the exclusion of relevant evidence.

Defendants leveled ethical accusations in the face of obvious explanations— *e.g.* the alleged attorney-client privileged information had already been shared with the public and the School Board did not properly go into executive session—while disregarding those explanations and failing to conduct a reasonable inquiry in investigating their claims. Defendants seek to use unjustified claims of confidentiality to cover up their unlawful behavior and silence Franz's whistleblowing. Combined with the fact that the accusations are completely unfounded, the most logical explanation is that this was done for improper litigation purposes in contravention of Rule 11. See, e.g. *Brand, Inc. v. I.O.B. Realty, Inc., Patsy's* , No. 99 Civ. 10175 (JSM), 2002 U.S. Dist. LEXIS 491 at *2 (S.D.N.Y. Jan. 16, 2002) (sanctioning attorneys who "simply closed their eyes to the overwhelming evidence that statements in [their] client's affidavit were not true").

BOE 559

While Plaintiffs contend Defendants' Counsel acted in bad faith, an attorney need not act in bad faith to be sanctioned under FRCP 11. The primary determination under FRCP 11 is whether the signing attorney conducted an inquiry into the factual and legal basis of the challenged document that was objectively reasonable under the circumstances. *Bus. Guides, Inc.*, 498 U.S. at 548-51; *Cruz v. Don Pancho Mkt., LLC*, 171 F. Supp. 3d 657, 667-68 (W.D. Mich. 2016); *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 205 (7th Cir.1985).) 84, 393 (1990). In order to find that Defendants' Counsel acted in an objectively reasonable manner, this Court would have to determine that in the approximately two weeks between when Plaintiffs filed their Reply (January 23, 2023) and the February 7, 2023 hearing—during which Defendants' Counsel found, hired, and received an "expert" legal opinion—they did not have the time or ability to call Jessica Franz—a person personally known to Podgurski—or opposing counsel to verify the underlying facts of Franz's interaction with Plaintiffs' counsel.

### III. Defendants' Counsel Has A Duty Of Candor To The Court.

Ohio Rules of Professional Conduct 3.3(a)(3) requires that a lawyer who knowingly offers material evidence by the lawyer, the lawyer's client, or a witness called by the lawyer that the lawyer knows to be false or the lawyer comes to know of its falsity, the lawyer "shall take reasonable measures to remedy the situation, including, if necessary, disclosure to the tribunal." In light of the facts concerning the communications between Ms. Franz and Plaintiffs' counsel (as opposed to the pure speculation offered by Defendants), Defendants' counsel should have immediately

BOE 560

withdrawn its unfounded allegations against Plaintiffs' counsel and its "expert" declaration of Alvin E. Mathews.

## IV.     Sanctions Are Appropriate.

While it is common for courts to award fees and expenses to the movant for sanctionable conduct, Rule 11 allows other sanctions in addition to or in the alternative of fees and expense.  Subsection (c)(2) provides that "the sanction may consist of, or include, directives of a nonmonetary nature."   The Advisory Committee Notes ("Notes") to the 1993 amendments to Rule 11 provide:

> The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities.

The Notes also identify factors to consider in determining what sanctions, if any, should be imposed under Rule 11:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Several of the factors cited by the Advisory Committee are applicable to Defendants' Counsel's actions. First, the conduct was in bad faith, as discussed above.  Second, their conduct should be deemed as having been intended to injure.

BOE 561

By making unfounded ethical allegations against Plaintiffs' counsel, Defendants' Counsel unjustly injured the professional reputations of Plaintiffs' counsel, and, at worse, attempted to chill Plaintiffs' counsel's advocacy on behalf of their clients. Plaintiffs' counsel was within their rights to investigate the Defendants' claims. Third, the false or misleading representation has consumed considerable time of Plaintiffs' counsel in challenging Defendants' Counsel's argument (in Plaintiffs' Memorandum in Opposition to the Defendants' MIL and in this motion). Fourth, Defendants' Counsel is trained in the law—both are attorneys and Dinkler in particular reminded the Court that she was a "federal practitioner." Oral Arg., Feb. 7, 2022, Tr. of Proc., Doc. 56 at 1208, 40:8. Fifth, it's possible that this litigation will continue into the foreseeable future, and there is a real need for sanctions to deter Defendants' frivolous arguments in the MIL and submission of baseless allegations as fact from repeating in the future.

If left unaddressed, Defendants' Counsel's conduct in submitting a false or misleading declaration in connection with their MIL is likely to repeat itself and the misrepresentations are likely to become greater and bolder. Sufficient sanctions should be imposed to deter such conduct. Plaintiffs propose and request that the Court impose the following sanctions, in addition to any other sanctions that the Court deems appropriate. First, in order to establish for the record (and, if necessary, to lay the foundation for further, increasingly severe sanctions if such misconduct is repeated), Plaintiffs respectfully request that the Court enter a specific factual finding that Defendants' Counsel knowingly and in bad faith

BOE 562

14

filed a false and misleading declaration. Second, Plaintiffs further ask that the Court order Defendants' Counsel to distribute a copy of the Court's findings and censure to each of the named Defendants, and distribute a copy to Alvin E. Mathews. This is necessary in order to ensure that Defendants are aware of this important development regarding their counsel and to minimize the professional reputational harm to Plaintiffs' counsel. Third, award Plaintiffs' counsel reasonable fees and costs incurred as a result of Defendants' Counsel's actions. Fourth, strike Mathews' Declaration and any portion of the Defendant's MIL that references allegations of misconduct by Plaintiffs' counsel from the record.

## <u>CONCLUSION</u>

For all the foregoing reasons Plaintiffs' Motion for Sanctions should be granted in its entirety. Specifically, Plaintiffs request that the Court enter an order (1) specifically finding that Defendants' Counsel filed a declaration in which they knowingly and in bad faith made false or misleading statements of material fact; (2) requiring Defendants' Counsel to submit a copy of such finding to each of the named Defendants, and to distribute it to Alvin E. Mathews; (3) directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation; (4) striking the Mathews Declaration and any portion of the Defendant's MIL that references allegations of misconduct by Plaintiffs' counsel from the record; and (5) imposing such other sanctions as this Court deems appropriate.

BOE 563

Dated:      February 17, 2023

Respectfully submitted,

s/ Joseph P. Ashbrook
Joseph P. Ashbrook (0091279)
Julie E. Byrne (0085174)
Ashbrook Byrne Kresge, LLC
PO Box 8248
Cincinnati, Ohio 45249
Tel: (513) 582-7424
Fax: (513) 216-9882
jpashbrook@ashbrookbk.com
jebyrne@ashbrookbk.com

Nicholas Barry
(*pro hac vice*)
America First Legal Foundation
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (615) 431-9303
Facsimile: (513) 216-9882
nicholas.barry@aflegal.org

*Attorneys for Plaintiffs*

BOE 564

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of February, 2023, I served a copy of the foregoing by e-mail and on the 18th day of February, 2023 by regular mail to the following:


Lynnette Dinkler
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
*Attorney for Defendants Bethel Local*
*Schools District Board of Education, and*
*in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue,*
*Danny Elam, Jacob King, and Matthew Chrispin*

John A. Podgurski
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
*Attorney for Defendant Bethel Local*
*School District Board of Education*


David Carey
dcarey@acluohio.org
ACLU of Ohio Foundation
1108 City Park Ave., Suite 203
Columbus, OH 43206

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

BOE 565

Michael Meuti
mmeuti@beneschlaw.com
David M. Hopkins (0095285)
dhopkins@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
*Attorneys for Intervenor Defendant Anne Roe*

Freda Levenson
flevenson@aclueohio.org
ACLU of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
*Attorneys for Intervenor Defendant Anne Roe*

s/ Julie E. Byrne
Julie E. Byrne

BOE 566

18

| | |
|---|---|
| **From:** | Lynnette Dinkler |
| **To:** | Julie Byrne |
| **Cc:** | jp@johnpodgurski.com; Joseph Ashbrook; Nicholas Barry; dcarey@acluohio.org; mpicasso@aclu.org; rsaxe@aclu.org; afruitwala@aclu.org; mmeuti@beneschlaw.com; dhopkins@beneschlaw.com; flevenson@acluohio.org |
| **Subject:** | Re: Rule 11 Motion for Sanctions |
| **Date:** | Wednesday, February 22, 2023 3:15:55 AM |

I am on vacation this week with booked and paid for plans, plus return travel which make me unavailable.  Additionally, I do not have reliable cell service at all times, and sometimes have no cell service.

John is on vacation next week but will make himself available Thursday and Friday.

Rule 11 provides a 21 day safe harbor.

We do not understand the basis for the potential prejudice to your client in wanting to immediately address your Rule 11 safe harbor with the Court.  That said, in the spirit of our continued cooperation, we have provided our earliest joint availability.  If you decide to contact the Court, I would ask that you share the content of this message with the Court regarding scheduling.

Lynnette Dinkler
Dinkler Law Office, LLC
www.Dinkler-Law.com
cell:  937-609-9627


> On Feb 21, 2023, at 11:46 AM, Julie Byrne <jebyrne@ashbrookbk.com> wrote:
>
>
> Confirming that you mean this Thursday/Friday and not March 2 and March 3? Waiting until end of next week is potentially prejudicial to our client.
>
> We are going to ask the Court for a teleconference this week. Is Thursday or Friday better for you?
>
> Julie
>
> On Tue, Feb 21, 2023 at 1:34 PM Lynnette Dinkler <Lynnette@dinkler-law.com> wrote:
>> Hi Julie.
>>
>> John and I are available to speak with the Court next Thursday and Friday.
>>
>> Lynnette Dinkler
>> Dinkler Law Office, LLC
>> www.Dinkler-Law.com
>> cell:  937-609-9627

On Feb 20, 2023, at 7:38 PM, Julie Byrne
<jebyrne@ashbrookbk.com> wrote:


Counsel:

Following up on my Friday email, we intend to reach out to the
Court tomorrow and ask for a teleconference this week. We'll be at
the mercy of the Court's schedule, but wanted to see if there's any
particular conflict on your end.  We want to be courteous to those if
we have options.
Regards,

Julie

Sent from my iPhone


> On Feb 17, 2023, at 11:57 PM, Julie Byrne
> <jebyrne@ashbrookbk.com> wrote:


Counsel:
Please see the attached.

Julie

--



**Julie E. Byrne**
Attorney-at-Law
jebyrne@ashbrookbk.com
513.827.1776

This transmission is intended for the sole use of the individual
or entity to whom it is addressed, and may contain information
that is privileged, confidential and/or exempt from disclosure
under applicable law.  You are hereby notified that any
dissemination, distribution or duplication of this transmission by
someone other than the intended addressee or its designated
agent is strictly prohibited.  If your receipt of this transmission is
in error, please notify the law firm of Ashbrook Byrne Kresge
LLC immediately (513) 827-1776 or by reply to this
transmission.

**From:** Claire Mcdowell <Claire_Mcdowell@ohsd.uscourts.gov>
**Sent:** Wednesday, February 22, 2023 12:23 PM
**To:** Julie Byrne <jebyrne@ashbrookbk.com>
**Cc:** Lynnette Dinkler <Lynnette@dinkler-law.com>; jp@johnpodgurski.com
<jp@johnpodgurski.com>; Joseph Ashbrook <jpashbrook@ashbrookbk.com>; Nicholas Barry
<nicholas.barry@aflegal.org>; mpicasso@aclu.org <mpicasso@aclu.org>; rsaxe@aclu.org
<rsaxe@aclu.org>; afruitwala@aclu.org <afruitwala@aclu.org>; mmeuti@beneschlaw.com
<mmeuti@beneschlaw.com>; dhopkins@beneschlaw.com <dhopkins@beneschlaw.com>;
flevenson@acluohio.com <flevenson@acluohio.com>; David Carey <dcarey@acluohio.org>
**Subject:** RE: John / Jane Doe No 1, et al vs. Bethel Local School District BOE, et al, 3:22-cv-337

Dear Counsel,

Judge Newman is unavailable for a phone conference this week. He prefers all requests for
conferences or hearings be presented by motion rather than email. Counsel are advised to
consult S.D. Ohio Civ. R. 7.1(b)(3) for information about the filing of urgent motions.

Respectfully,

Claire

---

**From:** Julie Byrne <jebyrne@ashbrookbk.com>
**Sent:** Tuesday, February 21, 2023 4:46 PM
**To:** OHSDdb_Newman_Ch <Newman_Chambers@ohsd.uscourts.gov>
**Cc:** Lynnette Dinkler <Lynnette@dinkler-law.com>; jp@johnpodgurski.com; Joseph Ashbrook
<jpashbrook@ashbrookbk.com>; Nicholas Barry <nicholas.barry@aflegal.org>; mpicasso@aclu.org;
rsaxe@aclu.org; afruitwala@aclu.org; mmeuti@beneschlaw.com; dhopkins@beneschlaw.com;
flevenson@acluohio.com; David Carey <dcarey@acluohio.org>
**Subject:** Re: John / Jane Doe No 1, et al vs. Bethel Local School District BOE, et al, 3:22-cv-337

CAUTION - EXTERNAL:

My apologies.  I didn't have David Carey CC'ed on the email below.
Julie

On Tue, Feb 21, 2023 at 4:29 PM Julie Byrne <jebyrne@ashbrookbk.com> wrote:

> Plaintiffs' counsel requests a teleconference with Judge Newman, this week if
> possible, regarding a scheduling matter that has arisen in relation to the pending

motion in limine. In particular, we have served Lynnette Dinkler and John Podgursky a Rule 11 motion for sanctions. Parties normally have 21 days to consider such requests under the rules of civil procedure, but we would like expedited consideration of the same pursuant to Rule 11(c)(2) because our clients could be prejudiced if the Court ruled on the MIL prior to expiration of the normal 21 day period.

We are available any time Thursday or Friday for a call.

I reached out to opposing counsel to determine their potential availability this week.

- Defendants' Counsel, Lynnette Dinkler, asked that I share that she is "on vacation this week with booked and paid for plans, plus return travel which make [her] unavailable. Additionally, [she] do[es] not have reliable cell service at all times, and sometimes [has] no cell service. John [Podgursky] is on vacation next week but will make himself available Thursday and Friday."
- Defendant-Intervenor's Counsel, David Carey, shared that he is available next Thursday and Friday as well. He did not provide his availability for this week.

Normally, we would be willing to be flexible on timing, but waiting until the end of next week (March 2 or 3) could be potentially prejudicial to our clients.

Thank you,

Julie
--

**Julie E. Byrne**
Attorney-at-Law
jebyrne@ashbrookbk.com
513.827.1776

This transmission is intended for the sole use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify the law firm of Ashbrook Byrne Kresge LLC immediately (513) 827-1776 or by reply to this transmission.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.