# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOHN AND JANE DOE NO. 1, et al., | CASE NO. 3:22-cv-00337 |
| Plaintiffs, | JUDGE MICHAEL J. NEWMAN |
| vs. | |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REDUCE THE RULE 11 SAFE HARBOR DEADLINE |
| Defendants. | |

## INTRODUCTION

On February 18, 2023, Plaintiffs mailed a Rule 11 Motion to Defendants.[1] Under Rule 11(c)(2), parties have a 21-day safe harbor period in which to decide whether to withdraw an offending pleading before the motion is filed with the Court. However, Rule 11(c)(2) provides the Court the discretion to adjust that safe harbor period if it chooses. Here, Plaintiffs ask the Court to set the end of the safe harbor period for March 6, 2023, ten days before it would otherwise expire on March 16, 2023.[2] Under this Court's order setting an expedited schedule for briefing on Federal standing, and on Defendant's Motion in Limine, all briefing is set to be completed by

---

[1] Bethel Local School District Board of Education, Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Matthew Chrispin.
[2] Defendants would still have 16 total days within the safe harbor period.

March 6, 2023. Plaintiffs are seeking to avoid the possibility of prejudice to their Rule 11 Motion, should it still need to be filed. *See* ECF, Doc. 52.

## ARGUMENT

Plaintiffs would be prejudiced if the Court were to rule on the currently pending motions before the expiration of the 21-day safe harbor period. This prejudice results because Plaintiffs would be barred from filing their Rule 11 Motion as soon as the Court resolves the offending motion. For this reason, the safe harbor provision, combined with the expedited scheduling, creates a "catch 22" for Plaintiffs.

In 1993, Rule 11 was significantly changed, including the introduction of the 21-day safe harbor provision. The safe harbor provision was meant to reduce "Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). The goal of forcing attorneys to communicate with each other, before going to court for resolution, was meant to resolve issues without court involvement and to engender civility between counsel. *Id.* In *Ridder*, the court specifically noted Justice Scalia's dissent from the rule change and his comment that Rule 11 would be "toothless" and allow offending attorneys to "escape with no sanction at all." *Id.*

Importantly, the Advisory Committee's Comments on Rule 11 provide that a Rule 11 Motion cannot be filed after the offending pleading is resolved. *See* FED. R. CIV. P. 11 advisory committee's note to 1993 amendment ("Given the safe harbor provisions . . . a party cannot delay serving its Rule 11 motion until . . . judicial

rejection of the offending contention.") (cleaned up). This has also been decided across circuits. The Sixth Circuit, in *Ridder*, concluded: "If the court disposes of the offending contention before the twenty-one day "safe harbor" period expires, a motion for sanctions cannot be filed with or presented to the court." 109 F.3d at 295.

In cases like this one, where counsel is faced with "competing obligations . . . under the scheduling directive and under Rule 11(c)(2), the proper course [is] not to ignore the rule's safe harbor requirements, but to alert [the opposing party] and the court to any perceived defect in the [pleadings] and to seek clarification and agreement as to the schedule for formal filing of the sanctions motion." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 159 (2d Cir. 2010).

The text of Rule 11 vests the Courts with discretion to adjust the safe harbor period. *See* FED. R. CIV. P. 11(c)(2). It does so for the same reason that Courts retain their inherent power to impose sanctions; events often move more quickly than expected and flexibility is required. *See generally Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) ("The case before us today illustrates the wisdom of retaining the inherent power of the courts. . . Events often move too fast to allow strict compliance with [Rule 11.]").

Plaintiffs therefore seek an urgent hearing on this matter, pursuant to Local Rule 7.1(b)(3), and ask this Court to set the end of the Rule 11 safe harbor period for March 6, 2023 (when all briefing on the issues will be complete) to avoid prejudicing the resolution of the Rule 11 Motion, should it still need to be filed with the Court. This would provide the Defendants with 16 days to decide whether they want to

withdraw the portions identified by Plaintiffs as violating Rule 11.³ Plaintiffs recognize the Court's desire for expeditious resolution of pending issues with an expedited briefing schedule and must seek modification of the 21 day period under Rule 11(c)(2) to prevent potential prejudice to Plaintiffs.

Finally, Plaintiffs are reviewing Defendants' recent reply filings in support of the motion in limine. ECF, Doc. 60, 60-1, 60-2, 60-3, and 60-4. Plaintiffs may supplement the Rule 11 motion and supporting memorandum to incorporate the same. If Plaintiffs do update the Rule 11 motion and memorandum for the reply, Plaintiffs will serve any update on all defendants by the end of day on February 27, 2023. And Plaintiffs request that March 6, 2023 remain the ending date for the safe harbor period for any supplement to incorporate Defendants' reply (if applicable).

## Conclusion

For all the foregoing reasons, Plaintiffs request an urgent hearing under Local Rule 7.1(b)(3), and an adjustment of the safe harbor period such that it ends on March 6, 2023.

Dated:     February 24, 2023

                Respectfully submitted,

                <u>s/ Joseph P. Ashbrook</u>
                Joseph P. Ashbrook (0091279)
                Julie E. Byrne (0085174)
                Ashbrook Byrne Kresge, LLC
                PO Box 8248

---

³ Based on Defendants Reply to their MIL, (Doc. 60) it appears they will not withdraw the offending statements and Plaintiffs will be forced to file their Rule 11 Motion. A reduced timeline will not cause prejudice to Defendants if that is the case.

Cincinnati, Ohio 45249
Tel: (513) 582-7424
jpashbrook@ashbrookbk.com
jebyrne@ashbrookbk.com

Nicholas Barry
(*pro hac vice*)
America First Legal Foundation
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Tel: (615) 431-9303
nicholas.barry@aflegal.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 24th day of February, 2023, I served a copy of the foregoing via the Court's ECF system, which notifies all counsel of record.

                                                                                 s/ Joseph P. Ashbrook
                                                                                 Attorney for Plaintiffs