UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN AND JANE DOE NO. 1, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>BETHEL LOCAL SCHOOL DISTRICT<br>BOARD OF EDUCATION, *et al.*,<br>Defendants. | Case No. 3:22-cv-00337<br><br>Judge: Michael J. Newman |

**BRIEF OF DEFENDANTS BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, AND LYDDA MANSFIELD, LORI SEBASTIAN, NATALIE DONAHUE, DANNY ELAM, JACOB KING AND MATTHEW CHRISPIN, IN THEIR OFFICIAL CAPACITIES, IN RESPONSE TO PLAINTIFFS' BRIEF ON STANDING TO BRING FEDERAL CLAIMS (DOC. 59)**

## INTRODUCTION

Because Plaintiffs cannot fulfill the mandatory Article III of the U.S. Constitution standing requirements, the following claims should be dismissed with prejudice because no amendment to the Complaint can cure their defects (*SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted) ("courts need not give leave to amend when doing so would be futile. Amending would be futile if a proposed amendment would not survive a motion to dismiss.") *Stanley v. Citimortgage, Inc.*, S.D.Ohio No. 3:17-cv-99, 2018 U.S. Dist. LEXIS 9929, at *12 (Jan. 22, 2018) (dismissal of claims for lack of cognizable injury required to establish standing under Article III):

All federal claims brought by all Plaintiffs for lack of cognizable harm;

All federal claims purporting to challenge access to any "intimate space" other than the girls' communal restroom by a transgender girl student;

1

  All federal claims brought by Plaintiff parents of boy students and Plaintiff boy students;

  Plaintiffs' Title IX claim (Count Two of the Complaint) brought by all Plaintiffs;

  Parental Rights claim (Count Three) brought by all Plaintiffs;

  Equal Protection claim (Count Four) brought by all Plaintiffs;

  Free Exercise claim (Count Five) brought by all Plaintiffs parents; and

  Protection of Pupils Rights Amendment (Count Six) brought by all Plaintiffs.

  All federal claims against current Board of Education Members, Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and current Superintendent, Matthew Chrispin, each sued in their official capacities only.

  To avoid needless repetition and streamline a reply for Plaintiffs, Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King and Matthew Chrispin, in their official capacities only (collectively referenced as "BOE Defendants"), incorporate by reference arguments as noted below by Intervenor-Defendant Anne Roe.

## LAW AND ARGUMENT

### I. Article III Standing Requirements

  BOE Defendants incorporate by reference defendant Anne Roe's Article III standard. Doc. 62, Page ID 1419-1420. Declaratory judgment actions, like other claims for relief, must present the "suffered an injury" evidence to maintain the claim in federal court under Article III. *See Allen v. Wright*, 468 U.S. 737, 751 (1984); *Michigan State Chamber of Commerce v. Austin*, 788 F.2d 1178, 1181-82 (6th Cir. 1986); *Detroit, Toledo and Ironton R. Co. v. Consolidated Rail Corp.*, 767 F.2d 274, 279 (6th Cir.1985); *Moss v. Hudson*, 6th Cir. No. 92-1606, 1992 U.S. App. LEXIS 27040, at *4-5 (Oct. 14, 1992). Where the Court dismisses any of Plaintiffs' asserted federal claims for lack of standing, the requested declaratory judgment relief for each claim must likewise

be dismissed.

While Plaintiffs' complaint is deficient to fulfill mandatory standing requirements, the Court may consider other evidence in record when ruling on standing. "[A] court may consider 'exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss' without converting the motion to dismiss into a motion for summary judgment." *Thomas v. Noder-Love*, No. 13-2495, 621 F. App'x 825, 828 (6th Cir. 2015) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)). *Stanley*, S.D.Ohio No. 3:17-cv-99, 2018 U.S. Dist. LEXIS 9929, at *9-10. The record proves Plaintiffs lack standing to assert any federal claim (or state law claim other than the Ohio Meetings Act claim, merits of which are denied[1]).

**II.     Plaintiffs Lack Standing for All Their Federal Claims Because No Plaintiff Suffered an Injury in Fact Traceable to Defendant BOE and Redressable by the Court**

At Bethel Schools, a one building campus, there are communal restrooms for girls, communal restrooms for boys, and single user restrooms any student can use by completing and submitting a form to the administration. Chrispin Dec, ¶ 7, 11, BOE 399-400 (filed under seal, Doc. 24-1 – 24-6, Page ID 690-701), Doc. 18-5, Page ID 641-642; Jones Dec, ¶ 8 (Doc. 18-7, Page ID 647), Schoch Dec, ¶ 8 (Doc. 18-8, Page ID 650), Swope Dec, ¶ 6 (Doc. 21-2, Page ID 681), Zigler Dec, ¶ 5, 8 (Doc. 18-6, Page ID 644-645) The communal restrooms throughout the School District have partitioned stalls for privacy. Chrispin Dec, ¶ 7. If people (people, not transgender students) improperly enter communal restrooms, locker rooms, or intimate space, the school hallways are equipped with security video cameras which would aid in the investigation of any

---

[1] State claim standing arguments (other than Ohio Open Meetings Act) and merit arguments on all federal and state law claims are not waived and will be raised in future motion practice, as the present brief responds to the Court's order on federal claims standing only. Order, Doc. 52. Although the instant Court ordered briefing addresses federal claims only, *see* Order, Doc. 52, BOE Defendants respectfully submit that for the reasons stated herein, all Plaintiffs similarly lack standing for their state-law constitutional claims.

3

such complaint. *Id*. Plaintiffs know this to be true because two and a half days after BOE Defendants file their Memorandum in Opposition, female students they identify as potential plaintiffs made scandalous allegations against Anne Roe, none of which investigation, including review of security video, were able to verify and all which Anne Roe uncategorically and emphatically denies. Anne Roe Suppl. Dec., Doc. 57-1, Page ID 1263-1265

The only transgender student in the School District receiving accommodation is Anne Roe, a transgender girl student. *Id*. at ¶ 6, 10. The only accommodation Anne Roe receives is access to the girls' communal restroom. *Id*. No transgender boy student is accessing the boys' communal restroom. *Id*. at ¶ 10. No transgender student is accessing any other space that could be considered "intimate," including locker rooms. *Id*; See BOE Defendants' Answer, ¶ 108, Doc. 1, Page ID 9.

For purposes of standing, who are the Plaintiffs? These details are being filed under seal to allow the Court to fully evaluate the claims relative to standing.

Only Plaintiff girl students purport to experience injury in fact (Compl. ¶ 72, 73, 81, 83, Doc. 1, Page ID 12, 14) because of Anne Roe's granted accommodation under Board Policy 5517 Student Anti-Harassment (Chrispin Dec, ¶ 14-15, BOE 220-245). Other than alleged urine holding, their claimed injury in fact is based upon psychological consequence produced by observation of conduct with which they disagree and general emotional harm. No matter how deeply felt, these allegations do not constitute sufficient injury, as a matter of law, to satisfy the requirements of Article III. *Buchholz v. Meyer Njus Tanick, Pa.*, 946 F.3d 855, 861 (6th Cir. 2020) (quoting *Valley Forge Christian College v. Ams. Utd. for Separation of Church & State*, 454 U.S. 464, 485 (1982), and *Humane Soc'y of U.S. v. Babbitt*, 46 F.3d 93, 98 (D.C. Cir. 1995).

As for Plaintiff girl students purportedly holding their urine because of Anne Roe's granted accommodation to access the girls' communal restrooms, the partitioned stalls are private, only

allowing the feet of the user to be seen. Chrispin Dec, ¶ 7, Doc. 18-5, Page ID 641; Oral Argument Trans., Doc. 56, Page ID 1197. Girl students washing hands side by side, whether in a communal restroom or a chemistry lab, does not amount to injury in fact as required under Article III. *Id.* "Modesty" and "lust" do not create a case in controversy under Article III, contrary to Plaintiffs' arguments, noting modesty only applies to girl student Plaintiffs. If girl students require privacy to remove or adjust a religiously worn head covering and feel uncomfortable removing or adjusting it in the girls' communal restroom, they can request and receive access to the single user restrooms, a restroom option made available to all students. Chrispin Dec, ¶ 11 Doc. 18-5, Page ID 642; Oral Argument Trans., Doc. 56, Page ID 1201-1202.

No Plaintiff boy student claims injury in fact regarding boy transgender students accessing communal restrooms because no boy transgender student is accessing the boys' communal restrooms. *Id.* at 10.

No Plaintiff student can allege, and no Plaintiff student does allege, any injury in fact occurring in any intimate space other than a communal student restroom, such as a locker room (or any other perceived intimate space). No transgender students are accessing locker rooms. If a transgender student requests locker room access accommodation aligning with his/her sexual identity, a single use restroom will be assigned to the student for use as the locker rooms do not presently have any private changing areas. *Id.* at 15. And, to be clear, Anne Roe does not request and is not receiving accommodation regarding access to the girls' locker room. She, by her own choice, uses a separate, segregated place to change for physical education class. *Id.* at 6.

No Plaintiff parents can allege, and no Plaintiff parent does allege, any injury in fact occurring in any intimate space. The school facilities, its student communal restrooms and locker rooms, do not serve Plaintiff parents.

5

**III.     Plaintiffs Lack Standing for Their Title IX Claim, As They Have Failed to Allege a Case or Controversy as Required by Article III of the U.S. Constitution**

BOE Defendants incorporate by reference defendant Anne Roe's Title IX law and argument with one exception.  Doc. 62, Page ID 1420-1427.  With the alleged harms asserted by Plaintiffs, the BOE Defendants submit Plaintiffs do not have standing to assert First and Fourteenth Amendment claims under 42 U.S.C. § 1983, for the reasons set forth above.  Should the Court reject this argument, BOE Defendants alternatively argue, like Anne Roe, that standing does not exist under Title IX, but possibility and only under a civil rights theory, while still meritless.  Doc. 62, Page ID 1424.

Plaintiffs cannot maintain standing against the Individual BOE Defendants sued in official capacity only because no private cause action exists under Title XI against individual Defendants. "Title IX reaches institutions and programs that receive federal funds, but Title IX does not authorize lawsuits against school officials, teachers and other individuals. [*4] *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 129 S.Ct. 788, 791, 172 L. Ed. 2d 582 (2009); *see also Marshall v. Ohio University*, 2015 U.S. Dist. LEXIS 155291, 2015 WL 7254213 at * 4 (S.D. Ohio Nov. 17, 2015)." *Frye v. Level Up, LLC*, M.D.Tenn. No. 3-15-1195, 2016 U.S. Dist. LEXIS 74319, at *3-4 (June 6, 2016).

The BOE Defendants disputes the violation of any constitutional right owed to any Plaintiff based upon the Complaint allegations, but submits, like Anne Roe, only where a constitutional violation was to occur could Plaintiffs then seek relief based on the Constitution or statute.  Doc. 62, Page ID 1421.

Count Two of the Complaint should be dismissed for lack of standing.

**IV.     Plaintiffs Lack Standing for Their Parental Rights Claim, As They Fail to Allege Any Injury in Fact Sufficient to Satisfy Article III of the U.S. Constitution**

Plaintiffs demand, in essence, to participate in and to be informed of requests for accommodation made by transgender students under Board Policy. Federal and state student privacy rights, such as FERPA, and sometimes HIPPA, as well as Board Policy, forbid this. Parent Plaintiffs claim the BOE Defendants are denying them common sense information that stops them from being able to ask questions, limiting their ability to choose a proper school for their respective students. Doc. 59, Page ID 1300-1303.

Plaintiffs seek relief based on the BOE Defendant's alleged violation of their substantive rights under the Due Process Clause of the Fourteenth Amendment "to make decisions concerning the care, custody and control of their children," as recognized by the United States Supreme Court. *Troxel v. Granville,* 530 U.S. 57, 66 (2000). This right, among others, is one "not mentioned in the Constitution," but one that is "deeply rooted in this Nation's history and tradition," and "implicit in the concept or ordered liberty." *Dobbs v. Jackson Women's Health Org.,* 142 S.Ct. 2228, 2242 (2022).

A claim asserting a violation of a substantive right under the Fourteenth Amendment turns upon the proper characterization of the right in question. If the contested action infringes upon a fundamental constitutional right, the action is subject to strict scrutiny and must be narrowly tailored in furtherance of a compelling government interest to pass constitutional muster. Alternatively, government action that does not implicate a fundamental right need only bear a "rational" relationship to a "legitimate" government interest. *See Blau v. Fort Thomas Pub. Sch. Dist.,* 401 F.3d 381, 393 (6th Cir. 2005).

BOE Defendants do not dispute the existence of parents' fundamental right to make decisions regarding the care, custody, and control of their children. Plaintiffs, however, misconstrue the nature and applicability of this right. As the Sixth Circuit points out, Courts have

7

almost unanimously concluded there is no "fundamental right" for parents to dictate the nature, content, or manner of their children's education in public schools. *Id.* at 394.

Rights protected as a matter of substantive due process must be narrowly defined and consistent with the doctrine of judicial self-restraint. *Id.* Here, to find a cognizable claim would require this Court to expand a substantive due process right far beyond recognized and accepted limits. Plaintiffs seek to impose a constitutional requirement to inform them of certain information. The Constitution does not provide Plaintiffs a fundamental right to either direct the policies of the Board of Education, or to receive certain information, even about their own children, from the BOE Defendants. Nor does Defendant violate any constitutional right of parent Plaintiffs by withholding such information about their children. *See, e.g., John & Jane Parents 1* v. *Montgomery Cnty. Bd. of Education,* 2022 WL 3544256 (D. Md. August 18, 2022) (finding parents did not have fundamental right under due process clause to be promptly informed of their child's gender identity when it differed from that usually associated with their sex assigned at birth).

While parents may have a fundamental right to decide whether to send their child to a public school, they do not have a fundamental right generally to direct how a public school educates their child. Whether it is the school curriculum, the hours of the school day, school discipline, the timing and content of examinations, the individuals hired to teach at the school, or the extracurricular activities offered at the school, these issues of public education are generally "committed to the control of state and local authorities." *Goss* v. *Lopez,* 419 U.S. *565,* 578 (1975); *Blau* v. *Fort Thomas Public School Dist.,* 401 F.3d 381, 395- 396 (6th Cir.2005).

The Sixth Circuit is not alone in limiting parents' rights once they have elected to

8

enroll their children in public schools. Where parents have sought to expand the scope of their control of their children's schooling to include a right to dictate the operations of public schools, courts have time and again rejected their efforts. Among others, courts have rejected parental challenges to sex education programs, *see Fields* v. *Palmdale Sch. Dist.,* 427 F.3d 1197, 1207 (9th Cir.2005); mandatory health curriculums, *see Leebaert v. Harrington,* 332 F.3d 134, 142 (2d Cir.2003); and mandatory community service programs, *see Herndon v. Chapel Hill-Carrboro City Bd. of Educ.,* 89 F.3d 174, 176 (4th Cir.1996).

Plaintiffs here do not allege BOE Defendant has in any way interfered with their right to direct the education of their children by infringing upon their ability to choose where their children are educated other than by claiming a lack of information about Anne Roe's accommodation request, a private matter. They bootstrap this to a claim that they are, in turn, deprived the ability to ask common sense questions. The real issue is parent Plaintiffs find offensive the Board of Education's alleged policies and practices. While they are entitled to their opinions, parent Plaintiffs enjoy no constitutional right to be free of that which they find offensive.

In a recent decision on an almost identical case in Maryland, District Judge Paul Grimm cited to the Ninth Circuit's opinion in *Fields:*

> [The Supreme Court's precedent does not provide] support for the view that parents have a right to prevent a school from providing any kind of information-sexual or otherwise-to its students...Meyer and *Pierce* do not encompass [the] broad-based right [the parent-plaintiffs seek] *to restrict the flow of information* in the public schools. Although the parents are legitimately concerned with the subject of sexuality, there is no constitutional reason to distinguish that concern from any of the countless moral, religious, or philosophical objections that parents might have to other decisions of the School District whether those objections regard information concerning guns, violence, the military, gay marriage, racial equality, slavery, the dissection of animals, or the teaching of scientifically-validated theories of the origins of life. Schools cannot be expected to accommodate the personal, moral, or religious concerns of every parent. Such an obligation would not only

9

> contravene the educational mission of the public schools, but also would be impossible to satisfy.

*John & Jane Parents 1* v. *Montgomery Cnty. Bd. of Education,* 2022 WL 3544256, *12 (D. Md. August 18, 2022), citing *Fields,* 427 F.3d at 1206 (emphasis original).

Plaintiffs here seek to do exactly what those who came before them in *Fields* and *Montgomery Cnty.* sought - a unilateral line-item veto on anything within School District's walls they do not like. The Constitution affords no such right.

By contrast, parent Plaintiffs do not state a case like *Arnold* v. *Board of Educ. of Escambia Cnty., Ala.,* 880 F.2d 305 (11th Cir.1989), where the Eleventh Circuit found a violation of the parents' rights where school officials (1) coerced a minor into having an abortion, and (2) compelled her to keep it a secret from her parents.

In *Arnold,* the Court emphasizes that the decision to notify the student's parents was the student's alone. The Court emphatically declined to "constitutionally mandate[e]" a requirement that school counselors notify parents when their child receives counseling regarding something as intimate as pregnancy. Instead, the Court holds "merely that the counselors must not coerce minors to refrain from communicating with their parents. The decision whether to seek parental guidance, absent law to the contrary, should rest within the discretion of the minor. As a matter of common sense, not constitutional duty, school counselors should encourage communication with parents regarding difficult decisions such as the one involved here." *Id.*

Parent Plaintiffs do not allege facts suggesting that any BOE Defendant employee has coerced any specific student to engage in anything amounting to a "controversial or intimate act" or to keep secret any information from their parents. Parent Plaintiffs fail to satisfy Article III case in controversy requirements for this claim as a matter of law.

Count Three of the Complaint should be dismissed for lack of standing.

**V.     Plaintiffs Lack Standing for Their Equal Protection and Free Exercise Claims, As They Fail to Allege Any Injury in Fact Sufficient to Satisfy Article III of the U.S. Constitution**

BOE Defendants incorporate by reference defendant Anne Roe's Equal Protection and Free Exercise claim law and argument with the following exceptions. Doc. 62, Page ID 1427-1431. First, BOE Defendants submit neither the student Plaintiffs nor the parent Plaintiffs have standing to assert an Equal Protection or Free Exercise claim for the reasons stated above. No injury in fact, traceable to BOE Defendants, and likely to be redressed by a decision of the Court exists here. The girl student Plaintiffs fail to legally demonstrate standing. Being in the same communal room with Anne Roe, albeit a restroom, is legally insufficient. The boy student Plaintiffs have alleged no harm, whatsoever. The parent Plaintiffs lack standing for reasons stated herein and those argued by Anne Roe. Otherwise, BOE Defendants challenge parent Plaintiffs' standing to Count Three. See Doc. 62, Page ID 1428 at fn. 3.

Count Four and Count Five of the Complaint should be dismissed for lack of standing.

**VI.    Plaintiffs Lack Standing for Their Protection of Pupil Rights Amendment Claim**

Plaintiffs allege no injury in fact, that is traceable to BOE Defendants, which is redressable by this Court regarding their Protection of Pupil Rights Amendment (PPRA) claim. Doc. 59, Page ID 1309-1310. Plaintiffs' Complaint alleges, without stating when, to which students, or providing any detail whatsoever, that the District is "administering attitudinal surveys with students." Compl. ¶ 1, Doc. 1, Page ID 24. Paragraph G of the Wherefore Clause seeks declaratory judgment "concerning the school's surveys and other nonacademic requirements regarding transgender ideology." Compl. ¶ 1, Doc. 1, Page ID 26.

Plaintiffs cite no law on standing to bring such a claim. Plaintiffs cannot fulfill the mandatory standing requirements of Article III because the PPRA contains no private right

11

of action. *See Lexmark Int'l, Inc.* v. *Static Control Components, Inc.,* 572 U.S. 118, 128 (2014) (explaining that a plaintiff must have a right of action to enforce federal law). A plaintiff must demonstrate "a cause of action under the statute" in other words, that the plaintiff "falls within the class of plaintiffs whom Congress has authorized to sue." *Lexmark,* 572 U.S. at 128. A private right of action exists under a federal statute only if created by Congress. *Comcast Corp.* v. *Nat'l Ass'n of African Am.-Owned Media,* 140 S. Ct. 1009, 1015 (2020).

The PPRA on its face contains no private cause of action. 20 U.S.C. 1232h(e) – "Enforcement," provides only:

> The Secretary shall take such action as the Secretary determines appropriate to enforce this section, except that action to terminate assistance provided under an applicable program shall be taken only if the Secretary determines that-- (1) there has been a failure to comply with such section; and (2) compliance with such section cannot be secured by voluntary means.

On the rare occasions courts have been asked to enforce a private cause of action under the PPRA, they have declined. *See Ashby v. Isle of Wight Cnty. School Bd.,* 354 F.Supp.2d 616, 623 (E.D. Va. 2004) ("These statutes [FERPA and PPRA] do not create private causes of action"); *C.N. v. Ridgewood Bd. of Educ.,* 146 F.Supp.2d 528, 535 (D.N.J.2001) ("it must be noted that indeed neither the PPRA nor the FERPA provide a private right of action"); *see also John & Jane Parents 1* v. *Montgomery Cnty. Bd. of Education,* 2022 WL 3544256 (D. Md. August 18, 2022) ("because the Plaintiff Parents have no private right of action under [FERPA and the PPRA], their request for declaratory relief likewise fails").

Separately, 20 U.S.C. 1232h(b) provides, "[n]o student shall be required, as part of any applicable program, to submit to a survey, analysis, or evaluation that reveals information concerning" an enumerated list of topics (e.g., mental or psychological problems of the student or student's family, sex behavior or attitudes). The key modifier in this clause

12

is "as part of any applicable program." For these purposes, an "applicable program" is "any program for which the Secretary or the Department has administrative responsibility as provided by law or by delegation of authority pursuant to law." 20 U.S.C. 1221(c)(l). Courts have therefore concluded; "[t]he text of the statute and the regulations implementing it indicate that Section 1232h was meant to apply only to programs administered by the Secretary of Education." *C.N.* v. *Ridgewood Bd. of Educ.,* 146 F.Supp.2d 528, 537 (D.N.J.2001), citing *Herbert* v. *Reinstein,* 976 F.Supp. 331, 340 (E.D.Pa.1997).

Here, the Complaint does not allege the "attitudinal survey" allegedly required of unknown students is part of any "applicable program" administered by the U.S. Department of Education. No legally cognizable harm is plead to satisfy Article III standing under the PPRA, which does not even provide a private cause of action.

Count Six of the Complaint should be dismissed for lack of standing.

## VII. Plaintiffs Lack Standing for Their Federal Claims against the Individually Named Defendants in their Official Capacities Only

Regarding the BOE Defendants, the Complaint names the individual Defendants in their official capacity only, which is no different than naming the political subdivision, Board of Education. Plaintiffs' Complaint is devoid of facts for all its federal claims to fulfill the mandatory standing requirements against each individually named defendant in official capacity only. No harm, traceable to any individual defendant, that is likely to be redressed by a favorable judicial decision is plead.

Plaintiffs sue Individual Defendants Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King and Matthew Chrispin, in their official capacities only. To avoid unnecessary motion practice, several informal requests to Plaintiffs are made asking for dismissal all federal claims asserted against these Individual Defendants. To date, Plaintiffs refuse to dismiss

these improperly sued parties.  "It is well-established that a suit against a person in his official capacity is construed as a suit against the governmental entity which he represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent")(quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985))."  *Wilson v. Trumbull Cty. Dept. of Job & Family Servs.*, N.D.Ohio No. 4:12CV2163, 2013 U.S. Dist. LEXIS 154925, at *22-25 (Oct. 7, 2013).

Claims Two through Six of the Complaint should be dismissed for lack of standing against the Individual Defendants sued in their official capacity only.

## **CONCLUSION**

For the foregoing reasons, Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King and Matthew Chrispin, in their official capacities only, respectfully requests all Plaintiffs lack standing to bring Counts Two (Title IX), Three (Parental Rights), Four (Equal Protection), Five (Free Exercise) and Six (Protection of Pupil Rights Amendment) of the Complaint and respectfully request all be dismissed with prejudice.

    s/ Lynnette Dinkler
    Lynnette Dinkler (0065455)
    lynnette@dinkler-law.com
    DINKLER LAW OFFICE, LLC
    174 Lookout Drive
    Dayton, OH 45419
    (937) 426-4200      (866) 831-0904 (fax)
    *Attorney for Defendants Bethel Local Schools District Board of Education, and in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam Jacob King and Matthew Chrispin*

14

                                                        s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
(440) 256-2990
*Attorney for Defendant Bethel Local*
*School District Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2023, I served the foregoing, via the Court's CM/ECF E-filing System which will send notification to the following:

Joseph P. Ashbrook
jpashbrook@ashbrookbk.com
Julie E. Byrne
jebyrne@ashbrookbk.com
Ashbrook Byrne Kresge, LLC
P.O Box 8248
Cincinnati, OH 45249
*Attorneys for Plaintiff*

Nicholas Barry (pro hac vice)
Nicholas.barry@aflegal.org
America First Legal
611 Pennsylvania Ave, SE #231
Washington, DC 20003
*Attorneys for Plaintiffs*

David Carey
dcarey@acluohio.org
ACLU of Ohio Foundation
1108 City Park Ave., Suite 203
Columbus, OH 43206

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

Michael Meuti
mmeuti@beneschlaw.com
David M. Hopkins (0095285)
dhopkins@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
*Attorneys for Intervenor Defendant Anne Roe*

Freda Levenson
flevenson@aclueohio.org
ACLU of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
*Attorneys for Intervenor Defendant Anne Roe*

                                                        s/ Lynnette Dinkler
Lynnette Dinkler 0065455