UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOE NO. 1, *et al.*,

    Plaintiffs,

vs.

BETHEL LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, *et al.*,

    Defendants.

Case No. 3:22-cv-337

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) REQUIRING THE PARTIES TO BRIEF WHETHER ADJUDICATION OF PLAINTIFFS' STATE LAW CLAIM SHOULD BE STAYED UNTIL *State ex rel. Croley v. Bethel Local School District Board of Education*, No. 22 CV 279 (Miami Cnty. C.P. Ct. July 21, 2022) RESOLVES; AND (2) DENYING AS MOOT PLAINTIFFS' MOTION TO REDUCE THE RULE 11 SAFE HARBOR DEADLINE (Doc. No. 61)**

---

This civil case is before the Court on Plaintiffs' "Motion to Reduce the Rule 11 Safe Harbor Deadline." Doc. No. 61. Seeking an immediate ruling, Plaintiffs urge this Court to discard the 21-day safe harbor provision applicable to Rule 11 to avoid prejudice if it were to rule on the pending motions before the safe harbor period expires. *Id.* at PageID 1412–13; *see Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997).

Unbeknownst to the Court, a plaintiff filed suit in the Miami County Common Pleas Court against Defendants in this case on July 21, 2022, alleging that Defendants violated Ohio's Open Meetings Act on December 7, 2021 during an improper executive session. *See State ex rel. Croley v. Bethel Local School District Board of Education*, No. 22 CV 279 (Miami Cnty. C.P. Ct. July 21, 2022). Specifically, the complaint alleges that Defendants violated the Act by deliberating in executive session about whether transgender students could use bathrooms that corresponded with their gender identity. Complaint at 3–4, *State ex rel. Croley v. Bethel Local School District Board*

*of Education*, No. 22 CV 279 (Miami Cnty. C.P. Ct. July 21, 2022). The plaintiff in Miami County seeks to undo any action that occurred during the executive session—precisely the remedy Plaintiffs seek here. *Id.* at 9; *see* Doc. No. 1 at PageID 24; Doc. No. 5 at PageID 52.

Given this pending state court case, and considering the strong interests in comity and fairness owed to our sister state courts, the Court is considering entering a stay on Plaintiffs' state law claim while the action proceeds in Miami County. However, this stay would not affect the remaining federal law claims. To that end, the Court **ORDERS** the parties to brief whether Plaintiffs' state law claim ought to be stayed, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), until the state court completes its review of whether Defendants violated Ohio's Open Meetings Act on December 7, 2021. Both parties shall have until **March 17, 2023** to file briefs in response to this issue. Because this will place all briefing in the present case past the original safe harbor deadline, Plaintiffs' motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: March 3, 2023              s/ Michael J. Newman
                                 Hon. Michael J. Newman
                                 United States District Judge