UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, et al | : | CASE NO: 3:22-cv-00337 |
| PLAINTIFFS | : | JUDGE MICHAEL J. NEWMAN |
| vs. | : | |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al | : | |
| DEFENDANTS. | : | |

___

**BRIEF ON ABSTENTION OF PARALLEL STATE AND FEDERAL OHIO OPEN MEETINGS ACT CLAIM FOR DEFENDANTS' BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, AND LYDDA MANSFIELD, LORI SEBASTIAN, NATALIE DONAHUE, DANNY ELAM, JACOB KING, AND MATHEW CHRISPIN, SUED IN THEIR OFFICIAL CAPACITIES ONLY**
___

This brief addressing abstention over the parallel state and federal Open Meetings Act claim challenging the December 7, 2021 executive session is submitted in response to the Court's Order (Doc. 64, Page Id 1449-1450).

I.  **LEGAL ANALYSIS**

   A.  **The State and Federal Lawsuits**

Following and in response to the administration's accommodation of transgender student Anne Roe's request to be permitted access to communal restrooms aligning with her female gender identity, three state actions and one federal action are filed. Doc. 18-3, PageID #635-638 at ¶26, Doc. 35, PageID #775-780

The first, *Donna J. Beam, et al vs. Lydda Mansfield, et al*, and purported petitioners file a quasi-penal removal action against Board President Lydda Mansfield, Board Member Lori

Sebastian, and Board Member Danny Elam, *Donna J. Beam, et al vs. Lydda Mansfield, et al*, Case No: 22-201 (Miami Cnty. C.P. Ct. May 26, 2022) on May 26, 2022. All three have publicly voiced their opinion that the law should be followed when it comes to transgender rights in public schools regardless of their individual opinions on the matter. Mansfield is a public-school teacher with 8 years of experience. Sebastian holds a public-school treasurer's license since July, 2017 and works as a church organist. Elam is a retired public-school teacher with 37 years of experience. That quasi-penal action is short lived, as it is replete with legal deficiencies and withdrawn on June 24, 2022 because quasi-penal actions cannot be amended for the Ohio Civil Rules of Procedure do not apply.

The purported petitioners file a second quasi-penal removal action against Board President Lydda Mansfield, Board Member Lori Sebastian, and Board Member Danny Elam, *In Re: Removal of Lydda Mansfield, Lori Sebastian and Danny Elam, Jr. From Office as Elected Officials and Members of the Board of education of the Bethel Local School District*, Case No. 22-429 (Miami Cnty. C.P. Ct. November 4, 2022) ("Removal Action"), on November 4, 2022. Doc. 20, PageID #659-660 That action remains pending. It involves Ohio Open Meetings Act claims, including the December 7, 2021 executive session at issue here. Removal Action Complaint, ¶ 12-16. A case dispositive motion to dismiss raising standing and merit arguments is fully briefed as of January 20, 2023 and awaits Judge Pratt's ruling. While the common pleas court cannot issue an injunction or otherwise order remedies provided under O.R.C. 121.22 (I)(1) in the quasi-penal removal action, merit findings in this state proceeding could produce the basis of a claim preclusion or res judicata arguments in the third state action addressed next and in this federal action.

The third, and central to this Court's briefing order, Bronwyn Croley files an Ohio Open Meetings Act ("OMA") action against the Board of Education and Lydda Mansfield, Lori

Sebastian, Natalie Donahue, Danny Elam and Jessica Franz, in their official capacities only, *State ex rel Croley v. Bethel Local School District Board of Education,* Case No. 22-279 (Miami Cnty. C.P. ¶Ct. July 21, 2022), on July 21, 2022. Doc. 20, PageID #659-660 Events transpiring at the December 7, 2021 and other meetings and the adequacy of meeting minute content are challenged. Specifically, the December 7, 2021 executive session challenged in this federal lawsuit is also challenged in the state OMA action. *Croley* Complaint at 3-4.  The parties conducted an Ohio Rule 26 conference, and on October 18, 2022 the Court issued a full scheduling order, including a discovery deadline (September 29, 2023), summary judgment deadline (October 6, 2023 with responses pursuant to Local Rule 3.04), and trial date (January 17, 2024).  Paper discovery is already underway with Defendants having answered Plaintiffs' First Set of Admissions, Interrogatories and Production for Document Requests and Defendants having served Plaintiffs with Interrogatories and Production for Document Requests.  This December 7, 2021 claim in this state court action is a parallel litigation to the OMA claim raised in this federal action.

The fourth is the instant action filed on November 22, 2022 raising the same OMA claim as the state court OMA removal action and OMA state court action.  Here, preliminary injunction briefing is ripe following oral argument and the Court's leave granted to Anne Roe to file a supplemental declaration to address Plaintiffs' newly raised facts in their reply.  Standing on federal claims only briefing is ripe in compliance with the Court's Order. (Doc. 52, PageId #1145-1146) Abstention on the OMA state claim briefing will be ripe on March 18, 2023 in compliance with the Court's Order.  (Doc. 64, PageId #1449-1450).

### B. State Court Jurisdiction Over Parallel OMA Action

The state court has jurisdiction to decide the December 7, 2021 OMA claim under O.R.C. 121.22 (I)(1).  The state statute specifically, and exclusively, empowers Ohio's courts of common

3

pleas to decide OMA actions and compels Ohio's courts of common pleas to issue injunctions where threatened or actual OMA violations are proven. *Id*. This state law claim raises no federal question issues, as the preliminary injunction proceedings make clear. The parallel December 7, 2021 OMA state and federal claims, brought by an organized group seeking to disenfranchise transgender public-school students of their Title IX rights, challenge an executive session held to receive legal advice (O.R.C. 121.22 (G)(3) - but no attorney present) and to discuss a regulated individual (student) (O.R.C. 121.22 (G)(3)) where Joanne Roe threatens to file a complaint with the Civil Rights Division of the U.S. Department of Justice. Doc. 48, PageID #1045, Doc. 54, PageID #1163-1166 (filed under seal) if prompt accommodation for her transgender daughter, Anne Roe, is not provided by the administration, where specific complaints of opposition are made during Board of Education public meetings See, e.g.: Doc. 17-1, Page ID #582-591 Doc. 20, PageID # 666.

### C. Colorado River Doctrine Supports Stay of Federal Court Proceedings Over Plaintiffs' OMA Claim

Under the federal doctrine of abstention, known as the Colorado River doctrine, the Court should stay proceedings related to the OMA claim pending adjudication of *Croley v. Bethel Local School District Board of Education,* No. 22-279 (Miami Cnty. C.P. Ct. July 21, 2022. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). After final judgment in *Croley v. Bethel Local School District Board of Education,* No. 22-279 (Miami Cnty. C.P. Ct. July 21, 2022, then this Court can decide whether it has any reason to review the OMA claim on the merits or if dismissal is appropriate.

#### 1. Standard of Review

Judge Michael H. Watson of the Southern District of Ohio, Eastern Division, a few days ago addressed the Colorado River doctrine in *RRI Assocs. LLC v. Huntington Way Assocs., LLC*,

S.D.Ohio No. 2:22-cv-3273, 2023 U.S. Dist. LEXIS 41407 (Mar. 10, 2023). The standard of review used there applies here. Judge Watson wrote:

> As a general principle, "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given to them." *S2 Yachts, Inc. v. ERH Marine Corp.*, 855 F. App'x 273, 278 (6th Cir. 2021) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (cleaned up)). However, "considerations of judicial economy and federal-state comity may justify abstention in suits involving the contemporaneous exercise of jurisdiction by state and federal courts" under the *Colorado River* doctrine. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). Under this doctrine, abstention from a case by a federal court is permissible when: (1) there is "parallel" litigation pending in state and federal courts, and (2) the proposed litigation in federal court would be duplicative or unwise. *Colorado River*, 424 U.S. at 817-18; *Romine*, 160 F.3d at 339.

*RRI Assocs. LLC v. Huntington Way Assocs., LLC*, S.D.Ohio No. 2:22-cv-3273, 2023 U.S. Dist. LEXIS 41407, at *4 (Mar. 10, 2023). As discussed above and demonstrated by the state and federal pleadings regarding the December 7, 2021 OMA claim, the litigation is both parallel and the proposed litigation before this Court is both duplicative and unwise. It is the exact same claim, therefore, it is duplicative. It is unwise because the chance for inconsistent results can be avoided at this early juncture and because litigating the same claim in two different courts unnecessarily wastes the resources of both the court and parties.

### 2. Colorado River Doctrine Two Step Analysis

The first of the two step Colorado River doctrine analysis is that the Court "must determine whether the state and federal proceedings are parallel." *Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019) (citation omitted); *RRI Assocs. LLC* at *4-5.

Where the proceedings are parallel, as they are here, then examination of whether judicial economy warrants abstention is the second step. *Id.* at *5. Eight factors are considered to determine whether judicial economy warrants abstention:

(1) whether the state court has assumed jurisdiction over any res or property;

5

> (2) whether the federal forum is less convenient to the parties;
>
> (3) avoidance of piecemeal litigation;
>
> (4) the order in which jurisdiction was obtained;
>
> (5) whether the source of governing law is state or federal;
>
> (6) the adequacy of the state court action to protect the federal plaintiffs' rights;
>
> (7) the relative progress of the state and federal proceedings;
>
> (8) the presence or absence of concurrent jurisdiction.

*Healthcare Co. Ltd.*, at 395; *RRI Assocs. LLC* at *5.  The eight factors are not treated as a "mechanical checklist" but must rather be carefully balanced in each case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *RRI Assocs. LLC* at *5.  A careful balancing of the factors supports abstention here.

Factor one does not support abstention.  Factor two is neutral.  Factors three through eight support abstention.  A balancing of the factors supports abstention.

**Regarding factor one**, whether the state court has assumed jurisdiction over any res or property, neither res nor property are involved in an OMA claim.  The absence of res or property does not end the inquiry under the remaining seven factors, however.  *Romine*, 160 F.3d at 341 (noting where no res or property are at issue, the first factor is inapposite, supporting jurisdiction).

**Regarding factor two**, whether the federal forum is less convenient to the parties, Plaintiffs families are presumably living in Miami County and the Board of Education is situated in Miami County.  The federal forum, located in Montgomery County, Ohio, is only one county further south from the location of the state court located in Miami County, Ohio.  It is ever so slightly less convenient to the parties.  All legal counsel in the state court action are situated in

Ohio and some legal counsel in the federal action are situated in Ohio and some not.  This factor is neutral, weighing neither for nor against abstention.

**Regarding factor three**, avoidance of piecemeal litigation, duplicative discovery, motion practice and trial can (and should) be avoided, entirely, if a stay issues to allow the state court proceeding to be decided first.  This factor, referred to as the "paramount" factor of the Colorado River doctrine, (*Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 395 (6th Cir. 2017); *RRI Assocs. LLC,* at *6, weighs heavily in favor of abstention.  "Piecemeal litigation occurs when parallel cases with overlapping claims are litigated at the same time with the possibility of inconsistent results. *Close*, 2022 U.S. Dist. LEXIS 137952, 2022 WL 3053751, at *5 (citing *Healthcare Co*, 784 F. App'x at 396 ("If both actions were permitted to go forward, two courts would be adjudicating the same legal issues—the classic piecemeal [*12] litigation situation."))." *RRI Assocs. LLC v. Huntington Way Assocs., LLC*, S.D.Ohio No. 2:22-cv-3273, 2023 U.S. Dist. LEXIS 41407, at *11-12 (Mar. 10, 2023).  If one court decides a violation of the OMA occurred and issues an injunction, and the other decides it did not, the inconsistent and contradictory results will create unnecessary compliance turmoil.  Furthermore, one court may be imposing a civil forfeiture and award of attorneys' where the other court orders no violation of law occurred.  Because the claims are not just similar, but are identical, this factor weighs heavily in favor of abstention.

**Regarding factors four and seven**, the order in which jurisdiction was obtained and the relative progress of the state and federal proceedings, they are jointly analyzed because they are closely linked.  *Flectat, Ltd. v. 4747 Montgomery Rd. Partners LLC*, S.D.Ohio No. 1:21-cv-100, 2022 U.S. Dist. LEXIS 111376 (June 7, 2022) at *16.

The state court obtains jurisdiction over the OMA claim on July 21, 2022, four months before the action in this Court is filed. Both this Court and the state court are attentive to their dockets. The state court case is filed first, discovery is already underway, and a full scheduling order, including a trial date of January 17, 2024, is set. In this federal matter, while significant judicial resources have been expended on Plaintiffs' preliminary injunction proceeding surrounding the OMA claim exclusively, a proceeding not aimed at deciding the OMA claim on the merits, no discovery has occurred (not even expedited discovery) on the OMA claim or any other activity regarding the OMA claim has transpired. The resolution of the OMA claim here is of no legal effect to the federal claims Plaintiffs assert, assuming they have standing and have stated actionable claims, both of which is disputed. As the preliminary injunction proceedings illustrate, the Bethel School District's administration, not the Board of Education, will continue to receive and administer requests for accommodation for its students as part of its day-to-day operations as mandated by state and federal law.

Other submitted briefing in this action takes up issues of standing for the federal claims only and the instant abstention briefing. No pre-trial scheduling order has yet to issue in the federal action.

As noted by Judge Watson when analyzing closely linked factors four and seven, "The Sixth Circuit has recognized that a strong consideration for courts in cases involving *Colorado River* abstention is the relative progress of the two cases. *See PaineWebber, Inc.*, 276 F.3d at 207-08; *Bates*, 122 F. App'x at 807." *RRI Assocs. LLC*, at *16. Where the state court case had "made significantly more progress than [the federal case,]" Judge Watson held "[i]t would be especially wasteful to simultaneously litigate this dispute in two … considering that the [Delaware] court will almost certainly render a judgment first and thereby deprive this Court of jurisdiction to resolve

the matter because of *res judicata." Emerald Logistics, Inc. v. Crutcher*, No. 2:07-CV-1112, 2008 U.S. Dist. LEXIS 64898, 2008 WL 3926441, at *4 (S.D. Ohio Aug. 25, 2008). Accordingly, as with the fourth factor, this factor weighs heavily in favor of abstention." *RRI Assocs. LLC,* at *16.

These two factors weigh heavily in favor of abstention. *Romine*, 160 F.3d at 342 (affirming district court's decision to abstain when the state court proceedings were well into the discovery process and the presiding state judge had entered several orders). *RRI Assocs. LLC*, at *14, 16.

**Regarding factor five**, whether the source of governing law is state or federal, the body of law governing OMA claims is Ohio state law, and this body of law and its complexities is now expansive. The Ohio Supreme Court decided two OMA issues alone in the month of December 2022. *Ames v. Rootstown Twp. Bd. of Trustees*, 2022-Ohio-4605 (holding when multiple violations of R.C. 121.22 through the same conduct are found, the trial court may issue a single injunction, and when it does so, it is required to order the public body to pay a single $500 civil-forfeiture penalty as to all offenses at ¶ 1 and holding a single injunction may be issued in response to multiple violations of a particular provision of the OMA at ¶ 20); *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2022-Ohio-4237 (establishing burden of proof and burden of persuasion in OMA claims). While federal courts occasionally take up OMA issues and issues relevant to OMA proceedings, such as the application of privilege as discussed in Defendants' Motion in Limine, to Strike and to remove From Docket by Placing Under Seal Former Board of Education Member Jessica Franz's Declaration Doc. 37-3 PageID 814-817 (Doc. 48, PageID #1041-1097, the dearth of decisional law on OMA claims resides in Ohio state courts. This factor weighs heavily in favor of abstention.

**Regarding factor six**, the adequacy of the state court action to protect the federal plaintiffs' rights, there is no good faith reason to suggest the state court is inadequate to protect Plaintiffs'

rights. See *Healthcare Co.*, 784 F.App'x at 396; *RRI Assocs. LLC*, at *14. This factor weighs heavily in favor of abstention.

**Regarding factor eight**, the presence or absence of concurrent jurisdiction, the federal court can exercise pendant jurisdiction over state law claims. The OMA claim is a state law claim to be filed in the Ohio's courts of common pleas. R.C. 121.22 (I)(1). "[T]he fact that there is concurrent jurisdiction between the state and federal courts evinces a policy favoring abstention." *Blake*, 917 F. Supp. 2d at 738." *RRI Assocs. LLC*, at *16. This factor favors abstention.

## II. CONCLUSION

The only factor weighing against abstention is factor one because no rem or property is involved. The remaining factors, besides two which is neutral, weigh in favor of or strongly weigh in favor of abstention. When balancing the factors, abstention weighs in favor of this Court abstaining until the *Croley v. Bethel Local School District Board of Education,* No. 22-279 (Miami Cnty. C.P. Ct. July 21, 2022, is resolved.

                                                  Respectfully submitted,

                                                  s/ Lynnette Dinkler
                                                  Lynnette Dinkler (0065455)
                                                  lynnette@dinkler-law.com
                                                  DINKLER LAW OFFICE, LLC
                                                  174 Lookout Drive
                                                  Dayton, OH 45419
                                                  (937) 426-4200
                                                  (866) 831-0904 (fax)
                                                  *Attorney for Defendants Bethel Local Schools District Board of Education, and in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam Jacob King and Matthew Chrispin*

                                                s/ John A. Podgurski
                                                John A. Podgurski (0020923)
                                                JP@johnpodgurski.com
                                                Law Offices of John A. Podgurski
                                                9155 Chillicothe Road
                                                Kirtland, OH 44094
                                                (440) 256-2990
                                                *Attorney for Defendant Bethel Local*
                                                *School District Board of Education*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on the 17th day of March, 2023, I served the foregoing, via the Court's CM/ECF E-filing System which will send notification to the following:

| | |
|---|---|
| Joseph P. Ashbrook<br>jpashbrook@ashbrookbk.com<br>Julie E. Byrne<br>jebyrne@ashbrookbk.com<br>Ashbrook Byrne Kresge, LLC<br>P.O Box 8248<br>Cincinnati, OH 45249<br>*Attorneys for Plaintiff* | Malita Picasso<br>mpicasso@aclu.org<br>Rose Saxe<br>rsaxe@aclu.org<br>Aditi Fruitwala<br>afruitwala@aclu.org<br>Arijeet Sensharma<br>asensharma@aclu.org<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>*Attorneys for Intervenor Defendant Anne Roe* |
| Nicholas Barry (pro hac vice)<br>Nicholas.barry@aflegal.org<br>America First Legal<br>611 Pennsylvania Ave, SE #231<br>Washington, DC 20003<br>*Attorneys for Plaintiffs* | Michael Meuti<br>mmeuti@beneschlaw.com<br>David M. Hopkins (0095285)<br>dhopkins@beneschlaw.com<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378<br>*Attorneys for Intervenor Defendant Anne Roe* |
| David Carey<br>dcarey@acluohio.org<br>ACLU of Ohio Foundation<br>1108 City Park Ave., Suite 203<br>Columbus, OH 43206 | Freda Levenson<br>flevenson@aclueohio.org<br>ACLU of Ohio Foundation<br>4506 Chester Ave.<br>Cleveland, OH 44103<br>*Attorneys for Intervenor Defendant Anne Roe* |

                                                s/ Lynnette Dinkler
                                                Lynnette Dinkler 0065455