UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE NO. 1, et al., | : | CASE NO. 3:22-cv-00337 |
| | : | |
| Plaintiffs, | : | JUDGE MICHAEL J. NEWMAN |
| | : | |
| vs. | : | |
| | : | PLAINTIFFS' SUPPLEMENTAL |
| BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | : | BRIEF ON ADJUDICATING PLAINTIFFS' OPEN MEETINGS ACT CLAIM |
| | : | |
| Defendants. | : | |

INTRODUCTION

In light of Defendants'[1] focus on *Colorado River* abstention in their brief, the Court authorized Plaintiffs to file a supplemental brief addressing the abstention argument. *See* Order, Doc. 71. To be sure, there is considerable overlap between the logic of *Landis* and *Colorado River*. But true *Colorado River* abstention is not applicable here because it involves the stay or dismissal of the entire action. This also underscores why the federal and state cases here are not "parallel" under *Colorado River* analysis (even separate from the *Colorado River* factors weighing against abstention). *See* Pls.' Br. on Adjudicating Pls.' Open Meetings Act Claim, Doc. 72 at 1506-08.[2]

---

[1] Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King, and Superintendent Matthew Chrispin.
[2] All page citations to ECF documents ("Doc.") herein denote the "PageID" page number.

1

Ultimately, a stay is not proper under *Colorado River* in this case. Sixth Circuit precedent strongly favors exercising jurisdiction and resolving the Ohio Opening Meeting Act ("OMA") claim. The parties in their respective federal and state venues can then apply the doctrines of preclusion and *res judicata* if/as applicable.

ARGUMENT

In extraordinary circumstances, federal courts may abstain from hearing a federal case in favor of a parallel state action. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (upholding dismissal of underlying federal case). But true *Colorado River* abstention involves the stay or dismissal of an entire action and the corresponding cessation of litigation between the parties in the federal court. This is bound up in the rationale for the doctrine itself. *See id.* at 817–20 (highlighting the need for "comprehensive disposition of litigation" as underlying the court's consideration for the doctrine and proceeding to consider the disposition of proceedings and suits rather than claims) (citation omitted). Indeed, the Supreme Court further explained: "the decision to invoke *Colorado River* **necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.**" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (emphasis added).

That is not the case here. In this case, if the Court were to stay the resolution of Plaintiffs' OMA claim, the rest of the action would continue—including multiple

2

federal claims and two other state law claims.[3] Therefore, the decision to invoke *Colorado River* abstention would not be proper in this case.

The Sixth Circuit explained that the parallel action prong is "for all practical purposes, identical" to the idea that the state court action will provide "complete relief" for the parties' dispute. *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571–72 (6th Cir. 1994) (reversing trial court where state action was not parallel to provide complete resolution of the parties' dispute); *see also Moses H. Cone*, 460 U.S. at 28 (explaining that *Colorado River* abstention presumes the ability for "complete . . . resolution of the issues between the parties" in the state case). In addition, a court must look to see whether the state action will provide complete relief for the parties' dispute at the time of the decision, rather than ask whether claims could be added to the state action to make it parallel. *Baskin*, 15 F.3d at 571–72.

At present, the *State ex rel. Croley v. Bethel Local School District Board of Education*, No. 22 CV 00279 (Miami Ct. C.P. July 21, 2022) (herein "<u>*Croley*</u>") case only involves OMA claims whereas this action involves a number of federal and state law claims beyond the OMA claim. *Croley* also involves different defendants and does not involve Plaintiffs or Intervenor-Defendant Anne Roe at all. As a result, it is impossible for the *Croley* court to provide complete resolution of the parties' dispute. Relatedly, this Court cannot abstain from proceedings and "have nothing further to

---

[3] The Plaintiffs' Complaint alleges violations of the Ohio Open Meetings Act, the Fourteenth Amendment of the United States Constitution, the Equal Protection Clauses of the United States Constitution and the Ohio Constitution, the Free Exercise Clause of the United States Constitution and the Ohio Constitution, and the Protection of Pupil Rights Amendment (enforced via 42 U.S.C. § 1983). Compl, Doc. 1.

3

do in resolving any substantive part of the case." *Moses H. Cone*, 460 U.S. at 28. The actions are therefore not parallel (even aside from the other reasons explained in Plaintiffs' brief, Doc. 72 at 1501-02). And separating the parties' OMA dispute from their other disputed claims would create the very piecemeal litigation that *Colorado River* abstention seeks to avoid. *See RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557–58 (6th Cir. 2013) (reversing district court stay ending federal litigation where the court failed to demonstrate the "clearest of justifications" for a stay under the *Colorado River* factors and noting that abstaining from part of a lawsuit "only encourages piecemeal federal and state litigation") (citation omitted).

Finally, it is proper for this case and any state case touching the same subject matter to proceed to decision and then, as applicable, the parties in their respective cases can apply the doctrines of *res judicata* and preclusion. That is the way preclusion is supposed to work. Defendants offered no real reason why it would not work here. *See* Br. on Abstention of Parallel State and Fed. Ohio Open Meetings Act Claim, Doc. 69. And the Sixth Circuit has emphasized that courts should allow the courts in our state-federal system to work this way. *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 875 (6th Cir. 2021) (emphasizing the general rule that courts should allow state and federal proceedings to both proceed and **then** apply *res judicata).* Accordingly, absent the "clearest of justifications" for abstention under *Colorado River*—which are not present here, *see* Doc. 72 at 1506-08—the Court should permit the parties to proceed with the OMA claim in this action. *Colorado River*, 424 U.S. at 819; *RSM Richter, Inc.*, 729 F.3d at 557 (citation omitted).

4

The Court's focus on *Landis* is well placed; that is the proper focus for analysis in this case. However, there is considerable overlap between the analysis in *Landis* and *Colorado River* as both create a high bar for abstention or a stay. The Defendants failed to meet this high bar or provide any analysis of *Landis*. The party requesting such a stay or abstention properly bears the heavy burden of this high bar for several reasons. (1) It is only in "rare circumstances" that a plaintiff should be forced to step aside while another litigant resolves the "rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). (2) Federal courts have a virtually unflagging obligation to exercise the jurisdiction that has been conferred upon them, *Colorado River*, 424 U.S. at 817. And (3) the traditional rules of claim preclusion instruct courts to allow cases touching the same subject matter in different courts to proceed and **then** apply *res judicata* if/as applicable afterwards. *William Powell Co.*, 18 F.4th at 875. Ultimately, Defendants fail to satisfy their heavy burden under either *Landis* or *Colorado River*, and true *Colorado River* abstention is not applicable here.

## CONCLUSION

For the foregoing reasons and all of the reasons set forth in Plaintiffs' original brief, the Court should exercise its jurisdiction to resolve the pending preliminary injunction and permit the parties to proceed with the OMA claim in this action.

Dated:  March 27, 2023

                                                  Respectfully submitted,

<u>s/ Joseph P. Ashbrook</u>
Joseph P. Ashbrook (0091279)
Julie E. Byrne (0085174)
Ashbrook Byrne Kresge, LLC
PO Box 8248
Cincinnati, Ohio 45249
Tel: (513) 582-7424
Fax: (513) 216-9882
jpashbrook@ashbrookbk.com
jebyrne@ashbrookbk.com

Nicholas Barry
(*pro hac vice*)
America First Legal Foundation
611 Pennsylvania Ave, SE #231
Washington, DC 20003
Telephone: (615) 431-9303
Facsimile: (513) 216-9882
nicholas.barry@aflegal.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2023, I served a copy of the foregoing via the Court's ECF system, which notifies all counsel of record.

s/ Joseph P. Ashbrook
Joseph P. Ashbrook
