

174 Lookout Drive
Dayton OH 45419
P 937.426.4200
F 866.831.0904
www.dinkler-law.com

March 20, 2023

VIA ELECTRONIC MAIL

Joseph P. Ashbrook
jpashbrook@ashbrookbk.com
Julie E. Byrne
jebyrne@ashbrookbk.com
Ashbrook Byrne Kresge, LLC
P.O Box 8248
Cincinnati, OH 45249

Nicholas Barry
Nicholas.barry@aflegal.org
America First Legal
611 Pennsylvania Ave, SE #231
Washington, DC 20003

RE: *John and Jane Doe No. 1, et al v. Bethel Local School District Board of Education, et al*
U.S.D.C., Southern District of Ohio - Case No: 3:22-cv-00337

Dear Counsel:

We write in response to the safe harbor letter which has been amended.  We dispute your position and maintain that our action to defend the rights of our clients is proper and taken in good faith in all respects.

It has been public knowledge that those opposed to transgender public school student rights were together prosecuting three separate pieces of litigation, the instant case, the state Open Meetings Act action, and the quasi-penal removal action.  Ms. Franz is a named party in the *Croley* lawsuit.  You knew before filing this litigation that Mr. Podgurski is the Board of Education's general counsel.

Plaintiffs have labeled Ms. Franz a whistle blower.  Ms. Franz's procured declaration testimony does not, as a matter of law, afford her "whistle blower" status.  O.R.C. 4113.52.

No party is empowered to make decisions on waiver of privilege.  Attorneys are not permitted to solicit privileged information.  As already explained in the motion practice, Mr.

EXHIBIT B

Mathews' opinions are based upon what obviously did not happen. The second Franz declaration does not satisfy the compliance questions. No attorney has spoken on the matter. It remains unknown who spoke with Ms. Franz from Plaintiffs' team, what words were used, and when these purported conversations occurred.

We do know how the attempt to speak ex parte with former superintendent Jason Firks occurred.

We also know we asked why Plaintiffs perceived prejudice when asking the Court for a reduction of time in response to the Rule 11 safe harbor. We received no response.

We also know Plaintiffs have threatened to move to disqualify Mr. Podgurski as trial counsel claiming he is a witness because he issued a legal opinion. As I explained, the legal white papers requested for the public speak for themselves, no privilege would be waived, and other board legal counsel could testify to non-privileged legal advice, and no acted upon legal advice defense is asserted.

Regarding candor the Court and citation of authority, please consider the following:

**Ohio Sup. Ct. Bd. Comm'r Grievances & Discipline, Op. 2005-03 (Feb. 4, 2005)**

Thank you for pointing out "withdrawn by adv. Op. 2016-5" is absent from the citation. It will be amended. The court has not been misled as Op. 2016-5 is also relied upon by Defendants and cited by Mr. Mathews in his Declaration, which is filed with the Court. The law is unchanged by the more current opinion, Op. 2016-5, which holds:

> Before interviewing a former employee, a lawyer should disclose his or her identity, and fully explain that he or she represents a client adverse to the corporation. The lawyer also must immediately inform the former employee not to divulge any privileged communications that the former employee may have had with corporate or other retained counsel. Prof.Cond.R. 1.6, 4.4 (lawyers may not use methods to obtain evidence that violate the legal rights of third parties.) Consequently, a lawyer must endeavor not to solicit information from former employees that the lawyer knows or reasonably knows to be protected by the attorney-client privilege. See D.C. Bar Op. 287. Nor may a lawyer communicate ex parte with a former employee who is represented by independent counsel, or if the corporation's lawyer has agreed to provide representation in the matter. See Davis v. Creditors Interchange Receivable Mgmt., LLC, 585 F. Supp. 2d 968 (N.D. Ohio 2008).

The analysis in the earlier 2005 opinion is unchanged by the 2016.

***Boatner v. Pushmataha Cty./Town of Antlers Hosp. Auth.*, E.D.Okla. No. CIV 2003-494(P), 2006 U.S. Dist. LEXIS 109198, at \*10-12 (Jan. 5, 2006) and *Pub. Serv. Elec. & Gas Co. v. Associated Elec. & Gas Ins. Servs., Ltd.*, 745 F. Supp. 1037, 1042 (D.N.J. 1990)**

Citation to *Boatner v. Pushmataha Cty./Town of Antlers Hosp. Auth.*, E.D.Okla. No. CIV 2003-494(P), 2006 U.S. Dist. LEXIS 109198, at *10-12 (Jan. 5, 2006) and *Pub. Serv. Elec. & Gas Co. v. Associated Elec. & Gas Ins. Servs., Ltd.,* 745 F. Supp. 1037, 1042 (D.N.J. 1990) is proper. *Pub. Serv. Elec. & Gas Co.* is discussed by federal courts within the Sixth Circuit. None of the Court opinions listed below find it necessary or relevant to mention the New Jersey Supreme Court's re-evaluation and regulatory response which do not apply to any state within the Sixth Circuit. Otherwise, Plaintiffs' cited authority, *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 82 (D.N.J.2000), acknowledges privileged information shall not be solicited during ex parte interviews and warns:

> "This Court would strongly recommend that attorneys proceed with caution and, being mindful at all times of the ethical responsibilities surrounding ex parte contacts, err on the side of caution.

*Andrews*, 191 F.R.D. 59, 82 (D.N.J.2000).

In *Smith v. Kalamazoo Ophthalmology*, 322 F.Supp.2d 883, 891 (W.D.Mich.2004), the Court writes:

> A few courts have taken an even more restrictive view of the rule, holding that it precludes *ex parte* contact with *all* former employees. *Pub. Serv. Elec. & Gas Co. v. Associated Elec. & Gas Ins. Servs., Ltd.,* 745 F. Supp. 1037, 1042 (D.N.J. 1990).

The *Smith* Court also holds:

> The Court notes that although *ex parte* contact with former employees is not subject to Rule 4.2, former employees "are 'barred from discussing privileged information to which they are privy.'" *In re Bank of La./Kenwin Shops Inc., Contract Litig.,* 1998 U.S. Dist. LEXIS 17812, No. CIV.A.97MDL No. 1193, 1998 WL 788776, at *3 (E.D. La. Nov. 10, 1998) (quoting *Orlowski v. Dominick's Finer Foods, Inc.,* 937 F. Supp. 723, 728 (N.D. Ill. 1996)). Attorneys also have a responsibility to refrain from inquiring into areas that may be [*891] subject to the attorney-client privilege or the work product doctrine. Cram, 148 F.R.D. at 266. Therefore, an attorney may have *ex parte* contact with an unrepresented former employee of an organizational party, subject to the limitation that the attorney may not inquire into areas subject to the attorney-client privilege or work product doctrine. See *Palmer v. Pioneer Hotel & Casino,* 19 F. Supp. 2d 1157, 1167 (D. Nev. 1998); *Breedlove v. Tele-Trip Co.,* 1992 U.S. Dist. LEXIS 12149, No. 91 C 5702, 1992 WL 202147, at *2 (N.D. Ill. Aug. 14, 1992).

*Smith*, 322 F.Supp.2d at 890-891.

In *United States v. Beiersdorf-Jobst, Inc.*, 980 F.Supp. 257, 260 (N.D.Ohio 1997), the court writes:

> Some courts have placed restrictions on interviews of former employees. *See, e.g., Public Serv. Elec. and Gas Co. v. Associated Elec. & Gas Ins. Servs., Ltd.*, 745 F. Supp. 1037 (D.N.J. 1990); *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77 (D.N.J. 1991); *PPG Indus., Inc. v. BASF Corp.*, 134 F.R.D. [**7] 118 (W.D. Pa. 1990).

The *Beiersdorf-Jobst, Inc.*, Court also holds:

> After considering the case law construing Dr 7-104(A)(1) and its counterpart, Model Rules Rule 4.2, the purposes of these ethical standards, and the policies of modern-day adversial litigation, I hold that attorneys practicing in the Northern District of Ohio are not barred from *ex parte* communications with former employees of adverse corporations.
>
> In so holding, I recognize that at the heart of Jobst's argument is its concern that statements made by former employees will be admissible against it as party admissions. I have already found that such statements cannot be party admissions if made by an employee who is no longer employed by and has no continuing relationship with Jobst. However, should the government attempt to [**15] admit such statements against Jobst as party admissions, Jobst can then move for exclusion of such statements.

*Beiersdorf-Jobst, Inc.*, 980 F.Supp. at 262.

The *Huther v. Tools*, S.D.Ohio Case No. C2-92-373, Case No. C2-92-453, Case No. C2-92-455, Case No. C2-92-456, Case No. C2-92-458, Case No. C2-92-461, Case No. C2-92-463, Case No. C2-92-464, Case No. C2-92-473, Case No. C2-92-474, Case No. C2-92-475, Case No. C2-92-476, Case No. C2-92-547, Case No. C2-92-912, Case No. C2-92-914, Case No. C2-92-1041, Case No. C2-92-1042, Case No. C2-92-1047, Case No. C2-92-1052, Case No. C2-93-61, Case No. C-93-65, Case No. C2-93-81, Case No. C2-93-176, Case No. C2-93-198, 1993 U.S. Dist. LEXIS 21234, at *5-6 (Aug. 11, 1993), court writes:

> The parties have done a commendable job of citing to the Court practically every decision, ethics opinion, and law review article written on this subject over the past five years. The Court is independently familiar with these legal authorities, and does not believe that an extended discussion of any particular decision is necessary. Briefly stated, there are decisions from other jurisdictions which support each side's position, from cases which would appear to prohibit any *ex parte* contact with any former employee of a represented corporate opponent, *see Public Service Gas* [*6] *Electric v. Associated Electric & Gas Insurance Services, Ltd.*, 745 F.

Supp. 1037 (D. N.J. 1990), to cases that hold that former employees can be interviewed *ex parte* under most, if not all, circumstances. *See Valassis v. Samelson*, 143 F.R.D. 118 (E.D. Mich. 1992) (*ex parte* interviews permitted subject to restrictions on inquiries into privileged information or confidential information which might be a trade secret). The parties also rely on conflicting ethical opinions, with Mac stressing heavily the conclusion reached in Opinion 90-20, and plaintiffs, in turn, relying heavily upon ABA Formal Opinion No. 91-359 (March 22, 1991), which, in interpreting Model Rule 4.2, appears to state unequivocally that the rule is not intended to reach *ex parte* contact with former corporate employees.

The *Huther* Court also holds:

> For the foregoing reasons, Mac Tools' motion for a protective order prohibiting *ex parte* contact with former district sales managers is denied. In contacting such persons, however, plaintiffs' counsel shall insure, by appropriate disclosures and admonitions, that the interviewee understands the nature of the litigation, the interests being represented by plaintiffs' counsel, the potential, if it exists, of suit being brought against the witness and the witness' right to seek independent legal advice, and that the witness should not disclose any attorney-client communication or confidential or privileged business information during the course of the interview.

*Huther,* at *17.

The *Summers v. Rockwell Internatl. Corp.*, S.D.Ohio Case No. C2-92-301, 1993 U.S. Dist. LEXIS 21173, at *6-7 (Apr. 9, 1993), court writes:

Rockwell has asked this Court to impose a "bright-line" test prohibiting all contact with former employees. At least one court appears to have adopted this approach. *Public Service Gas & Electric v. Associated Electric & Gas Insurance Services, Ltd.,* 745 F. Supp. 1037 (D.N.J. 1990). That Court held both that former employees were persons described by Model Rule 4.2, and that the difficulty of determining [*7] the extent to which statements by those former employees could form the basis of liability or otherwise be injurious to the litigation position of their former employer justified a prophylactic rule against any contact. The Court believed that the potential for harm to the former employer, coupled with the desirability of a clear rule preventing additional litigation over the issue of which former employees tell within the scope of the rule, outweighed the opposing party's potential benefit from being able to conduct informal interviews and eliminating the cost and expense of deposing all former employees.

The *Summers* Court also holds:

Based upon the foregoing, it is ordered that plaintiffs may, under the circumstances described in this order, conduct *ex parte* interviews with current or former Rockwell employees. In addition to using the form submitted to the Court, and publicizing their intent to interview former employees

in the manner approved by the Court, counsel are specifically directed to emphasize to each employee interviewed that no information learned by that employee as a result of communications with counsel for Rockwell should be disclosed, and to refrain both from asking questions concerning such communications or pursuing information if it appears that the source of such information is a communication with counsel. The plaintiffs are further cautioned that interviews which do not conform with the procedures set forth above may result in the imposition of sanctions, which could include preventing counsel from using the interviewee as a witness, from using any information provided by the interviewee [*14] at the trial of this case, or, in an extreme case, dismissal of some or all of plaintiffs' claims with prejudice.

*Summers*, at *13-14.

In *Valassis v. Samelson*, 143 F.R.D. 118, 121 (E.D.Mich.1992), fn. 4, the court writes:

One court, *Public Service Electric and Gas Co. v. Associated Electric & Gas Ins. Services, Ltd.*, 745 F. Supp. 1037 (D.N.J. 1990) ("*PSE&G*"), held that Rule 4.2 prohibited all contact with *any* former employee. This decision, however, was not only issued prior to the March 1991 ABA Formal Opinion, it has not been followed by other courts and was expressly criticized by two other decisions out of the New Jersey District Court, *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77 (D.N.J. 1991) and *Hanntz v. Shiley, Inc.*, 766 F. Supp. 258 (D.N.J. 1991).

The *Valassis* court also holds:

Ms. Baer may speak informally with the attorneys for Valassis and may aid them in reviewing the documents supplied by Samelson during discovery. As a former employee, she is no longer a party of Samelson [**25] and consequently does not fall under the rubric of Rule 4.2. However, Ms. Baer is proscribed from communicating to Valassis's attorneys any information that is protected by the attorney-client privilege. Similarly, Valassis's attorneys are forbidden from asking about this privileged information.

*Valassis*, 143 F.R.D. at 126.

**Cincinnati Bar Assn. v. Wiest, 148 Ohio St.3d 683, 2016-Ohio-8166, 72 N.E.3d 621**

The citation to *Cincinnati Bar Assn. v. Wiest*, 148 Ohio St.3d 683, 2016-Ohio-8166, 72 N.E.3d 621, ¶ 25-26, proves, as a matter of law, an attorney's obligation to preserve the attorney client privilege is one of his or her most fundamental obligations.

No facts are mis-represented, and all matters were properly investigated to best represent the Defendants' interests.

After the filing of the Franz Declaration, Plaintiffs still have taken no action to allow the Court to decide the issues without further harming Defendants. There is no reason why Plaintiffs should not have immediately offered to place the Franz Declaration, at a minimum, under seal,

especially since this matter should have been pro-actively addressed by allowing Defendants to file a motion for protective order to have the rights and remedies of the parties decided by the Court instead of by Plaintiffs.

Sincerely,

DINKLER LAW OFFICE, LLC

Lynnette Dinkler
lynnette@dinkler-law.com

LAW OFFICES OF JOHN A PODGURSKI

*John A. Podgurski*

John A. Podgurski
JP@johnpodgurski.com

LD:ds

cc:　　David Carey - dcarey@acluohio.org
　　　　Freda Levenson - flevenson@aclueohio.org
　　　　Malita Picasso - mpicasso@aclu.org
　　　　Rose Saxe - rsaxe@aclu.org
　　　　Aditi Fruitwala - afruitwala@aclu.org
　　　　Arijeet Sensharma - asensharma@aclu.org
　　　　Michael Meuti - mmeuti@beneschlaw.com
　　　　David M. Hopkins - dhopkins@beneschlaw.com

| | |
|---|---|
| **From:** | Tina Sabo |
| **To:** | "jpashbrook@ashbrookbk.com"; "jebyrne@ashbrookbk.com"; "nicholas.barry@aflegal.org" |
| **Cc:** | David Carey; "Freda Levenson"; Malita Picasso; "rsaxe@aclu.org"; "afruitwala@aclu.org"; "asensharma@aclu.org"; "mmeuti@beneschlaw.com"; "dhopkins@beneschlaw.com"; "jp.johnpodgurski.com"; Lynnette Dinkler |
| **Subject:** | John / Jane Doe No 1, et al vs. Bethel Local School District BOE, et al |
| **Date:** | Monday, March 20, 2023 10:29:03 PM |
| **Attachments:** | 2023-03-20 - rule 11 letter to counsel.pdf |

Please see attached.

Thank you.



Tina Sabo, Paralegal
tina@dinkler-law.com
Dinkler Law Office, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200
(866) 831-0904 (fax)
www.dinkler-law.com


IMPORTANT/CONFIDENTIAL:  This email transmission and any attached documents contain confidential, legally privileged information belonging to Dinkler Law Office, LLC.  The information is intended only for the use of the individual or entity to whom it is addressed and any other use, disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this communication in error, please notify our office immediately.  This document may not constitute a public record.