UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

| | | |
|---|---|---|
| **JOHN AND JANE DOE NO. 1, et al** | : | **CASE NO: 3:22-cv-00337** |
| **PLAINTIFFS** | : | **JUDGE MICHAEL J. NEWMAN** |
| vs. | : | |
| **BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al** | : | |
| **DEFENDANTS.** | : | |

**REPLY IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
MOTION FOR JUDGMENT ON THE PLEADINGS
FOR
DEFENDANTS BETHEL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION,
AND LYDDA MANSFIELD, LORI SEBASTIAN, NATALIE DONAHUE,
DANNY ELAM, JACOB KING AND MATTHEW CHRISPIN,
IN THEIR OFFICIAL CAPACITIES
INTRODUCTION**

## INTRODUCTION

Plaintiffs' faiths do not afford them any right to control accommodation for access to communal restroom for Anne Roe.  The School District adopts written policies prohibiting discrimination against sex and religion, and the School District Administration enforces those policies.  Plaintiffs concede their action springs from the School District Administration's *enforcement* of Title IX. Plaintiff's write: "The Defendants told the community that it was necessary to change the bathroom rule to *enforce* Title IX."  Plaintiffs' Memo Opp, Doc. 85, Page ID 1748.

Plaintiffs' objection to the Administration's enforcement of Title IX for Anne Roe neither legally empowers them compel accommodation requests to be decided by an Ohio public school board of education nor legally vests them with a right to be heard at a public meeting before

Administration acts upon a student's request for accommodation. The OMA does not vest Plaintiffs or anyone else with veto power over school accommodations or, separately, curriculum.

Both student Plaintiffs, who assert religious rights (not all do), and Anne Roe, who asserts Title IX and related health concern rights, are people falling into protected classes within the public school setting, albeit different classes which are not similarly situated for purposes of Plaintiffs' action. Student Plaintiffs assert no claims based upon their sex in their Complaint and there is no legal basis or a good faith extension of existing law for them to do so.

The School District continues to acknowledge all students are entitled to equal educational opportunities as protected classes under the school's nondiscrimination policy. While Plaintiffs protest otherwise, no student or parent is being favored or disfavored based upon protected class beliefs, and no law provides the basis for such limitless claim or an extension of such. Bethel Local Schools students and their guardians are entitled to their respective legally protected incompatible beliefs. That alone is all that exists here as the School District commands no one to do anything in violation of any such belief, contrary to the melodramatic criticisms waged in opposing the Motions to Dismiss. This action is an improper attempt to use the District to control others with whom they disagree. People will always and are free to disagree.

Plaintiffs do not contest that all students have access to communal restrooms and private single-occupancy restrooms. Absent from Plaintiffs' Complaint are actual factual allegations of discriminatory intent on the part of BOE Defendants, as there is none. Granting one student's request for accommodation cannot form the evidentiary basis or an inference of discriminatory intent on the part of the school administration as a matter of law.

Anne Roe's Title IX request for accommodation and the administration's granting of the accommodation does not give rise, as a matter of law, to an actionable federal or state civil rights claim, or a claim under the OMA, requiring the dismissal of Plaintiffs' Complaint in its entirety.[1]

## LEGAL ANALYSIS

### I.  Count One:  The Ohio Open Meetings Act Fails to State an Actionable Claim

Plaintiffs do not acknowledge the federal court pleading standard in addressing the OMA claim.  Plaintiffs' discussion of the plain meaning of the OMA is not relevant.  The parties disagree on how the Ohio Supreme Court's decision in *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2022-Ohio-4237, ¶ 10-11 applies here.  The decision squarely places the burden on Plaintiffs which means they need to plead all elements in their Complaint, which they did not.  Plaintiffs ignore *Hicks* legal mandate that a "presumption of regularity" related to burden of proof because to hold otherwise would create a presumption of irregularity. *Id.*, at ¶ 21-23.

The parties dispute, as a matter of law, whether the OMA is triggered by the administration's enforcement Board Policy 5517 Student Anti-Harassment.  Pleading a "change" is insufficient to trigger the OMA here.

Plaintiffs' citation to *State ex rel. Bratenahl v. Village of Bratenahl* does not support their position that a change is a rule for purposes of the OMA under the allegations at issue.  The decision states:

> [The OMA] also provides that "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." R.C. 121.22(H). Thus, the act ties the openness requirement to official action taken at the meeting. Not only must the meeting be open, but any official action (for example, the election of a president pro tempore) must take place in an open meeting. We read

---

[1] BOE Defendants incorporate by reference Roe Reply, Doc. 87, as if fully restated herein.

3

> this to mean that that portion of the meeting in which the formal action is taken—here, the vote—must be open.
>
> Further, when the text of a statute makes its purpose clear, and we must choose between two permissible readings of the statutory text, an interpretation that advances the purpose of the statute is to be preferred over one that would thwart that purpose. *See Griffin v. Oceanic Contrs., Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982); *see also* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 56-57 (2012). The text of the act makes clear its purpose: to require that public business be conducted in a manner that is accessible to the public.

*State ex rel. Bratenahl v. Village of Bratenahl*, 157 Ohio St.3d 309, 2019-Ohio-3233, 136 N.E.3d 447, ¶ 14-15. Plaintiffs cannot help but to admit it is the enforcement of Title IX at issue here, not official action being taken by the Board of Education. Plaintiffs concede their action springs from the School District Administration's *enforcement* of Title IX. Plaintiff's write: "The Defendants told the community that it was necessary to change the bathroom rule to *enforce* Title IX." Plaintiffs' Memo Opp, Doc. 85, Page ID 1748. The Board indeed passed its Title IX policy. The enforcement of it by the administration in response to the request for accommodation is not official or formal action within the Board's legal authority, as proven by Plaintiffs' citation to O.R.C. 3313.20(A) and 3313.47. While Plaintiffs want to control public meetings, claiming as they did at the oral argument on the preliminary injunction proceeding that they should be heard because the issue is important to them, and they should be heard on Anne Roe's request for accommodation in a public meeting (ignoring FERPA), asserting such demands does not translate into the creation of a legally owed right. The School District's communication through the FAQ[2] does not create

---

[2] The FAQ does communicate to the public how students' requests for accommodation will be handled by Administration. The use of "students" (Doc 20, Page Id 673) in response to the preliminary injunction one time, when the memorandum makes clear it is Anne Roe's request, only, that is being accommodated is an inaccurate reading of the memorandum and can be characterized as a drafting error at best. Even if read otherwise, it still does not trigger the OMA. It is noted that Roe is misspelled at various places in this brief as Row and should be Roe.

4

evidence of an OMA violation. It undercuts the validity of Plaintiffs' Complaint allegations that the School District hides from them. The OMA is not triggered here and the claim is not properly plead such that it should be dismissed with prejudice.

### II. Plaintiffs Lack Standing for All Their Federal and State[3] Claims Because No Plaintiff Suffered an Injury in Fact Traceable to BOE Defendant and Redressable by the Court

Plaintiffs' discussion of *Reynolds v. Talberg*, W.D.Mich. No. 1:18-cv-69, 2020 U.S. Dist. LEXIS 202418 (Oct. 30, 2020), which is heavily quoted by BOE Defendants to avoid confusion on what it holds, does not accurately reflect its salient points. As for claims such as the School District actively discriminating against Plaintiffs and the like, all such arguments, none of which are adequately plead in the Complaint, must be set aside for all reasons argued by Anne Roe in her reply which are incorporated here. Defendants are not withholding information from parents that they have a legal duty to provide and Plaintiffs have failed to plead legally cognizable harm.

The *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006), holds the Solomon Amendment (10 U.S.C.S. § 983) -- which required institutions of higher education to provide equal access for military recruiters as a condition of some federal funding—did not to violate objecting law schools' freedoms of speech and association under Federal Constitution's First Amendment. Plaintiffs cite to footnote two, which states:

> The complaint named numerous other plaintiffs as well. The District Court concluded that each plaintiff had standing to bring this suit. 291 F. Supp. 2d 269, 284-296 (NJ 2003). The Court of Appeals for the Third Circuit agreed with the District Court that FAIR had associational standing to bring this suit on behalf of its members. 390 F.3d 219, 228, n. 7 (2004). The Court of Appeals did not determine whether the other plaintiffs have standing because the presence of one

---

[3] Except Plaintiffs' OMA claim alleged as Count One.

5

party with standing is sufficient to satisfy Article III's case-or-controversy requirement. *Ibid.* (citing *Bowsher* v. *Synar,* 478 U.S. 714, 721, 106 S. Ct. 3181, 92 L. Ed. 2d 583 (1986)). Because we also agree that FAIR has standing, we similarly limit our discussion to FAIR.

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 52, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006), fn. 2. They also cite to an opinion reviewing standing in the context of a class action, *Mays v. LaRose*, 951 F.3d 775, 782 (6th Cir.2020). The *Mays* opinion, reviewing standing for the class, states:

> But because "we have at least one individual plaintiff who has demonstrated standing to assert these rights as his own[,] . . . we need not consider whether the other [**9] individual . . . [has] standing to maintain the suit." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264, 97 S. Ct. 555, 50 L. Ed. 2d 450 & n.9 (1977). So we proceed to the merits of Plaintiffs' claims.

*Mays v. LaRose*, 951 F.3d 775, 782 (6th Cir.2020). This is not a class action. No Plaintiff has standing and the law Plaintiff cites has no bearing on the standing issue.

Plaintiffs' claims are speculative for all reasons argued by BOE Defendants and Anne Roe. Plaintiffs' argument here on standing raises no new issues to allow them to survive the standing challenge, which is case dispositive in Defendants' favor.

### III. Plaintiffs Lack Standing for Their Protection of Pupil Rights Amendment Claim and it Fails on the Merits

The School District must comply with the PPRA but no private cause of action for alleged non-compliance vests as a matter of law in Plaintiffs. Even if it did, an actionable claim is not plead in the Complaint.

Plaintiffs largely ignore the legal authority supporting dismissal of the Protection of Pupil Rights Amendment Claim ("PPRA"). In opposing the dismissal, Plaintiffs ignore *Lexmark Int'l, Inc.* v. *Static Control Components, Inc.,* 572 U.S. 118, 125 (2014) which takes up the legal question of standing. Plaintiffs' reliance upon *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)

6

and *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (Plaintiffs' Memo Opp, Doc. 85, Page Id. - 1757-59) adds nothing to the issue to be decided, whether the PPRA creates a private right of action. Plaintiffs ignore 20 U.S.C. 1232h(e) – "Enforcement," instead attempting to cloud the issue with citation to various sections of 20 U.S.C. 1232h(c)-(d). Plaintiffs' Memo Opp, Doc. 85, Page Id. 1758. Plaintiffs' note that notice rights transfer to eighteen-year-old students from parents is of no legal consequence. *Id.* This does not state at eighteen years of age the student can file a lawsuit under the PPRA.

42 U.S.C. 1983 does not provide a cause of action to enforce every federal statute. If that were the case, then FERPA could be enforced under 42 U.S.C. 1983 and Plaintiffs now appear to concede FERPA is not legally enforceable under 42 U.S.C. 1983. Plaintiffs never address why this Court should reject applying *Lexmark Int'l, Inc.*, United States Supreme Court precedent decided *after Blessing* and *Gonzaga Univ. v. Doe*. See Motion to Dismiss, Doc. 79, Page Id 1661.

Plaintiffs' inconsistent arguments demonstrate why the PPRA claim fails and should be dismissed with prejudice. Plaintiffs call BOE Defendants' citation to is call BOE Defendants' citation to *C.N. v. Ridgewood Bd. of Edn.*, 146 F.Supp.2d 528, 535 (D.N.J.2001), fn. 7, odd. Plaintiffs' Memo Opp, Doc. 85, Page Id. 1759. Plaintiffs' now, sort of, acknowledge the *C.N.* Court holds the PPRA, like FERPA, provides no private cause of action. *Id.* Plaintiffs fail to address that *C.N.* is decided before *Lexmark Int'l, Inc.* Plaintiffs do not address *Ashby v. Isle of Wight Cty. School Bd.*, 354 F.Supp.2d 616, 623 (E.D.Va.2004), fn. 9. Motion to Dismiss, Doc. 79, Page Id. 1661, because they have no law to dispute it.

Plaintiffs acknowledge the *Ashcroft v. Iqbal* standard applies to their Complaint. Plaintiffs' Memo Opp, Doc. 85, Page Id. 1760. That standard goes unmet as no facts are plead to demonstrate

violations of the PPRA for the reasons argued in the Motion to Dismiss which Plaintiffs do not address and for the reasons argued in Roe's Reply. Motion to Dismiss, Doc. 79, Page Id. 1663; Roe Reply, Doc. 87, Page Id. 1827. In the complete absence of legal authority to establish standing and a claim on the merits, the PPRA should be dismissed with prejudice.

### IV. Plaintiffs Lack Standing for Their Federal Claims against the Individually Named Defendants in their Official Capacities Only and Fail to State Non-Equitable Claims Against Them

Briefing on this matter could have and should have been unnecessary. BOE Defendants cannot force Plaintiffs to communicate their intentions, which are indiscernible from the Complaint. The undersigned *engages in professionalism* by initiating conversation and following up in the absence of a response to save litigant and judicial resources, but Plaintiffs still complain. Plaintiffs' Memo Opp, Doc. 85, Page ID 1761, fn.6. Only in the absence of a response, after follow-up, do BOE Defendants move for relief (Doc. 63, Page ID 1446-1447), and in response Plaintiffs finally explain their unpled intentions. In moving for dismiss on the merits, BOE Defendants write:

> While all counts against all Defendants should be dismissed with prejudice, alternatively, any surviving claims may only be prosecuted against the Individual Defendants named in Official Capacity Only for prospective relief, here, injunctive and declaratory relief exclusively.

Doc. 79, Page Id. 1664. Plaintiffs' opposition states nothing new.

### CONCLUSION

For the foregoing reasons, Defendants Bethel Local School District Board of Education, and Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam, Jacob King and Matthew Chrispin, in their official capacities only, respectfully request all Plaintiffs lack standing to bring Counts Two (Title IX), Three (Parental Rights), Four (Equal Protection), Five (Free Exercise) and

Six (Protection of Pupil Rights Amendment) of the Complaint and Counts One through Six fail on the merits against all Defendants. BOE Defendants respectfully request an order dismissing the Complaint with prejudice.

s/ Lynnette Dinkler
Lynnette Dinkler (0065455)
lynnette@dinkler-law.com
DINKLER LAW OFFICE, LLC
174 Lookout Drive
Dayton, OH 45419
(937) 426-4200    (866) 831-0904 (fax)
*Attorney for Defendants Bethel Local Schools District Board of Education, and in their official capacities Lydda Mansfield, Lori Sebastian, Natalie Donahue, Danny Elam Jacob King and Matthew Chrispin*

s/ John A. Podgurski
John A. Podgurski (0020923)
JP@johnpodgurski.com
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
(440) 256-2990
*Attorney for Defendant Bethel Local School District Board of Education*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2023, I served the foregoing, via the Court's CM/ECF E-filing System which will send notification to the following:

Joseph P. Ashbrook
jpashbrook@ashbrookbk.com
Julie E. Byrne
jebyrne@ashbrookbk.com
Ashbrook Byrne Kresge, LLC
P.O Box 8248
Cincinnati, OH 45249
*Attorneys for Plaintiff*

Malita Picasso
mpicasso@aclu.org
Rose Saxe
rsaxe@aclu.org
Aditi Fruitwala
afruitwala@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
*Attorneys for Intervenor Defendant Anne Roe*

Nicholas Barry (pro hac vice)
Nicholas.barry@aflegal.org
America First Legal
611 Pennsylvania Ave, SE #231
Washington, DC 20003
*Attorneys for Plaintiffs*

David Carey
dcarey@acluohio.org
ACLU of Ohio Foundation
1108 City Park Ave., Suite 203
Columbus, OH 43206

Michael Meuti
mmeuti@beneschlaw.com
David M. Hopkins (0095285)
dhopkins@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
*Attorneys for Intervenor Defendant Anne Roe*

Freda Levenson
flevenson@aclueohio.org
ACLU of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
*Attorneys for Intervenor Defendant Anne Roe*

    s/ Lynnette Dinkler
    Lynnette Dinkler 0065455