UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN DOE AND JANE DOE NO. 1,
*et al.*,

    Plaintiffs,

vs.

BETHEL LOCAL SCHOOL
DISTRICT BOARD OF
EDUCATION, *et al.*,

    Defendants.

Case No. 3:22-cv-337

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING PLAINTIFFS' MOTION FOR SANCTIONS (Doc. No. 74); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court upon Plaintiffs' Fed. R. Civ. P. 11 motion for sanctions regarding Defendants' counsel Lynnette Dinkler and John A. Podgurski. Doc. No. 74. Defendants opposed (Doc. No. 86), and Plaintiffs replied (Doc. No. 91). Thus, this motion is ripe for review.

### I. Background

A complete discussion of the underlying facts from the Court's previous order is hereby incorporated by reference. *See* Doc. No. 94 at PageID 1999-2004.

Before the Court issued its order dismissing Plaintiffs' claims, Plaintiffs filed a motion for sanctions regarding Defendants' counsel. Doc. No. 74. The underlying facts surrounding this motion relate to Defendants' motion *in limine* (Doc. No. 48). In that motion, Defendants sought exclusion and removal of a declaration of Jessica Franz ("Franz") from the docket. Doc. No. 48 at PageID 1043. The Franz declaration was filed by Plaintiffs. *Id.*

Franz was elected to the Board of Education ("the Board") in November 2021 and served as a member from January 1, 2022 to September 12, 2022. *Id.* at PageID 1044. Franz submitted an affidavit to support Plaintiffs' request for injunctive relief. *See generally* Doc. Nos. 33-1; 33-2; 33-3. The affidavit recounts her experience on December 7, 2021, when the Board held a public meeting followed by a private executive session. Doc. No. 33-1 at PageID 767-68. Franz attended the executive session because her membership term was set to begin in January 2022. *Id.* at PageID 768. Franz testified that the executive session was "dominated by the gender identity issue." *Id.* She stated Defendant King and Justin Firks—then-superintendent of Bethel Schools—told Board members Podgurski advised that "Bethel had to allow restroom use in accordance with a student's gender identity." *Id.* Podgurski did not attend or otherwise participate in any of the discussions during the executive session. Franz left the session with the impression that the Board made its decision without public debate, discussion, or consultation. *Id.* at PageID 769-70.

Defendants asked the Court to exclude Franz's declaration from the record because they believe her disclosures violated attorney-client privilege, Ohio's executive session privilege, Ohio law regulating public officers' ethical obligations, and the Ohio Rules of Professional Conduct. Doc. No. 48 at PageID 1043. They argued the declaration disclosed privileged, confidential information from the executive session. *Id.* at PageID 1043-46.

To support their motion *in limine*, Defendants attached a declaration from Alvin E. Mathews ("Mathews"). *See generally* Doc. No. 48-3. Mathews is an Ohio-based attorney specializing in legal ethics and professional responsibility. *See id.* at PageID 1094. Defendants asked Mathews to determine "whether the lawyers representing the Plaintiffs violated the School Board's rights during its *ex parte* contact with former Board member, Ms. Franz, during which she provided attorney-client information to them." *Id.* (emphasis added). Mathews thought, in his

2

professional opinion, Franz shared information protected by the attorney-client privilege. *Id.* at PageID 1096. He also said that "[c]ounsel for Plaintiffs did not follow professional standards of conduct applicable to Ohio lawyers" by including Franz's declaration. *Id.* at PageID 1096-97.

Plaintiffs seek sanctions against Dinkler and Podgurski "for their submission of false or misleading declarations" related to the then-pending, but now moot, motion *in limine*. Doc. No. 74 at PageID 1563. Plaintiffs contend defense counsel filed a declaration that was not grounded in fact; was poorly reasoned; was made in bad faith; and was issued before conducting a reasonable inquiry into the basis for the facts underlying the declaration. Doc. No. 74-1 at PageID 1572–82

## II. Legal Standard

Under Rule 11, an attorney presenting a pleading, motion, or other paper to the Court certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(1)–(3).[1] "Rule 11(b)(3) . . . mandates that attorneys engage in a reasonable prefiling inquiry to ensure that a pleading or motion is 'well grounded in fact[.]'" *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023) (quoting *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)). "[A] court may sanction attorneys under Rule 11(b)(3) for factual assertions they know—or after reasonable investigation should have known—are false or wholly unsupported." *King*, 71 F.4th at 521.

## III. Analysis

The Court recognizes this litigation was contentious. This is exemplified in the parties' present dispute over whether Defendants' counsel should be sanctioned for relying on Mathews's

---

[1] Although Plaintiffs request sanctions under Rule 11 generally (see Doc. No. 74), the crux of their argument—that Defendants filed a declaration containing false or misleading information—falls under Rule 11(b)(3). Accordingly, the Court will focus its analysis on that specific section of Rule 11.

3

declaration. Counsels' goal in relying on Mathews's declaration was to obtain an Order striking Franz's declaration from the record—especially Franz's unilateral disclosure of confidential information she may have obtained during the Board's executive session on December 7, 2021. If Defendants' counsel had an objectively reasonable basis for relying on Mathews's declaration, then their reliance on it is not sanctionable under Rule 11. *INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987) ("The conduct of counsel that is the subject of sanctions will be measured by an objective standard of reasonableness under the circumstances"). Two points demonstrate Defendants' counsel had such an objectively reasonable basis. First, Plaintiffs' main assertion—that their witness, Franz, disclosed information from the executive session without running afoul of the attorney-client privilege or executive session confidentiality—is in doubt for reasons the Defendants cogently explain. *See* Doc. No. 60 at PageID 1315-22; *see, e.g., Myers v. City of Centerville*, No. 3:20-cv-402, 2023 WL 195427 at **2-3 (S.D. Ohio Jan. 17, 2023) (finding that information about a closed executive session was privileged and not discoverable). This, no doubt, provided Defendants' counsel with an objectively reasonable basis for attempting to strike Franz's declaration from the record. Second, Mathews's declaration contains his legal opinion that Plaintiffs' counsel ought not to have submitted Franz's declaration because it arguably contained privileged information. Reliance on Mathews's opinion, regardless of whether he was right or wrong, was not unreasonable given the uncertainty over whether Franz disclosed privileged or confidential information. *Merritt,* 613 F.3d at 626 ("The court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" (quoting *INVST Financial*, 815 F.2d at 401)).

4

## IV. Conclusion

Accordingly, Plaintiffs' Rule 11 motion (Doc. No. 74) is **DENIED**. This case is **TERMINATED ON THE DOCKET.**

**IT IS SO ORDERED.**

<u>February 29, 2024</u>                       <u>s/Michael J. Newman</u>
                                                                Hon. Michael J. Newman
                                                                United States District Judge